ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

JOHN P. CRONAN
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-422-PHX-SPL (BSB) |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' SUPPLEMENT IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL (DWT FIRM)** |
| Michael Lacey, et al., | |
| Defendants. | **[Supplement to CR 193]** |

The law firm of Davis Wright Tremaine ("DWT") has appeared in this case on behalf of two defendants: Michael Lacey and James Larkin. The United States has, in turn, moved to disqualify DWT based on conflicts of interest arising from DWT's previous representation of Carl Ferrer (CR 118). The United States recently filed a reply (CR 193) to Lacey and Larkin's response (CR 180). Exhibit A to the United States' reply is the

transcript of the May 23, 2018 hearing in *R.O. and K.M. v. Medalist Holdings, Inc., et al.*, No. 17-2-04897-1 (Wash. Super. Ct.). At the hearing, a Washington state judge disqualified DWT from representing Lacey and Larkin in *R.O.*, a Backpage-related civil case, based on DTW's prior representation of Ferrer. The court found DWT's continued participation would "create an injustice on the administration of justice" due to "intertwined" conflicts. CR 193-1 at 61:12-19. The United States files this Supplement to provide the Court with the *R.O.* court's written order of June 28, 2018, which "memorialize[s] and supplement[s]" the court's findings and conclusions from the May 23 hearing. Exhibit 1 at 3 and n.1 (June 28, 2018 Order, attached hereto).

Most pertinent to the United States' disqualification motion, the court granted DWT's request to withdraw as counsel for 12 of the 17 defendants in *R.O.* (the "Backpage.com Defendants," including Ferrer) *and* ordered DWT disqualified from representing the five remaining defendants (the "Medalist Defendants," including Lacey and Larkin). Exhibit 1 at 12. DWT had only sought to withdraw from representing the Backpage.com Defendants. Nevertheless, after reviewing *in camera* "supporting materials" submitted by DWT, the court "conclude[d] that continued representation of the Medalist Defendants by Davis Wright Tremaine is impermissible pursuant to the Rules of Professional Conduct," and disqualified DWT "from continuing to represent any parties in this litigation, including the Medalist Defendants." Exhibit 1 at 12-13.

The court made several findings in support of this ruling, including:

1. Ferrer had "effectively revoked his consent allowing defense counsel to jointly represent the multiple Defendants in this lawsuit because of material changes in circumstances arising, in part, out of the federal criminal proceedings implicating several of the Backpage.com and Medalist Defendants…." Exhibit 1 at 13.

2. "The federal criminal proceedings are substantially related to the facts and claims in this litigation." Exhibit 1 at 13.

3. "Defense counsel has jointly represented all defendants in numerous lawsuits across the country that are also substantially related to the facts and claims in this litigation

1. and the federal criminal proceedings. These past and current representations are relevantly interconnected such that defense counsel is familiar with both the Backpage.com Defendants' and Medalist Defendants' pattern of conduct as it relates to the claims in this litigation." Exhibit 1 at 13.

4. "[T]he Court concludes that there is a high possibility that Davis Wright Tremaine, Davis Wright Tremaine's attorneys, Eric Stahl, and James Grant will encounter an impermissible conflict of interest jeopardizing the effective administration of justice if they continue to represent the Medalist Defendants in this litigation." Exhibit 1 at 13-14.

5. "The Court further concludes that the Backpage.com Defendants' interest to preserve the confidences previously disclosed to [DWT] combined with the high possibility that [DWT] will encounter conflict if allowed to continue representing the Medalist Defendants, outweighs the Medalist Defendants' interest in maintaining defense counsel as their attorneys in this litigation." Exhibit 1 at 14.

The court also imposed continuing obligations on DWT to preserve "two terabytes of data" pertaining to Backpage that DWT apparently continues to retain in its possession, notwithstanding its withdrawal from representing Ferrer and Backpage.com, LLC in *R.O.* and multiple other cases throughout the country. Exhibit 1 at 6-7.

Moreover, the court granted plaintiffs' motion for sanctions "as to all defendants" and found, *inter alia*, that the defendants had "knowingly undertaken a pattern of misconduct over several years to deny claims asserted by Plaintiffs and similarly situated plaintiffs in the *J.S.* litigation, which Defendant Ferrer's plea agreement confirms were true." Exhibit 1 at 7, 9-10. The court "jointly sanctioned" the defendants "in the amount of $200,000.00 ($100,000.00 per Plaintiff)," and awarded plaintiffs' "reasonable attorney's fees and costs that were necessitated by defendants' misconduct." Exhibit 1 at 11.

1 | Respectfully submitted this 2nd day of July, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s Kevin Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

JOHN P. CRONAN
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Anne Chapman, Erin McCampbell, James Grant, Lee Stein, Paul Cambria, Robert Corn-Revere, Ronald London, Janey Henze Cook, John Littrell, Kenneth Miller, Thomas Bienart, Jr., Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, David Wakukawa, Michael Piccarreta, Stephen Weiss.

*s/Zachry Stoebe*
U.S. Attorney's Office