# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CR-18-0422-PHX-SPL |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | November 16, 2018 |
| Michael Lacey, | ) | 9:06 a.m. |
| James Larkin, | ) | |
| Scott Spear, | ) | |
| John Brunst, | ) | |
| Andrew Padilla, | ) | |
| Joye Vaught, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  THE HONORABLE STEVEN P. LOGAN, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTIONS HEARING

Official Court Reporter:
Elva Cruz-Lauer, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 33
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1    inquire, Your Honor.
 2              THE COURT:  I don't have any questions for the
 3    government on that either.
 4              This is actually a perfect time to take our morning
 5    recess.  Court will be in recess until 10:35.
 6              (Recess taken at 10:18 a.m.; resumed at 10:37 a.m.)
 7              THE COURT:  This Court will come to order.  All
 8    parties present when the court last closed are present again.
 9              The last thing I want to take up is Document Number
10    376.  I know we have the arguments that have already been
11    presented in the earlier 360; however, I will give the defense
12    an opportunity.
13              376 is the Defendants' Emergency Motion to Stay
14    Seizure of Attorneys' Fees, and that's Defendant Michael Lacey,
15    James Larkin, John Brunst, Scott Spears.  Emergency Motion to
16    Stay Seizure of Attorneys' Fees and Request for an Immediate
17    Hearing.  The supplemental brief is Document Number 377.
18              And Mr. Kucera, I am treating the government's
19    response as Document Number 371, since 371 was filed in the 360
20    original emergency motion to stay the seizure.  Is that what
21    you would like?
22              MR. KUCERA:  Notwithstanding the fact that these other
23    documents were filed after the response --
24              THE COURT:  Correct.
25              MR. KUCERA:  -- yes, Your Honor.
```

UNITED STATES DISTRICT COURT

1          THE COURT:  I mean, would your response be pretty much

2    the same?  It's the same issue.

3          MR. KUCERA:  Certainly along those same lines, yes,

4    Your Honor.

5          THE COURT:  Okay.  Well, I will allow you an

6    opportunity to present on the record any additional information

7    you would like to as it relates to Docket Number 376, after I

8    hear from the defense.

9          MR. KUCERA:  Thank you, Your Honor.

10         THE COURT:  You're welcome.

11         Is there anyone from the defense that wishes to place

12    anything else on the record as it relates to Document Number

13    376?

14         MR. GRANT:  Briefly, Your Honor.  376 is the motion as

15    to Mr. Larkin, Lacey, Brunst, and Spear.

16         THE COURT:  For the record, Mr. Grant.  I just wanted

17    to make sure I had your name.

18         MR. GRANT:  I'm sorry, Your Honor.  I forgot.

19         THE COURT:  Go ahead.

20         MR. GRANT:  It raises very similar issues, the same

21    impropriety of the government's seizure in the first instance.

22    The basic proposition here that -- we are not here to talk

23    about *Monsanto* issues until we first establish whether the

24    government's seizures in the first instance were permissible.

25    You don't begin to talk about Monsanto until we find out if

1    they are legal in the first instance.

2            And I want to point out one other -- and that is not

3    the case here because the government couldn't effect the

4    seizures under the First Amendment.

5            I wanted to point out one other thing as well, that

6    the nature of the request here, of course, is we are asking the

7    Court to permit us to proceed with the stay and be able to

8    brief further and argue further about the government's

9    seizures.

10           And the issue is not so much looking at the exact

11   warrants that have been issued by the Central District of

12   California, it would simply be -- tell the government at this

13   stage, we are going to maintain the status quo, there will be

14   no seizures of attorney trust accounts going forward, in order

15   to be able to address that issue.  Without having to, you know,

16   parse through the warrants in the Central District of

17   California.

18           THE COURT:  Thank you very much.

19           Anyone else?

20           Mr. Kucera?

21           MR. KUCERA:  Yes, Your Honor, just briefly.

22           Defense counsel cites to Monsanto and points out just

23   essentially generally to several pages of Monsanto, that

24   Monsanto stands for the proposition that the government must

25   first establish the legality of its seizure prior to having

1    Monsanto hearing.

2           This isn't really found anywhere specifically.  There

3    is certainly no holding to that.  But the government takes the

4    point that there has to be some sort of legal mechanism by

5    which the government takes hold of this property.  The

6    government submits that that's exactly what it did by going out

7    and obtaining the seizure warrants based on probable cause from

8    a federal magistrate.

9           This isn't a function of like a PC arrest or a PC

10   seizure by an agent just at the discretion of the agent and

11   then having a decision made by a court after the fact.

12          The government went through the procedure that it

13   always goes through when it obtains a seizure warrant and does

14   have lawful possession of the asset pursuant to a seizure

15   warrant, or would have but for the stay.

