Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>    vs.<br><br>Michael Lacey, *et al.*,<br><br>            Defendants. | CASE NO. 2:18-cr-00422-SMR<br><br>**DEFENDANT JOHN BRUNST'S MOTION TO COMPEL GOVERNMENT COMPLIANCE WITH COURT'S APRIL 22, 2019 ORDER TO PRODUCE JENCKS ACT MATERIAL FOR WITNESS CARL FERRER; [PROPOSED] ORDER**<br><br>[Expedited Consideration Requested]<br><br>Assigned to Hon. Susan M. Brnovich, Courtroom 506 |

3588936.2                                                                                           Case No. 2:18-cr-00422-004-SMR

DEFENDANT JOHN BRUNST'S MOTION TO COMPEL GOVERNMENT COMPLIANCE WITH COURT'S
APRIL 22, 2019 ORDER TO PRODUCE JENCKS ACT MATERIAL FOR WITNESS CARL FERRER

**NOTICE OF MOTION**

Defendant John Brunst, by and through his counsel of record, and pursuant to Mr. Brunst's constitutional rights to a fair trial and due process, this Court's scheduling orders, and this Court's inherent ability to manage and control its own calendar, hereby moves the Court to immediately compel the government to comply with this Court's April 22, 2019 Order which mandated production of Jencks Act material for witness Carl Ferrer by no later than June 25, 2019 (Docket #535). That Order, issued over Mr. Brunst's objection, already allowed the government to significantly delay the production of this material beyond the Court's original December 2018 deadline.

The government has nonetheless unilaterally decided to violate the April 22, 2019 Order without warning or justification, and thereby is prejudicing not only Mr. Brunst's and his counsel's ability to prepare for trial, but also their ability to comply with this Court's scheduling orders. Carl Ferrer is expected to be the government's main cooperating witness against Mr. Brunst and others. Immediate production of his Jencks Act material, as ordered by the Court, is imperative for Mr. Brunst to receive a fair trial and due process.

Expedited consideration of this Motion is requested due to looming scheduling deadlines which otherwise apply in this case, the currently scheduled trial date, and the ongoing prejudice to Mr. Brunst that results from the government's continued withholding of this most critical evidence.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all of the pleadings, papers, and records of this action, all matters upon which judicial notice may be taken, and any arguments that may be presented at any hearing on this Motion.

//
//
//

It is not expected that excludable delay pursuant to 18 U.S.C. section 3161(h) will occur as a result of this motion or from an order based thereon.

DATED: June 27, 2019

Ariel A. Neuman
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____/s/ Ariel A. Neuman_____
       Ariel A. Neuman
       Attorneys for Defendant John Brunst

## I. INTRODUCTION

Defendant John Brunst, by and through his counsel of record, hereby moves the Court to compel the government to comply with the Court's April 22, 2019 Order to produce Jencks Act material for witness Carl Ferrer (Docket #535). The Court ordered the government to produce that material by no later than June 25, 2019. Yet the government unilaterally decided to ignore the Court's order and not produce the most relevant Jencks Act material in its possession, apparently because it believes but does not have evidence that two *other defendants* – not Mr. Brunst – violated an unrelated court order. The government's accusations against those defendants are unsubstantiated, and the government's only rationale for violating the Court's Order as to Mr. Brunst is a claim which is not supported by the very document to which the government cites and in any event is inapposite.

The government's unilateral decision not to produce the Jencks Act material for its main cooperator – the former CEO of Backpage.com, Carl Ferrer – is unjustified and only serves to further delay the progress of Mr. Brunst's ability to prepare his defense. The government has repeatedly ignored the Court's discovery deadlines in this case, producing discovery many months after its December 2018 Rule 16 deadline, if at all; as the government recently acknowledged to the Court, it continues to hold in its possession material which it has not yet produced to the defense.[1] The government's latest discovery violation is among the most flagrant and is part of an improper effort to impose collective punishment on all of the defendants – including Mr. Brunst and his counsel – for unrelated purported transgressions by others (for which there is no evidence).

