Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    vs.<br><br>Michael Lacey, *et al.*,<br><br>    Defendants. | CASE NO. 2:18-cr-00422-SMB<br><br>**DEFENDANT JOHN BRUNST'S OPPOSITION TO UNITED STATES' MOTION TO EXTEND DEADLINE FOR A CONSOLIDATED RESPONSE (DKT. 675)**<br><br>Assigned to Hon. Susan M. Brnovich, Courtroom 506 |

3590887.1

## MEMORANDUM OF POINTS AND AUTHORITIES

There is no justification for the government's request for an eight-day extension to respond to Defendant John Brunst's Motion to Compel (the "Motion") (Dkt. 662), currently due on July 11, 2019.[1]  The Motion requested expedited consideration due the urgency of the issues raised therein.  As noted in the Motion, the government flouted this Court's April 22, 2019 Order requiring it to produce Jencks Act material for Carl Ferrer—material that is critical to Mr. Brunst's trial preparation—by no later than June 25, 2019 (Dkt. 535).  The basis for the Motion— that the government violated a Court-ordered deadline—is straightforward and warrants a response without undue delay.  The government's request for extension does not explain why it cannot meet the July 11 deadline, nor does it explain why they need to obtain a prior hearing transcript in order to address the Motion.

Beyond unreasonably delaying resolution of the government's violation of the Court's Order, the government's request for extension, which also seeks to consolidate its response to the Motion with its response to Defendants Lacey and Larkin's Opposition to the government's Motion for Sanctions (Dkt. 672, filed under seal), improperly conflates two unrelated issues.  The government's request for sanctions (Dkt. 658, also filed under seal) has nothing to do with the Motion and Mr. Brunst's right to receive Ferrer's witness statements in accordance with the Court's April 22, 2019 Order.  The government unilaterally, and without warning, chose to violate the Court's Order.  Its Motion for Sanctions did not even acknowledge that it was doing so.  The government should answer for that violation promptly, rather than continue its delay even further.

As to the Motion for Sanctions, as the government has admitted, there is *no*

---

[1]   The government incorrectly asserts that its response to the Motion is due on July 16, 2019.  Because the Motion was filed on June 27, 2019, per Local Rule 7.2(c), the government's response is due on July 11, 2019.

1  *evidence* that Mr. Brunst or his counsel violated any court order that would warrant
2  an imposition of sanctions against them.  (Dkt. 676.)  Mr. Brunst has separately
3  responded to that motion because it is in fact an entirely separate issue.  (*Id.*)
4       The government's request is yet another example of its repeated attempts to
5  group all of the defendants together in a strategic effort to avoid addressing their
6  rights as individuals and should be rejected.  The government should therefore be
7  required to separately and timely address its refusal to produce Carl Ferrer's Jencks
8  Act material to Mr. Brunst.
9       For the foregoing reasons, Defendant John Brunst respectfully requests that
10 the Court deny the government's motion to extend deadline for a consolidated
11 response.

13 DATED:  July 9, 2019

        Gary S. Lincenberg
        Ariel A. Neuman
        Gopi K. Panchapakesan
        Bird, Marella, Boxer, Wolpert, Nessim,
        Drooks, Lincenberg & Rhow, P.C.

By:  */s/ Ariel A. Neuman*
        Ariel A. Neuman
    Attorneys for Defendant John Brunst