Thomas H. Bienert, Jr. (CA State Bar No. 135311, admitted *pro hac vice*)
  tbienert@bienertkatzman.com
Whitney Z. Bernstein (CA State Bar No. 304917 admitted *pro hac vice*)
  wbernstein@bienertkatzman.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:   (949) 369-3700
Facsimile:   (949) 369-3701
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY State Bar No. 1430909, admitted *pro hac vice*)
  pcambria@lglaw.com
Erin McCampbell (NY State Bar No. 4480166, admitted *pro hac vice*)
  emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone:   (716) 849-1333
Facsimile:   (716) 855-1580
*Attorneys for Michael Lacey*

Additional counsel listed on next two pages

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>                          Plaintiff.<br><br>   v.<br><br>Michael Lacey, *et al.*,<br><br>                          Defendants. | No. CR-18-00422-PHX-SMB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY (DOC. 643)**<br><br>Hearing Date: September 13, 2019<br>Hearing Time: 11:00 a.m.<br><br>Hon. Susan M. Brnovich<br>Courtroom 506 |

Robert Corn-Revere (D.C. State Bar No. 375415, *admitted pro hac vice*)
    robertcornrevere@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone:    (202) 973-4225
Facsimile:    (202) 973-4499
James C. Grant (WA State Bar No. 14358, *admitted pro hac vice*)
    jamesgrant@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104-1610
Telephone:    (206) 757-8096
Facsimile:    (206) 757-7096
*Attorneys for Michael Lacey and James Larkin*

Bruce Feder (AZ Bar No. 004832)
    bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone:    (602) 257-0135
*Attorneys for Scott Spear*

Gary S. Lincenberg (CA State Bar No. 123058, *admitted pro hac vice*)
    glincenberg@birdmarella.com
Ariel A. Neuman (CA State Bar. No. 241594, *admitted pro hac vice*)
    aneuman@birdmarella.com
Gopi K. Panchapakesan (CA State Bar No. 279586, *admitted pro hac vice*)
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone:    (310) 201-2100
Facsimile:    (310) 201-2110
*Attorneys for John Brunst*

David Eisenberg (AZ State Bar No. 017218)
    david@deisenbergplc.com
DAVID EISENBERG, P.L.C.
3550 N. Central Avenue, Ste. 1550
Phoenix, Arizona 85012
Telephone:    (602) 237-5076
*Attorneys for Andrew Padilla*

1  Joy Bertrand (AZ State Bar No. 024181)
       joyous@mailbag.com
2  JOY BERTRAND, ESQ.
   PO Box 2734
3  Scottsdale, Arizona 85252-2734
4  Telephone:    (602) 374-5321
   Facsimile:    (480) 361-4694
5  *Attorneys for Joye Vaught*

I. **INTRODUCTION**

The government's Opposition to Defendants' Motion to Compel production of a <u>functioning</u> version of the Backpage databases is an exercise in obfuscation. Instead of addressing the issue raised in Defendants' Motion, the government spends pages recounting its purported production of discovery <u>not</u> at issue in this Motion. On the issue that is raised in Defendants' Motion – Defendants' need for and right to functional databases – the government misleads the Court, falsely claiming that it produced the servers in the same condition that "it was seized and received by the government." (Doc. 696 at 14.)

The government indicted Defendants for their roles in connection with the website Backpage.com. The government alleges that all adult ads on the website were for prostitution or sex trafficking, that the operations and practices of the site were designed to promote or facilitate this by creating ads for illegal conduct or editing ads to hide illegal conduct, and that Defendants each knowingly participated in this. None of this is true, as evidence concerning actual ads and Backpage's actual practices in screening, blocking, removing, and reporting ads would show. This evidence was available in the Backpage databases and systems as they existed when the government effected its seizures of all the servers beginning in April 2018.

The government does not dispute any of this, but instead says that Defendants have had access to "images" of ads and data "in the same format they were received by the government." (Doc. 696. at 7.) Defendants' Motion showed that the government's production of "images" is useless, as it amounts to disjointed data with no functionality to search for related information or to analyze and present cumulative data. *See* Motion at at 9-15 & Exs. H-L (Docs. 643-9 through 643-12). With this reply, Defendants also submit a declaration of Tami Loehrs, an expert in forensic computer evidence, who confirms that the information and data the government has produced to date is not forensically sound and is useless.

Pursuant to Defendants' constitutional and statutory rights, this Court should order the production of the databases in the same functioning condition they were in when the government seized them in April 2018.

## II. ARGUMENT

### a. Defendants Have Sought and Are Entitled To Obtain a Functioning Version of the Backpage.com Website, Databases and Systems.

