Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for John Brunst

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | CASE NO. 2:18-cr-00422-SMB |
|---|---|
| Plaintiff, | **JOHN BRUNST'S MOTION TO COMPEL GOVERNMENT COMPLIANCE WITH COURT'S ORDER FOR SPECIFIC IDENTIFICATION OF DOCUMENTS SUBJECT TO PROTECTIVE ORDER** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |
| | Assigned to Hon. Susan M. Brnovich, Courtroom 506 |

This Motion is only necessary because the government has refused to do what the Court ordered: identify *with specificity* the documents the government contends are subject to the Court's Protective Order. The defense needs the government to comply so the defense can evaluate those designations, challenge them as necessary, and otherwise comply with the defendants' obligations under the Court's Order. Despite a Court order and a promise to the Court, the government refuses to identify *from its own lists and memoranda* the documents the government claims must be protected. The government should be compelled to comply. The defense should not be left to guess as to which documents may or may not be covered.

A.   **Factual Background Re Court's Protective Order**

On August 26, 2019, in Doc. 731, the Court ordered the government to provide a list of Jencks Act material that it considers to be subject to the protective order issued by the Court on August 20, 2019 (Doc. 730). The Court ordered the government to "include enough identifying information so defense counsel can locate and separate the materials subject to Doc. 730." (Doc. 731, ¶ 4.)

On September 3, 2019, in response to the Court's Order, the government provided 1) a spreadsheet entitled "9-3-19 List of Jencks Act.xlsx" in which it listed 51 documents by Bates number and description (26 of which had never been produced to the defense), and 2) a letter entitled "9-319 Jencks Act Correspondence.pdf," in which it asserted that the memoranda of interviews of Carl Ferrer, documents referenced in those memoranda (which are voluminous and at least some of which appear to be public), and a declaration of an FBI agent with supporting video exhibits, were subject to the Protective Order. *See* Exhibit A, with attachments.

On September 12, 2019, the defense raised with the Court (via email) two issues regarding the government's September 3 correspondence. *See* Exhibit B. First, the defense raised the 26 documents which it did not have. Second, it noted that the government's lists (in the spreadsheet and referenced in the Ferrer memos) contained numerous public documents that were not properly the subject of a protective order.

At the September 13 hearing in this matter, the government 1) said that it had now produced the missing documents (having been alerted to its failure to produce those documents by the defense); and 2) agreed that only non-public documents should be subject to the protective order, and that it would meet and confer with the defense to specifically identify which documents were properly included therein.

Also on September 13, 2019, (many months after the government's Rule 16 production deadline had passed), the defense received a **27,000-page** production of documents from the government.  See Exhibit C.  It appears that the missing purported Jencks Act material may be included somewhere therein, as is a whole host of other material that should have been produced months before in compliance with the December 2018 discovery cutoff (*see* Dkt. 131).

**B.     The Government Refuses to List the Documents It Contends Are Subject to the Protective Order**

On September 16, undersigned counsel attempted to obtain from the government the list of specific documents the government contends should be subject to the Court's Protective Order.  See Exhibit D.  The government's response (in a separate email chain) did not identify documents by title or Bates number that it contends are necessarily included in the Protective Order.  See Exhibit E at 3-4.

Rather, the government's September 16 response stated that the publicly available "U.S. Senate Permanent Subcommittee on Investigation Staff Report . . . and documents referred to in its appendix" are not subject to the Protective Order.  Exhibit E at 4.  That Report is not listed anywhere in the government's September 3, 2019 spreadsheet or correspondence, so it was unclear why the government mentioned it.

Second, the government's September 16 response stated that any "publicly-filed documents in *Backpage.com LLC., v. Dart*, 15-CV-6340 and *Backpage.com LLC v. McKenna*, 2012-CV-954-RSM; as well as any document filed by the government as an exhibit to a pleading that is not under seal in *USA v. Lacey, et al*, CR18-422-PHX-SMB" were not subject to the Protective Order.  Exhibit E at 4.  In other words, the government's

September 16 response did not address our request for specific identification of documents subject to the Protective Order.  It did not even address other apparently public documents from its lists in the spreadsheet or in the Ferrer memos.

