MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>1. Michael Lacey, et. al.<br><br>Defendants. | CR-18-422-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO JOHN BRUNST'S MOTION TO COMPEL GOVERNMENT COMPLIANCE WITH COURT'S ORDER FOR SPECIFIC IDENTIFICATION OF DOCUMENTS SUBJECT TO PROTECTIVE ORDER [Doc. 740]** |

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant John Brunst's motion to compel is unavailing for several reasons and should be denied. *First*, this motion stems from the recent publishing of excerpts of inadvertently disclosed internal memoranda previously ordered destroyed by the Court that

caused the government going forward to seek a protective order over sensitive government discovery. It is noteworthy that a week after the hearing on August 19, 2019, the same internal memoranda were published in two different online magazines, in their entirety, complete with the government's Bates numbers.[1] These latest disclosures further underscore the need for restrictions on the dissemination of government discovery.

*Second*, the Court recently clarified the scope of the September 20, 2019 Protective Order regarding Jencks Act material by limiting it to "an interview memorandum of Carl Ferrer, *all* civil discovery material that remains under the Protective Order and other Jencks Act materials not publicly available." (Doc. 737 (emphasis added).) [2]

*Third*, in response to Brunst's concerns about emails and documents that might have been filed in other cases, the Court indicated at the September 13, 2019 hearing that, "I'm not willing to remove from that order anything other than to say publicly available information." (9/13/19 Hr'g Tr., Exh. A at 15, lines 2-4.) Despite the Court's clarification, Brunst has filed a motion to compel that is, in light of the Court's previous rulings, utterly unclear about what it's asking the government (and the Court) to further clarify. It appears the defense's primary grievance is that it should not be required to check the dockets in two civil cases (*Dart* and *McKenna)* to determine what documents were publicly filed.

In sum, this motion should be denied and the Court should simply reiterate its Order that if the defense believes a document should be removed from the Protective Order, the defense should first be required to confer with the government and, if unsatisfied with the response, and as the Court directed, the defense should file a pleading with a designation of the specific documents so that the Court may rule on whether the documents are subject to the Protective Order.

---

[1] https://reason.com/2019/08/26/secret-memos-show-the-government-has-been-lying-about-backpage/; https://www.techdirt.com/articles/20190826/17065842857/new-government-documents-reveal-that-backpage-was-actively-helping-law-enforcement-track-down-traffickers.shtml.

[2] It is likely the Court meant *a* protective order (referring to protective orders imposed in parallel civil cases) rather than *the* protective order.

**RELEVANT PROCEDURAL FACTS**

On August 19, 2019 the Court orally granted the government's request for a Protective Order and on August 20 issued a Protective Order. (Doc. 730.) On September 3, 2019, pursuant to the Order, the government provided Defendants a spreadsheet that detailed 51 documents by Bates number and description. (*See* Doc. 740-1 at 3-7.)

On September 13, 2019, by email, Defendants sought clarification of what materials are subject to the Protective Order. (*See* Doc. 740-1 at 23-24.) In response, the Court issued a minute entry stating that, "the Court's order with respect to limitations on Jencks Act material is clarified that that order is limited to the government's interview memoranda of Carl Ferrer, *all civil discovery material that remains under a protective order*…." (Exh. A, 9/13/19 Hr'g Tr. at 13, lines 17-21 (emphasis added).) Indeed, the Court indicated (at the September 13, 2019 hearing) that "I'm not willing to remove from that order anything other than to say publically available information." (Exh. A, 9/13/19 Hr'g Tr. at 15, lines 2-4.) Importantly, the Court further directed the defense that "if there is something else that should be removed from the protective order, then…you need to file something specific with that designation so that I can make that determination." (Exh. A, 9/13/19 Hr'g Tr. at 15, lines 2-8.) Following this hearing, on September 24, 2019, Brunst filed a Motion to Compel claiming that the government is refusing to identify what documents must be protected from dissemination. (Doc. 740)

**ARGUMENT**

The government has provided the defense a list of Jencks Act documents (and other sensitive documents) that are subject to the Protective Order. (Doc. 740-1 at 3-5.) In response, the defense has questioned whether certain materials should even be subject to Protective Order, stating that "these are not properly subject to the protective order…because they are all available to any number of other parties and/or are publicly available…." (Doc. 740-1 at 9.) On September 23, the government responded in an effort to clarify the government's position that many emails are not, in fact, publicly available. Moreover, consistent with the Court's ruling on September 13, documents produced in the

various civil cases where Backpage was a defendant (that have been reproduced in discovery in this case) should be subject to the Protective Order if the documents are not publicly filed.[3] In addition, the government specifically exempted the January 2017 report of the U.S. Senate Permanent Subcommittee on Investigations, BACKPAGE.COM'S KNOWING FACILITATION OF ONLINE SEX TRAFFICKING, because the report and its accompanying appendix (which consists primarily of internal Backpage emails) are posted on the Subcommittee's website.