16          THE COURT:  Thank you very much.

17          This is an oral decision.

18          After consideration of Defendant Andrew Padilla, Joye

19   Vaught's Emergency Motion to Stay Seizure of Attorneys' Fees

20   and Request for Immediate Hearing, which is Document Number

21   360, the government's response, which is Document Number 371,

22   the Defendants' Joint Reply, which is Docket Number 382, the

23   joinders and supplements, which are Docket Numbers 363, 365,

24   363, and 370, this Court's also taken into consideration the

25   arguments presented by counsel, and I rule as follows:

1          As it relates to Docket Number 360, this Court

2     declines to exercise jurisdiction over the seizure warrants at

3     issue in the emergency warrant -- I'm sorry, the emergency

4     motion.

5          It is well settled that a court should rarely

6     interfere with the order of another Court as any such

7     interference usurps the power of the rendering court.

8          Although courts have held that justice may

9     occasionally demand this type of interference, the

10    identification of those rare situations is committed to the

11    sound discretion of the District Court.

12         See *Ord versus United States* and also *Treadway versus*

13    *Academy of Motion Picture Arts and Sciences.*

14         Furthermore, the Ninth Circuit Court of Appeals has

15    held that considerations of comity and orderly administration

16    of justice demand that the nonrendering court should decline

17    jurisdiction of an action and remand the parties for their

18    relief to the rendering court.

19         See *Delson Group Incorporated versus GSM Association,*

20    which is also a Ninth Circuit case.

21         Through the emergency motion, the defendants are

22    seeking an order from this Court to interfere with two criminal

23    seizure warrants that were issued upon findings of probable

24    cause by a magistrate judge in the Central District of

25    California.

1          This Court finds that the defendants have not set

2     forth any persuasive reasons as to why this Court should

3     interfere with the Central District of California's issuance of

4     the search warrants, and this Court finds that the defendants

5     have a sufficient legal remedy for any challenges to the

6     seizure warrants issued by the Central District of California

7     in that district.

8          Accordingly, the relief requested in the Defendants'

9     Emergency Motion to Stay Seizure of Attorneys' Fees and Request

10    for Immediate Hearing, which is Document Number 360, is denied.

11         The temporary stay imposed by this Court's order,

12    which is Document Number 361, is lifted and the government may

13    move forward with execution of the seizure warrants at issue if

14    so ordered.

15         As it relates to Docket Number 365, again, I have

16    carefully considered the pleadings, which are the Emergency

17    Motion to Stay the Seizure of Attorneys' Fees, which is

18    Document Number 365.  The government's response, which is

19    Document Number 371.  Counsel's reply to the response, which is

20    document -- I'm sorry, Docket Number 379, and the arguments of

21    counsel.

22         Again, this Court declines to exercise jurisdiction

23    over the seizure warrants at issue in this emergency warrant,

24    as already stated before, but since this is a different order

25    because there was a different filing under Document Number 365,

1    it's well settled that a court should rarely interfere with the

2    order of another court, as any such interference usurps the

3    power of the rendering court.

4         Although courts have held that justice may

5    occasionally demand this type of interference, the

6    identification of those rare situations is committed to the

7    sound discretion of the District Court.

8         See *Ord versus United States* or *Treadway versus the*

9    *The Academy of Motion Picture and Arts and Sciences,* both Ninth

10   Circuit cases.

11        Furthermore, the Ninth Circuit Court of Appeals has

12   held that considerations of comity and orderly administration

13   of justice demand that the nonrendering court should decline

14   jurisdiction of an action and remand the parties for their

15   relief to the rendering court.

16        See *Delson Group Incorporated versus GSM,* which is a

17   Ninth Circuit 2014 case.

18        Through the emergency motion, counsel seeks an order

19   from this court to interfere with one criminal seizure warrant

20   that was issued upon a finding of probable cause by a

21   magistrate judge in the Central District of California.

22        The movant has not set forth any persuasive reasons as

23   to why this Court should interfere with the Central District of

24   California's issuance of the seizure warrant, and this Court

25   finds that the movant has sufficient legal remedy for any

1    challenges to the seizure warrant issued by the Central

2    District of California in that district.

3              Accordingly, counsel's Emergency Motion to Stay

4    Seizure of Attorneys' Fees, which is Docket Number 365, is

5    denied.

6              The temporary stay imposed by this Court's order,

7    Docket Number 369, is lifted and the government may move

8    forward with executing the seizure warrants at issue if so

9    ordered.