---

[1] While the government repeatedly accuses defendants of seeking to delay this case, the government's continued discovery delays in violation of court orders – coupled with its unconstitutional asset seizures – is the primary source of the challenges defendants are having in meeting the original deadlines set by the Court.

## II. BACKGROUND

The government was originally required to produce all Jencks Act material and witness impeachment material by no later than February 25, 2019. Docket #131. It did not produce that material for Carl Ferrer; counsel is not aware of any order which permitted delay at the time. On April 22, 2019, the Court – over defendants' objection – granted the government's *in camera* motion to defer disclosure of Carl Ferrer's Jencks Act statements. Docket #535. The Court set a deadline for disclosure of June 25, 2019. *Id.*

In its May 31, 2019 Status Report, the government indicated its intent to comply with the June 25, 2019 deadline. Docket #626 at p. 4, n. 4.

On June 21, 2019, an AUSA assigned to this matter sent an email to certain counsel accusing them or their clients of violating a prior order to destroy inadvertently disclosed material (Docket #449). *See* Docket #658, Exhibit D. The AUSA did *not* include Mr. Brunst's counsel on that email, and subsequent filings and correspondence (discussed below) confirm that the government does not believe Mr. Brunst or his counsel violated any court order. *Id.* It appears that the relevant counsel quickly responded to the government's accusations. *Id.*

Three days later, on June 24, 2019, the Court held a Status Conference in this matter. While the transcript is not yet available, undersigned counsel was present and recalls that during the course of the proceedings, government counsel confirmed that Jencks Act material would be produced the following day – June 25, 2019 – as previously ordered by the Court. Not once during the hour-long hearing, which focused almost entirely on discovery-related issues, did the government suggest that it was planning to unilaterally flout the Court's discovery order regarding the Ferrer Jencks Act material the following day—even as the Court confirmed upcoming deadlines as to which the Ferrer Jencks materials are relevant.

Nonetheless, after 5:00 p.m. the next day, on June 25, 2019, the government served an under seal Motion for Sanctions in which it claims that certain other

1  defendants – not Mr. Brunst – violated the prior order to destroy inadvertently
2  disclosed material.  Docket #658.  The government's Motion for Sanctions advances
3  baseless claims that two defendants violated the prior order, but nonetheless seeks to
4  impose collective punishment on *all* defendants and *all* their counsel.  That
5  punishment – all of which is unrelated to the prior order which was supposedly
6  violated – includes the deferral of production of further Jencks Act material until
7  one month before trial.  The government gives no excuse for not raising this issue
8  when all parties were before the Court just one day prior.  It also does not
9  acknowledge that the government has unilaterally decided to violate the Court's
10 April 22, 2019 Order regarding the Ferrer Jencks Act material.  In the Motion for
11 Sanctions itself, the government offers nothing but speculation about those whom it
12 accuses, and no basis whatsoever for the requested relief, which is entirely divorced
13 from the alleged misconduct.  It says nothing about Mr. Brunst or his counsel.

      Upon receiving the Motion for Sanctions, counsel for Mr. Brunst immediately sent an email to government counsel asking whether the Ferrer Jencks Act material would be produced as ordered.  Exhibit A at 2.  The following afternoon, government counsel responded and confirmed that the government had unilaterally decided to ignore the Court's April 22, 2019 Order and not produce the material to *any* defendant.[2]  *Id* at 1.  It thus became clear that while, of course, the Court has not yet ruled on the Motion for Sanctions, but the government nonetheless decided on

---

[2]  Although the government's Motion for Sanction only accuses certain defendants of violating the unrelated prior order, both the Motion and the AUSA's email refer when convenient to "the Backpage Defendants' apparent violation of a court order." The government continues to seek to lump together all defendants even while it acknowledges that it "do[es] not have any evidence that Mr. Brunst disclosed the subject discovery in violation of the order" (much less that his counsel did so) and has never even made such an accusation.

its own to impose its requested punishment, violate the Court's Order, and withhold the Jencks Act material ordered produced by the Court.