Defendants' Motion sought production of a functioning version of the Backpage.com website, databases, and systems, as they existed when the government effected its seizures. (Doc. 643.)  The government's prosecution of Defendants is based entirely on their connections to the Backpage.com website.  The government alleges that all adult ads posted by third parties on the website were for prostitution or sex trafficking, that the operations and practices of the website were designed to promote such illegal conduct, and that Defendants supposedly knew of or participated in this.  The government is prosecuting Defendants for the operations and practices of the Backpage.com website.  Therefore, the actual website, actual ads as they appeared on the site. actual actions to screen, block and report ads, and the involvement of Defendants (or lack of involvement) is crucially important to this case and the defense.  This information was available and readily accessible in the Backpage databases and systems as they existed when the government seized them.  In its Response, the government does not dispute any of this.[1]

### b. The Government's Opposition is Irrelevant to Defendants' Motion.

Defendant's Motion sought "Backpage servers and the databases and material on those servers, in a functional and operational format." Motion at 1.  Instead of addressing that issue, the government offers arguments purporting to show that it has complied with discovery obligations generally in ways that have nothing to do with this Motion.  Defendants do not agree that the government has complied with its obligations under Rule 16, *Jencks*, *Brady*, or

---

[1] Indeed, the government has made clear that functionality of the databases is important in this case.  As previously noted, the government included in its search warrant application the need to obtain "historical" data and "all versions of an advertisement."  (Doc. 643-4 at 12.)  In seeking judicial warrants, the government committed that it would take appropriate steps to preserve and not "alter the original evidence" as existed and was accessible on the website, databases and systems. (*Id.*, at 11-12.)  Even in its Opposition to the Motion, the government relates that it told Danish authorities "to preserve the servers" there in order "to search and display ads as they would have appeared when the Backpage.com site was active." (Doc. 696 at 6.)  The government's argument that Defendants' demand for the functioning Backpage databases is a "fishing expedition," (*Id.* at 9), is utterly disingenuous.

otherwise, but the issues here are not whether the government has produced emails or "hot" documents it claims support its case, nor its production of partial exhibit and witness lists. The issue is the government's obligation to preserve and produce the Backpage.com website, databases, and systems in a fully useable form – the data and evidence that lies at the heart of this case. The government is prosecuting Defendants for publishing a website and admits that it "seized" that website, but still has not produced it or the data the website and its supporting databases and systems contained.

### c. The Government's Assertions That It Has Produced Actual Data and Ads from the Backpage Website Databases and Systems Are False.

The government tells the Court that it has provided Defendants access to "all of the ads and images . . . in the same format they were received by the government." (Doc. 696 at 7). This is not true. When the government seized the Backpage servers containing the databases and systems that ran the website, they were operational and functioning. Personnel from Backpage or the government (or anyone with access) could have reviewed all data and information from the website in a complete, fully functional, easily accessible, and useable format and could have searched, tabulated, analyzed, and compared such data. Days after the government disclosed its original indictment, Defendants asked that the website and all data be preserved in a fully-functional format. (Doc. 643-7.) The government has not produced data in that format. As Defendants set forth in the Motion (Doc. 643) and in the attached declaration of Tami Loehrs (Exh. A), an expert in forensic computer evidence, the "imaged" ad data the government extracted from the Backpage servers and produced to Defendants is useless, as the raw database information and image dumps produced bear no resemblance to ads on the website and it is all but impossible to recreate the ads from that data. Moreover, the data is completely disjointed, bereft of any capability to search for related information (*e.g.*, about Backpage's actions to block ads by a user or to report them to law enforcement, etc.) or to analyze and present cumulative data (*e.g.*, to determine the numbers of ads Backpage blocked and removed in a given period, to show that ad text was not edited, etc.).

The government inaccurately tries to cast Defendants' Motion as seeking discovery that

is different than what the government seized.  In reality, the opposite issue is true: the government is producing the data in a form *different* than it seized it.  The government's suggestions to the contrary seem a deceit on the Court.[2]

### d. The Government Demonstrates That It Violated ESI Protocol.

The government goes even further, suggesting that the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" (the "ESI Protocol")[3] support its position.  But the opposite is true.  First, the ESI Protocol calls for the parties to meet and confer about the "mechanics of producing ESI discovery."  ESI Protocol, Principle 3, p. 2.  Here, the government made unilateral decisions about producing the Backpage I.T. systems data without consulting Defendants, and despite Defendants having asked days after the original indictment that the website and all data be preserved in a fully-functional format.  (Doc. 643-7.)  Second, the ESI Protocol provides that "ESI discovery should be done in a manner to facilitate electronic search, retrieval, sorting, and management of discovery information" (ESI Protocol, p. 4)—but the manner in which the government has unilaterally chosen to produce data from the Backpage I.T. systems does the opposite.  Third, the ESI Protocol calls for producing data in a form that will meet the goals of "retain[ing] the ESI's integrity, [] allow[ing] for reasonable usability, and []reasonably limit[ing] costs" (*Id.*, pp. 9-10)—but the government has produced the Backpage I.T. system data in a manner that eviscerates the data's integrity, destroys the data's usability, and dramatically increases Defendants' costs.  Fourth, the ESI Protocol provides that "ESI received from third parties should be produced in the format(s) it was received or in a reasonably usable format(s)" (*Id.*, p. 17)—but the government has not produced the Backpage I.T. system data in the form it seized it (functional I.T. systems) or in reasonably usable formats.  Finally, although the ESI Protocol provides that "a party should not be required to take on substantial additional processing or formatting conversion costs and burdens" (*Id.*, Principle 5, p. 3)—the