On September 17, trying to avoid wasting further Court resources, undersigned counsel sought clarification about the numerous listed documents that appeared to be public which the government had not listed.  Counsel also noted that our client was not a party to the two mentioned civil cases and so was not familiar with the dockets in those matters (which are voluminous), and again requested that the government "state with specific reference to your Jencks Act spreadsheet which documents you contend are subject to the protective order so that we are properly advised."  Exhibit E at 2-3.

### 1. The Government Wants Defense Counsel to Scour Dockets of Other Cases

A week later, on September 23, after further prodding by the defense, the government wrote that 1) "emails" (not specifically identified) were subject to the protective order; 2) *defense counsel should scour the dockets of the unrelated civil cases to figure out which documents were publicly filed* ("If you have questions regarding whether they were filed publicly you would only have to review the PACER docket of each case . . ."); and 3) certain other documents identified in defense counsel's emails in fact were public and not subject to the protective order.  Exhibit E at 1.  Again, the government ignored numerous other documents listed in its September 3 spreadsheet and referenced in the Ferrer memoranda.

## C. The Government Should Be Required to do What the Court Ordered: Identify the Documents it Contends are Subject to the Protective Order

To date, the government has refused to do what the Court ordered: identify the specific documents from its September 3, 2019 spreadsheet and correspondence that it contends are subject to the Court's Protective Order.

Defense counsel is unable to evaluate the propriety of the government's designations (or comply with the Court's Order) because the government refuses to

designate documents with any specificity.  *Rather than identify documents from its own lists and memoranda*, the government tells defense counsel to go dig through the voluminous docket entries of two other cases, to which neither counsel nor our client were a party, to figure out whether some of the documents listed by the government were publicly filed.[1]  The government apparently wants to send defense counsel on a painstaking wild good chase, wasting time and resources looking at each and every docket entry in those cases to figure out if one of the documents listed in its spreadsheet and correspondence happens to appear there.  All of this could be avoided if the government simply complied with the Court's order and listed the documents it thinks should be protected.

Further demonstrating its failure to approach this matter with seriousness, the government also admits that certain documents are public only when those documents are raised by the defense (Exhibit E at 1, final paragraph), rather than, as the Court ordered, affirmatively identifying the documents it believes need to be protected.  It is unknown how many other documents the government would agree are not properly within the scope of the Protective Order if the defense were to ask about them.

If the government believes that certain material should be subject to the Protective Order beyond the interview memoranda of cooperators Carl Ferrer and Dan Hyer, it should identify those documents with specificity.  The government's continued obfuscation suggests that either 1) it does not believe the protections imposed by the Court are really necessary for any documents other than some unidentified "emails" and the interview memoranda of Carl Ferrer and Dan Hyer, or 2) it hopes to "catch" the defense in a violation of the Protective Order because the defense simply cannot determine which

---

[1] While the government's spreadsheet notes that certain documents were filed in those cases (but does not say whether the filing was public), there is no way for the defense to know whether other documents on the government's spreadsheet or referenced in the Ferrer memoranda were filed in some capacity in those civil cases (e.g., as an attachment to some other pleading) without looking at every single docket entry in those cases.

documents are or are not subject to that Order.

**D.     Conclusion**

The Court should order that, by October 4, 2019, the government specifically identify documents – by title and Bates number – that it contends are subject to the protective order.  Only then can the defense consider whether it wishes to challenge those designations, and only then can the defense put in place the restrictions ordered by the Court for documents properly subject to the Protective Order.  Right now, the government is wasting both the Court's and the defense's limited resources rather than complying with the Court's orders and the government's promises to the Court.  Alternatively, the Court should remove the Protective Order as applied to the defendants.

DATED:  September 24, 2019         Respectfully submitted,

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:     */s/ Ariel A. Neuman*
              Ariel A. Neuman
        Attorneys for John Brunst

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

By: _/s/ Ariel A. Neuman_
Ariel A. Neuman
Attorneys for John Brunst

3606514.3

7

Case No. 2:18-cr-00422-SMB

JOHN BRUNST'S MOTION TO COMPEL GOVERNMENT COMPLIANCE WITH COURT'S ORDER FOR SPECIFIC IDENTIFICATION OF DOCUMENTS SUBJECT TO PROTECTIVE ORDER