As for the array of civil cases the government is concerned (in light of the recent publication of internal memoranda ordered destroyed) with various victim statements and other related sensitive documents. And, in many of these parallel civil cases the discovery was subject to a protective order. In sum, if those statements are not publicly filed they are subject to the Protective Order in this case.

Despite the government's efforts to clarify what documents are subject to the protective order, Brunst has filed a motion complaining that Defendants are burdened with looking up the docket on PACER before they disseminate a document. (Doc. 740 at 5.) He focuses on two civil cases (*Dart* and *McKenna*.)[4] Both cases were prosecuted by lawyers from Davis Wright Tremaine ("DWT"), the same law firm that represents two of Brunst's co-Defendants in this case.[5]

---

[3] For example, the Backpage defendants have received discovery from cases brought by underage sex trafficking victims against Backpage including: J.*S., v. Village Voice Media Holdings*, No.12-2-11362-4, *Jane Doe, v. Medalist Holdings*, et. al., NoMCC1700068, and *R.O. and K.M. v. Medalist Holdings, Inc., et al.*, No. 17-2-04897-1 (Wash. Super. Ct.).

[4] In McKenna, Backpage was the Plaintiff seeking injunctive relief against a law passed in Washington State (*Backpage.com, LLC* v.*McKenna*, 881 F. Supp. 2d 1262 (W.D. Wash. 2012)). In *Dart v. Craigslist, Inc.*, 665 F. Supp.2d 961, 962-63, 967-68 (N.D. Ill. 2009), Backpage sought to enjoin Sherriff Thomas Dart from encouraging credit card companies (primarily Visa and Mastercard) from blocking Backpage customers' use of the cards as payment for posting ads.

[5] The *Dart* case has since been dismissed and $250,000 in sanctions have been imposed against Backpage for, among other things, misleading the court about Backpage's internal business practices. The current motion to reconsider sanctions against the attorneys for DWT is pending.

In any event, neither *Dart* nor *Mckenna* have lengthy dockets. *Dart* has 274 docket entries and *McKenna* has 87.[6] In contrast, this case has nearly 800. To determine if a document is publicly filed, one has only to press "Control-F", type the name of the document and voilà! – if it is on the docket it will appear. As a result, it is neither unreasonable nor unduly burdensome for counsel to consult the dockets in either case or consult with co-counsel to determine whether a particular document has been publicly filed.

Lastly, there are numerous other cases across the country where the plaintiffs are underage sex trafficking victims (or family members of deceased victims) that sued one or more of the Defendants in this case.[7] It is in these cases that the discovery is subject to protective orders. The plaintiffs in these cases are expected to testify in the May 2020 trial here. The government has obtained police reports, recorded statements of interviews, depositions, copies of posted ads, etc. that were used in those cases. Brunst complains that he was not party to those cases and is not familiar with the pleadings. This is disingenuous at best. First, his co-counsel (DWT) were attorneys in those cases, and as noted in previous pleadings Brunst is in a joint defense agreement with DWT and has joined numerous motions filed by DWT. Brunst's interests at the recent Ninth Circuit argument in Pasadena were represented by DWT. Moreover, Brunst was intimately familiar with the various civil cases filed against Backpage because as a percentage owner of Backpage and the architect of the concealment money laundering scheme, the outcome of the cases would impact his financial interests. In any event, if Defendants have questions about whether particular documents are public, Defendants should confer with the government before designating the document for the Court's ultimate determination of whether it is subject to the Protective Order.

---

[6] *See* PACER dockets for *Backpage.com, LLC v. Dart*, 15-CV-6340 (N.D. Ill), and *Backpage.com, LLC v. McKenna*, 2012-CV-954-RSM (W.D. Wash).

[7] *Ambrose v. Backpage.com LLC*, et, al., 1:2017cv05081. Again, this case is defended by, among other attorneys, DWT (Grant and Corn-Revere).

Respectfully submitted this 8th the day of October, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*S/Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
JOHN J. KUCERA
Assistant U.S. Attorneys

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on October 8, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*S/ Angela Schuetta*_____
Angela Schuetta
U.S. Attorney's Office