10             And last, as it relates to Docket Number 376, this is

11   the Court's oral decision, after consideration of defendant

12   Michael Lacey, James Larkin, John Brunst, and Scott Spears'

13   Emergency Motion to Stay Seizure of Attorneys' Fees and Request

14   for Immediate Hearing, which is Document Number 376, the

15   supplemental brief, which is Document Number 377, and the

16   government's response, which is nearly identical to the

17   response 371, in the docket filing 360, this Court declines to

18   exercise jurisdiction over the seizure warrants at issue in the

19   emergency motion.

20             It is well settled that the court should rarely

21   interfere with the order of another court as any such

22   interference usurps the power of the rendering court.  Although

23   courts have held that justice may occasionally demand this type

24   of interference, the identification of those rare situations is

25   committed to the sound discretion of the District Court.

UNITED STATES DISTRICT COURT

1    See *Ord versus United States*, or *Treadway versus The*
2  *Academy of Motion Picture, Arts and Sciences,* both Ninth
3  Circuit cases.
4    Furthermore, the Ninth Circuit Court of Appeals has
5  held that considerations of comity and orderly administration
6  of justice demand that the nonrendering court should decline
7  jurisdiction of an action and remand parties for their relief
8  to the rendering court.
9    See *Delson Group Incorporated versus GSM,* which is a
10  Ninth Circuit 2014 case.
11    Through the emergency motion the defendants are
12  seeking an order from this Court to interfere with nine
13  criminal seizure warrants that were issued upon a finding of
14  probable cause by a magistrate judge in the Central District of
15  California.
16    The defendants have not set forth any persuasive
17  reasons as to why the Court should interfere with the Central
18  District of California's issuance of the seizure warrants, and
19  the Court finds that the defendants have sufficient legal
20  remedy for any challenges to the seizure warrants issued by the
21  Central District of California in that district.
22    Accordingly, the Defendants' Emergency Motion to Stay
23  Seizure of Attorneys' Fees and Request for Immediate Hearing,
24  which is Document Number 376, is denied.  The temporary stay
25  imposed by this Court's order, which was Document Number 384,

1    is lifted and the government may move forward with the

2    execution of the seizure warrants at issue, if so ordered.

3              The hearing is adjourned.

4              MR. PICCARRETA:  Judge, may I say one thing?

5              THE COURT:  I'm sorry?

6              MR. PICCARRETA:  May I say one thing?

7              THE COURT:  Sure.  Go ahead.

8              MR. PICCARRETA:  I would ask the Court to continue

9    this stay --

10             THE COURT:  Can you speak into the microphone and tell

11   me who you are?

12             MR. PICCARRETA:  Mike Piccarreta.

13             Judge, we would ask the Court to stay these orders for

14   seven days to allow us time to consider bringing motions in the

15   Central District.

16             THE COURT:  Your request is denied.

17             The hearing is adjourned.

18             MS. BERNSTEIN:  Your Honor, may I address 377?  I

19   didn't have an opportunity to do that.  That was Mr. Larkin's

20   supplemental brief.

21             THE COURT:  I specifically asked you if there was any

22   defense counsel that wished to address that issue.

23             MS. BERNSTEIN:  I understood that to be about 376.  I

24   apologize.

25             THE COURT:  Go ahead.

UNITED STATES DISTRICT COURT

1      MS. BERNSTEIN:  Thank you, Your Honor.

2      Especially in light of the Court's ruling just now,

3  we -- I do want to just highlight the issues that were raised

4  by Mr. Larkin in Document Number 377.

5      He is in an untenable position that the government has

6  seized nearly all of his assets through Central District of

7  California seizure warrants, which we did challenge.  We raised

8  and briefed the serious Franks issues that were present there.

9  The government never responded to that on the merits.  Instead

10  said they could file a civil complaint.  Filed a civil

11  complaint.  They sought the stay and obtained a stay.  Now, the

12  government has obtained the seizure of funds, of all other

13  funds that were earmarked for Mr. Larkin's defense.

14      And additionally has put Mr. Larkin on notice that

15  should he spend other money that he has from newspaper print

16  proceeds, the government views that as somehow criminal,

17  subjecting him to possible further charges, as well as further

18  bond revocation.

19      Mr. Larkin owned a newspaper empire with the Phoenix

20  New Times, SF Weekly, LA Weekly, Village Voice, Denver

21  Westword, Dallas Observer, Miami New Times, many print

22  newspapers.  He had a history of running those.  He -- they

23  made millions of dollars.

24      They were sold and he continues to generate income

25  from the sale of the newspaper.  That is not Backpage money.

1    The government has -- and has not seized that money, but the

2    government has told Mr. Larkin that it will move to indict if

3    he does spend that money.  So he is in an untenable position

4    that he can't use money that was earmarked for his defense as

5    it was just restrained and seized, and he can't spend newspaper

6    print proceeds without any repercussions.