### III. ARGUMENT

Mr. Brunst now moves the Court to compel the government to comply with the Court's April 22, 2019 Order, and immediately produce all Jencks Act material for Carl Ferrer to counsel for Mr. Brunst. This Court should not countenance the government's unilateral flouting of its Orders.

Further, there was no basis for the government to violate the Court's order. The government's baseless accusations do not justify its unilateral fashioning and imposition of a completely unrelated punishment. As discussed above, the government does not allege that Mr. Brunst or his counsel has done anything wrong in relation to Court orders. It did not accuse Mr. Brunst or his counsel of violating the prior order in either its email to other counsel – on which it did not include Mr. Brunst's counsel – or in its Motion for Sanctions. In the AUSA's recent email confirming the government's violation of the Court's April 22, 2019 Order, he acknowledged that the government "do[es] not have any evidence that Mr. Brunst" violated any court order and he makes no allegations about Mr. Brunst's counsel. Exhibit A at 1.

Nonetheless, the government has decided – without warning or discussion – to deny Mr. Brunst and his counsel the discovery ordered by the Court. Despite the presence of all counsel at the June 24 Status Conference, the government chose not to bring anything to the Court's attention at that time so that counsel could respond. Nor did it acknowledge in its Motion for Sanctions – which asks for collective punishment against all defendants and their counsel for the purported (but unsupported) transgressions of two – that it was flouting the Court's April 22, 2019 Order. It was only after counsel specifically inquired that the AUSA confirmed the government's violation.

The Court's April 22, 2019 Order could not be clearer. The government was ordered to produce the Ferrer Jencks Act material by June 25, 2019. The government acknowledged both in writing and at the Status Conference that it was aware of this deadline, and represented that it intended to comply with it. Yet one day after the Status Conference, it filed its motion for collective punishment and chose to violate the Court's Order.

The government's only excuse for not producing the ordered material to Mr. Brunst is its belief that Mr. Brunst may be party to a joint defense agreement with other defendants. *See* Motion for Sanctions at 12, n. 6; Exhibit A at 1. That is no excuse at all. First, the document the government cites to in order to support its assertion (Docket #180 at 6) does not refer to Mr. Brunst; the relevant discussion relates to defendants Lacey and Larkin and witness Ferrer.[3] Mr. Brunst was not a party to the agreements discussed therein. Second, even if Mr. Brunst has chosen to work within a joint defense arrangement, that is entirely proper and is no basis for the government to violate a Court order. It also is not a basis to withhold discovery from Mr. Brunst and his counsel to which they are entitled.

As discussed during the Status Conference, the Ferrer Jencks Act material is among the key material that Mr. Brunst and his counsel need to prepare his defense. It is anticipated that his testimony will be central to the government's case-in-chief. The continued delay of that production impairs Mr. Brunst's and his counsel's ability to comply with the Court's scheduling order, including its current deadline for substantive motions. Moreover, Mr. Ferrer's statements will be key to understanding certain discovery that the government considers particularly incriminating. The government has identified certain documents as "hot" which, on

---

[3] Once again, as counsel raised during the June 24, 2019 Status Conference and as noted in Footnote 2 *supra*, the government inappropriately attempts to place all of the defendants in this case into a single bucket. Mr. Brunst is not his co-defendants and must be treated as an individual.

their face seem innocuous; presumably they become incriminating if paired with Ferrer's testimony. Indeed, it is counsel's understanding that the lead AUSA has stated that Ferrer's statements about these documents are critical to understand why they are "hot." But of course, if counsel does not know what that testimony will be, counsel cannot prepare the defense in this matter. The government's offered substitute to review with counsel certain other material it has produced ("emails and agendas") (Exhibit A at 1) is no substitute at all; it is Ferrer's Jencks Act material that must be produced in accordance with the Court's Order and is critical to prepare Mr. Brunst's defense.[4]