---

[2] Should the government persist in its claim that it produced the system in the "same condition it was seized and received by the government," Defendants request an evidentiary hearing to address whether or not the government did so.

[3] Available at http://www.uscourts.gov/sites/default/files/finalesiprotocolbookmarked.pdf.

government seeks to impose exactly such additional costs and burdens on Defendants by not producing the functional I.T. system.  The government's invocation of standard ESI protocols simply highlights its deficient handling of Backpage.com servers and the databases and material that existed on those servers.

### III.    CONCLUSION

The Court should compel the government to provide access to Backpage.com's systems, servers, databases, and data with the same functionality and in the same condition as they existed at the time of their seizure.  The Court should further compel the government to provide the data and information requested in Doc. 643-13, except as disclosure of the Backpage.com servers, databases, and systems may allow Defendants themselves to search, obtain, and collect the requested exculpatory data.

Dated:  August 5, 2019

Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT | KATZMAN PC

By:  */s/ Whitney Z. Bernstein*
Whitney Z. Bernstein
Attorneys for James Larkin

Dated:  August 5, 2019

Paul J. Cambria, Jr.
Erin E. McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

By:  */s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

Dated:  August 5, 2019

Robert Corn-Revere
James C. Grant
DAVIS WRIGHT TREMAINE LLP

By:  */s/ James C. Grant*
James C. Grant
Attorneys for Michael Lacey and James Larkin

5
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Dated:  August 5, 2019         Bruce Feder
                               FEDER LAW OFFICE, P.A.

                               By:  */s/ Bruce Feder*
                                    Bruce Feder
                                    Attorneys for Scott Spear

Dated:  August 5, 2019         Gary S. Lincenberg
                               Ariel A. Neuman
                               Gopi K. Panchapakesan
                               BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
                               DROOKS, LINCENBERG & RHOW, P.C.

                               By:  */s/ Ariel A. Neuman*
                                    Ariel A. Neuman
                                    Attorneys for John Brunst

Dated:  August 5, 2019         David Eisenberg
                               DAVID EISENBERG, P.L.C.

                               By:  */s/ David Eisenberg*
                                    David Eisenberg
                                    Attorneys for Andrew Padilla

Dated:  August 5, 2019         Joy Bertrand
                               JOY BERTRAND, ESQ.

                               By:  */s/ Joy Bertrand*
                                    Joy Bertrand
                                    Attorneys for Joye Vaught

6
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of August 2019, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

/s/ *Whitney Z. Bernstein*
Whitney Z. Bernstein

Anne Michelle Chapman, anne@mscclaw.com

Erin E. McCampbell, emccampbell@lglaw.com

Anthony R. Bisconti, tbisconti@bienertkatzman.com

Ariel A. Neuman, aan@birdmarella.com

Bruce S. Feder, bf@federlawpa.com

James C. Grant, jimgrant@dwt.com

Lee David Stein, lee@mscclaw.com

Paul J. Cambria, pcambria@lglaw.com

Robert Corn-Revere, bobcornever@dwt.com

Ronald Gary London, ronnielondon@dwt.com

Janey Henze Cook, janey@henzecookmurphy.com

John Lewis Littrell, jlittrell@bmkattorneys.com

Seetha Ramachandran, Seetha.Ramachandran@srz.com

Thomas H. Bienert, Jr. tbienert@bienertkatzman.com

Whitney Z. Bernstein, wbernstein@bienertkatzman.com

Gary S. Lincenberg, glincenberg@birdmarella.com

Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com

Michael D. Kimerer, mdk@kimerer.com

Rhonda Elaine Neff, rneff@kimerer.com

David S. Eisenberg, david@deisenbergplc.com

Joy Malby Bertrand, joyous@mailbag.com

John Jacob Kucera, john.kucera@usdoj.gov

Kevin M. Rapp, Kevin.Rapp@usdoj.com

Margaret Wu Perlmeter, Margaret.perlmeter@usdoj.gov

Reginald E. Jones, reginald.jones4@usdoj.gov

Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov

Andrew C. Stone, andrew.stone@usdoj.gov