7           And so we are seeking clarity as to what money

8    Mr. Larkin, if he is able to use those newspaper print proceeds

9    to fund his legal defense and his life.

10          THE COURT:  Mr. Kucera, do you wish to respond to

11   that -- or Mr. Rapp?

12          MR. RAPP:  Well, first, this motion came in quite

13   late, and our response to the previous dockets doesn't really

14   address this.  We haven't had a chance to respond.  But in a

15   word, I don't know what she is talking about.

16          THE COURT:  I just asked co-counsel minutes ago if

17   there was some additional information that the government

18   wanted to place on the record and he had that opportunity.  I

19   don't know why -- what's your name again, ma'am?

20          MS. BERNSTEIN:  Whitney Bernstein.

21          THE COURT:  I don't know how you didn't understand

22   when I asked the question about the emergency motion, Document

23   Number 376, when I pointed to defense counsel if anyone had

24   anything to place on the record.  I don't know how you didn't

25   understand my question.

1          But Mr. Rapp, your co-counsel indicated that 371,

2    the -- when I asked the question, should it serve as the

3    response, he did say they had some additional information -- I

4    don't recall what you said exactly, Mr. Kucera, but I provided

5    the government with an opportunity to flush out the issue.

6          So go ahead.

7          MR. RAPP:  Well, I think there's some confusion.  You

8    were talking about 371.  This is 377.  This came in --

9          THE COURT:  No, there's no confusion.  My question

10   was, the issues raised in Docket Number 376 were similar to the

11   issues raised in 360.  I asked your co-counsel if he wanted to

12   use 371 to serve as a response.

13          Is that what I asked you, Mr. Kucera?

14          MR. KUCERA:  Yes, Your Honor.

15          THE COURT:  So where's the confusion?

16          MR. RAPP:  This is 377, not 376.  Maybe I could just

17   cut to the chase.

18          THE COURT:  Did you hear what I just told you?

19          MR. RAPP:  I --

20          THE COURT:  We are here to address document number --

21   Docket Number 376.  I understand 377 -- is her supplemental

22   brief, which is 377.  That's why I asked Mr. Kucera that exact

23   question, because I didn't receive a response from the

24   government.

25          MR. KUCERA:  Can we have a moment, Your Honor?

1          THE COURT:  Of course.

2      (Discussion between government counsel held off the

3  record.)

4          MR. RAPP:  Judge, if the Court has any questions about

5  this motion, we are happy to respond to them.

6          THE COURT:  Go ahead.  Is there anything from you?

7          MS. BERNSTEIN:  We are seeking the government's

8  position that if Mr. Larkin accesses, utilizes money that is

9  newspaper print proceeds for his legal defense or his life, we

10  have been put on notice from the government that they would

11  find that to be criminal.

12          THE COURT:  Okay.  Is this relief that you are

13  requesting outside of what we were here for today?

14          MS. BERNSTEIN:  No, Your Honor.  I think it implicates

15  many of the same issues, it's just now, especially in light of

16  the fact that the money earmarked for the defense has been

17  restrained, Mr. Larkin -- we need some clarity as to whether he

18  can spend money that is not restrained and not related to

19  Backpage without incurring additional criminal charges.

20          THE COURT:  Is the government prepared to respond to

21  that?

22          MR. KUCERA:  The government is not prepared to respond

23  to it and I cannot imagine any situation where the government

24  ever would respond to the possibility of prospective action and

25  take a position on whether or not that action is subject to

1    indictment.

2         THE COURT:  Is there anything else you would like to

3    place on the record?

4         MS. BERNSTEIN:  Would the Court entertain an

5    evidentiary hearing upon further briefing at a later date as to

6    this issue?

7         THE COURT:  No.  This Court has ruled on the matters

8    that were pending, which is Docket Number 360, Docket Number

9    365, and Docket Number 376.  My ruling is on the record and the

10   hearing is adjourned.

11        MS. BERNSTEIN:  Thank you, Your Honor.

12            (Proceedings conclude at 10:58 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

1          **C E R T I F I C A T E**

2

3              I, ELVA CRUZ-LAUER, do hereby certify that I am duly

4     appointed and qualified to act as Official Court Reporter for

5     the United States District Court for the District of Arizona.

6              I FURTHER CERTIFY that the foregoing pages constitute

7     a full, true, and accurate transcript of all of that portion of

8     the proceedings contained herein, had in the above-entitled

9     cause on the date specified therein, and that said transcript

10    was prepared under my direction and control.

11             DATED at Phoenix, Arizona, this 17th day of November,

12    2018.

13

14                                          s/Elva Cruz-Lauer
                                     Elva Cruz-Lauer, RMR, CRR
15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**