The government's efforts to impair Mr. Brunst's and his counsel's ability to prepare this matter for trial because of alleged transgressions by other defendants is entirely inappropriate.[5] The fact that the government chose not to raise this issue at the Status Conference when all counsel were present – even though it had all of the relevant information days prior – further calls into question the government's approach to this issue. Had the government raised the prospect of delaying production of the Ferrer Jencks Act material, rather than confirmed that it would comply with the Court's April 22, 2019 Order, counsel and the Court could have timely confronted the government's intended violation. Rather, the government chose to instead confirm that it intended to comply with the Court's Order, only to

---

[4] In its "offer," the government suggests that other relevant evidence has already been produced. While that may be the case, it is of course no substitute for the statements of the government's key cooperating witness, including statements that will purportedly place certain of that other relevant evidence into context.

[5] That the government has only assumptions and no evidence of those alleged transgressions only amplifies the problems with what has occurred, though whether the government's allegations have any basis in fact is entirely irrelevant to whether the government must comply with the Court's April 22, 2019 Order.

backtrack the next day. Even then, it did not explicitly acknowledge its violation in the Motion for Sanctions.

## IV. CONCLUSION

The government has no excuse whatsoever for delaying the production of Ferrer Jencks Act material to Mr. Brunst in accordance with the Court's Order. It should be ordered to immediately comply and produce that material.

Expedited consideration of this Motion is requested in light of the issues raised by the government's violation of the Court's Order, as discussed herein.

The Court is respectfully urged to also consider issuing an Order to Show Cause as to why the government should not be sanctioned for its unilateral and brazen violation of the Court's April 22, 2019 Order.

DATED: June 27, 2019

Ariel A. Neuman
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: ___/s/ Ariel A. Neuman___
      Ariel A. Neuman
Attorneys for Defendant John Brunst

# EXHIBIT A

| | |
|---|---|
| **From:** | Rapp, Kevin (USAAZ) |
| **To:** | Ariel A. Neuman; Jones, Reginald (CRM); Gary S. Lincenberg; Gopi K. Panchapakesan |
| **Cc:** | Perlmeter, Margaret (USAAZ); Kozinets, Peter (USAAZ); Stone, Andrew (USAAZ); Kucera, John (USACAC) |
| **Subject:** | RE: Ferrer Jenks Material |
| **Date:** | Wednesday, June 26, 2019 4:05:48 PM |

Ariel:

My apologies for the delay in responding, we all had court obligations today on other cases. Unfortunately, in light of the Backpage Defendants' apparent violation of a court order, we are not inclined to provide sensitive discovery until we have a protective order in place. You are correct that we do not have any evidence that Mr. Brunst disclosed the subject discovery in violation of the order. However, because the defendants are in both a JDA and what has been referred to as a common litigation management agreement (neither have we seen nor do we know its requirements or who are signatories), we do not know your obligations under these various agreements. This is covered by fn. 6 in the Motion. Second, as you must acknowledge you have a considerable amount of Jencks Act information of Ferrer already in your possession that implicates your client. First, you have numerous emails that were authored by Ferrer and where your client was endorsed. Second, to the extent agendas where illegal business practices were discussed are construed as Jencks you have those as well. Third, you, of course, have Ferrer's under oath factual basis to the plea agreement. In order to keep your trial preparation on track I am happy to meet with you to review emails and agendas (some newly disclosed) that we believe strengthen our case against your client and our theory of prosecution. I can do this at your convenience on the afternoon of 7/8 or any time on 7/10 at the USAO in Los Angeles.

Best

**Kevin M. Rapp| Assistant U.S. Attorney**
**Senior Litigation Counsel**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, kevin.rapp@usdoj.gov**



**From:** Ariel A. Neuman <aneuman@birdmarella.com>
**Sent:** Wednesday, June 26, 2019 3:26 PM
**To:** Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Cc:** Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Kucera, John (USACAC)

<jkucera@usa.doj.gov>
**Subject:** RE: Ferrer Jenks Material

Kevin/Reggie/Andrew/Peter/Margaret/John,

I would appreciate a response to the below given that the production was to occur yesterday.

Thank you.

**Ariel A. Neuman**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: aneuman@birdmarella.com
**vCard | Bio | LinkedIn**
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
www.BirdMarella.com


**From:** Ariel A. Neuman <aneuman@birdmarella.com>
**Sent:** Tuesday, June 25, 2019 7:06 PM
**To:** Jones, Reginald (CRM) <reginald.jones4@usdoj.gov>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; Rapp, Kevin (USAAZ) <kevin.rapp@usdoj.gov>
**Cc:** Perlmeter, Margaret (USAAZ) <margaret.perlmeter@usdoj.gov>; Kozinets, Peter (USAAZ) <peter.kozinets@usdoj.gov>; Stone, Andrew (USAAZ) <andrew.stone@usdoj.gov>; Kucera, John (USACAC) <john.kucera@usdoj.gov>
**Subject:** Ferrer Jenks Material

Kevin et al.,

Please confirm that the government today produced to us the Ferrer Jenks Act material as was represented would occur. I ask because I received no communication in that regard.

I am obviously aware of the government's motion for sanctions, but note that it (appropriately) does not allege any misconduct by our client Jed Brunst or by us as his counsel that would justify delay of production or the imposition of any new conditions on the production of discovery to us.

If you did not produce the promised Jenks Act material, please immediately so state and explain the government's rationale.

Thank you for your attention to this matter.

Ariel A. Neuman
aneuman@birdmarella.com

Sent from my mobile device.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2019, I electronically transmitted the foregoing Defendant John Brunst's Motion To Compel Government Compliance With Court's April 22, 2019 Order To Produce Jencks Act Material For Witness Carl Ferrer; [Proposed] Order to the Clerk of the Court by filing with the CM/ECF system and understand a copy of the filing will be emailed to all registered CM/ECF registrants:

Thomas H. Bienert, Jr. tbienert@bienertkatzman.com
Whitney Z. Bernstein, wbernstein@bienertkatzman.com
Anne Michelle Chapman, anne@mscclaw.com
Erin E. McCampbell, emccampbell@lglaw.com
Anthony R. Bisconti, tbisconti@bienertkatzman.com
Bruce S. Feder, bf@federlawpa.com
James C. Grant, jimgrant@dwt.com
Lee David Stein, lee@mscclaw.com
Paul J. Cambria, pcambria@lglaw.com
Robert Corn-Revere, bobcornever@dwt.com
Ronald Gary London, ronnielondon@dwt.com
Janey Henze Cook, janey@henzecookmurphy.com
John Lewis Littrell, jlittrell@bmkattorneys.com
Seetha Ramachandran, Seetha.Ramachandran@srz.com
Thomas H. Bienert, Jr. tbienert@bienertkatzman.com
Whitney Z. Bernstein, wbernstein@bienertkatzman.com
Michael D. Kimerer, mdk@kimerer.com
Rhonda Elaine Neff, rneff@kimerer.com
David S. Eisenberg, david@deisenbergplc.com
Joy Malby Bertrand, joyous@mailbag.com
John Jacob Kucera, john.kucera@usdoj.gov
Kevin M. Rapp, Kevin.Rapp@usdoj.com
Margaret Wu Perlmeter, Margaret.perlmeter@usdoj.gov
Reginald E. Jones, reginald.jones4@usdoj.gov
Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov
Andrew C. Stone, andrew.stone@usdoj.gov

By: /s/ Bora Lee