Gary S. Lincenberg *(admitted pro hac vice)*
 glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
 aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
 gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY ELEMENTS OF THE TRAVEL ACT** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | Assigned to Hon. Susan M. Brnovich, Courtroom 506 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The government's Response (Dkt. 776) confirms the central point of Mr. Brunst's Motion to Dismiss Based on Failure to Allege Necessary Elements of the Travel Act in the Superseding Indictment ("Indictment" or "SI"): the Indictment charges in Count 1 a conspiracy to "facilitate prostitution" (SI ¶ 196) *in general*, rather than, *as required by statute*, a conspiracy to facilitate a "business enterprise" involved in prostitution offenses (18 U.S.C. 1952(b)). *See* Resp. at 3 (citing paragraphs of the Indictment accusing Mr. Brunst and others of "intend[ing] to promote and facilitate prostitution"). It likewise charges in Counts 2 through 51 substantive Travel Act charges of facilitation of "prostitution" (SI ¶ 201), rather than the statutorily required facilitation of a "business enterprise." Indeed, the Court recently confirmed the same. *See* Order (Dkt. 793) at 8 (the SI alleges "Defendants participation in a conspiracy to facilitate and promote prostitution"); *id.* at 19 (The SI "[t]aken as true, [] show[s] Defendants had a specific intent to promote prostitution."). The conflation of facilitating a "business enterprise involving . . . prostitution offenses" with facilitating "prostitution" is fatal to the Indictment.

The government's straw-men arguments should not distract from the actual points raised in the Motion. That is, the Motion is not an effort to go beyond the four corners of the indictment (Resp. at 11), a request to test the sufficiency of the government's evidence (Resp. at 6-7), an assertion that only "organized crime" (e.g. mafia-type activity) can qualify as a "business enterprise" (Resp. at 8-9), or a demand that certain "magic words" be used (Resp. at 2, 9-11). The Motion does not argue that each of the individual pimps or prostitutes who allegedly used the Backpage website might not on their own qualify as "business enterprises." (Compare Resp. at 7-8; Motion at 8-9.) Nor is this a re-hash of anything previously filed such that the Motion is an improper sur-reply.

Instead, the Motion is based on a foundational premise: an indictment must properly charge the elements of the offense, and the failure to do so mandates dismissal. The government cannot walk away from its prior concession that an indictment must "contain

3611272.4                                    1                           Case No. 2:18-cr-00422-PHX-SMB
REPLY IN SUPPORT OF JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO
ALLEGE NECESSARY ELEMENTS OF THE TRAVEL ACT

the elements of the offense charged" or be dismissed. Dkt. 634 at 12. The Response makes manifest the constitutional problems that a properly pled indictment would avoid.

## II. ARGUMENT

The "business enterprise" that was allegedly facilitated or promoted is an essential element of the Travel Act in the case of prostitution. 18 U.S.C. 1952(b)(i)(1). Indeed, "unlawful activity" has a very specific definition in the Travel Act as it relates to prostitution. If Congress wanted to criminalize promotion of prostitution *in general*, it certainly knew how: the Travel Act requires no such "business enterprise" element for extortion, bribery, or arson. 18 U.S.C. 1952(b)(i)(2); *see United States v. Welch*, 327 F.3d 1081, 1091 (10th Cir. 2003) (noting that the "business enterprise" requirement for prostitution offenses demonstrates that the Travel Act "clearly . . . inten[ds] to treat . . . bribery . . . differently from . . . prostitution offenses."). "The inclusion of a definition for a word [or phrase] in a statute is an unmistakable sign that Congress intended that word [or phrase] to have a specialized meaning." *United States v. Barbeito*, 2010 WL 2243878, *35 (S.D.W.V. June 3, 2010) (citing *Bridge v. Phoenix Bond & Indem. Co.*, 128 S.T. 2131, 2140 (2008)).

The government thus cannot, as it does in the Indictment and Response, replace the statutory definition – "business enterprise involving . . . prostitution offenses" – with a something else, i.e., "prostitution." No case cited by the government reads the "business enterprise" element out of the statute as the Indictment does.[1]

---

[1] The government knows how to properly charge a Travel Act case based on §1952(b)'s requirement of a business enterprise. *See, e.g. United States v. Rawle,* 845 F.2d 1244, 1249 n.6 (4th Cir. 1988) (indictment alleged intentional facilitation/promotion/etc. "of an unlawful activity, that is, a business enterprise involving marijuana"); *United States v. Webb*, 24 F. Supp. 3d 432, 436 (M.D. Pa. 2014) (indictment alleged intentional promotion of "a business enterprise involving a violation of the [gambling] laws of the Commonwealth of Pennsylvania.").

### A. Count 1 Improperly Charges a Boundless Conspiracy to Facilitate Prostitution in General.

The Response concedes the very heart of Mr. Brunst's Motion and demonstrates the constitutional problems with the manner in which the Indictment pleads the Travel Act counts. The Response contends that the Indictment "identifies scores of illegal prostitution enterprises" (Resp. at 7) and "describes numerous prostitutes, pimps and traffickers who engaged in continuous criminal activity" (Resp. at 8), but at the same time concedes that Count 1 is neither specific as to the business enterprises Mr. Brunst allegedly facilitated or intended to facilitate (if any), nor limited to those loosely described in the Response.

Count 1 as pled charges a conspiracy to "facilitate prostitution," anywhere and everywhere, for a period of 14 years (SI ¶ 196), and spanning the globe. It does not purport to provide an exhaustive list of the pimps and prostitutes whose business was allegedly facilitated or promoted. In fact, the Response confirms that the government views every single person who ever advertised posted an adult ad on Backpage as a prostitute or pimp "business enterprise." Even the victim summaries are described as only "*select* victim summaries." SI at p. 40 (emphasis added). Given the allegations, for example, that (1) the "majority of the website's ads" – which numbered in the tens of millions over the 14 years of the alleged conspiracy – were for prostitution (SI ¶ 11), (2) defendants conspired to facilitate prostitution in numerous different cities (SI ¶ 42), and (3) defendants used an array of "affiliate" websites, including one which supposedly sent "40,000 daily visits" to Backpage by people looking for prostitutes (SI ¶ 58), there is no limit to the supposed business enterprises that were allegedly facilitated. *See United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (An indictment "should be read in its entirety, construed according to common sense, and interpreted to include all facts which are necessarily implied.") (quoting *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999)). The government's Response only confirms these expansive allegations, arguing that "nearly every prostitute who advertised on Backpage was controlled by a pimp or trafficker" and thus qualifies as a "business enterprise" (Resp. at 8 ), and any prostitute

who engaged in "past and future sales" qualifies as a "prostitution venture" (Resp. at 2). Count 1 as charged is a boundless conspiracy to facilitate prostitution, not to facilitate a business enterprise involved in prostitution, in contravention of the Travel Act.

The due process problems resulting from the government's critical pleading error are manifest:

- An indictment must "enable the defendant to **prepare his defense**." *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988). For which of the millions of alleged "business enterprises" should Mr. Brunst prepare his defense?

- An indictment must "ensure [the defendant] that he is being prosecuted on the **basis of the facts presented to the grand jury**." *Id.* The grand jury was told it could return an indictment which charges a conspiracy to facilitate "prostitution," and individual Travel Act counts which charge facilitation of "unlawful activity: to wit, prostitution offenses." So did they even consider the "business enterprise" element? And if so, which business enterprise(s) – if any – did the grand jury agree Mr. Brunst conspired to facilitate?[2] How can the Court and Defendants be sure that this prosecution is limited to those facts?

- An indictment must "enable [the defendant] to plead **double jeopardy**." *Id.* Double jeopardy prevents re-trial for the "same offense" (*United States v. Dixon*, 509 U.S. 688, 696–98 (1993)), or on an issue "necessarily resolved" by the jury in the first trial (*Yeager v. United States*, 557 U.S. 110, 119-20 (2009)). If Mr. Brunst is acquitted (or convicted) here, can he be subsequently prosecuted for conspiring to facilitate a prostitution business (call it "XYZ") not among those used as examples in the Response? If no, why not – where does the Indictment make clear that XYZ is included in Count 1? And if "scores of illegal prostitution enterprises" (Resp. at 7) are included in Count 1, how will we know that the jury "necessarily resolved" – let alone considered – XYZ? But if Mr. Brunst *could* be subsequently prosecuted, why? Where does the Indictment make clear that XYZ is excluded from the "scores of illegal prostitution enterprises" and the "majority of ads" from the Backpage website that are all included Count 1?

- The same **double jeopardy** problem exists for even those business enterprises described as examples in the Response. No matter the result of the trial, on what basis can Mr. Brunst later say that the jury necessarily made a finding as to facilitation of, for example, "Dollar Bill," rather than "P.R" or some other, unidentified alleged pimp or prostitute?

- An indictment must "inform the court of the alleged facts so that it can **determine the sufficiency of the charge**." *Bernhardt*, 840 F.2d at 1445. An indictment that does not include an essential element, fails to provide

---

[2] Mr. Brunst and the other defendants have filed a Motion to Dismiss for Grand Jury Abuse discussing this very problem. Dkt. 780 at 14-15.

notice to the defendant, and does not enable the accused to plead double jeopardy is not sufficient. *Hamling v. US*, 418 U.S. 87, 117 (1974). Moreover, an indictment that alleges a conspiracy to "facilitate prostitution" (SI ¶ 196)—which is not a crime under federal law—is obviously not sufficient.

- If Mr. Brunst is convicted on Count 1, for which (if any) of Counts 2 through 51 does **Pinkerton** liability apply? *See* Resp. at 15-16. How can the Court say that a conviction on Count 1 as charged means that the jury necessarily concluded that Mr. Brunst specifically conspired to facilitate the business enterprise(s) of the unidentified prostitutes or pimps who supposedly posted the ads described in Count 30? Or Count 37? (Who posted those ads – or any of the ads in Counts 27-51 – anyway? The Indictment does not say.) Or any of the substantive Travel Act counts? How does the Court know that the conviction was not based on facilitation of "Dollar Bill," none of whose ads are included in the 50 Travel Act counts?[3]

**Not a single other Travel Act case charges the offense as the Indictment does here;** there is simply no precedent for what the government is trying to do. None of the government's citations support the notion that a Travel Act count can charge promotion of prostitution in general, or promotion of a myriad (millions) of disconnected individuals – most unidentified – who may on their own qualify as business enterprises but who together are nothing more than diffuse, "individual" and "isolated" violators who do not qualify as a single business enterprise. *See United States v. Gallo*, 782 F.2d 1191, 1194 (4th Cir. 1986).

The cases cited by the government are inapposite. First, the government cites two cases which alleged Travel Act violations for which the unlawful activity was bribery, i.e., where the statute specifically *does not require* a business enterprise to be alleged. Resp. at 8-9 (citing *Perrin v. United States*, 444 U.S. 838 (10th Cir. 1985) and *Welch*, *supra*, 327 F.3d 1081). Indeed, *Welch* specifically notes that the "business enterprise" requirement for prostitution offenses demonstrates that the Travel Act "clearly . . . inten[ds] to treat . . .

---

[3] The Indictment alleges nothing about the 25 "GFE" ads in Counts 27-51 except for the dates they purportedly were published and certain snippets of text alleged to have been in the ads. The Indictment does, however, make clear that those 25 ads were published more than a year after Messrs. Larkin, Lacey, Brunst, and Spear sold their interests in the site (¶¶ 29, 201) and that during the time they owned the website and for nearly a year after they sold it, Backpage deleted all "GFE" ads (¶ 148).)

bribery . . . differently from . . . prostitution offenses." *Id.* at 1091 (quoting *Unites States v. Wander*, 601 F.2d 1251, 1258 (3d Cir. 1979). These bribery cases are irrelevant to the question at hand.

Second, the government cites drug cases in which there was *a single* business enterprise alleged and referenced in the Indictment. Resp. at 8-9 (citing *United States v. Davis*, 780 F.2d 838 (10th Cir. 1985) and *United States v. Tavelman*, 650 F.2d 1133 (9th Cir. 1981)). Neither involved a boundless conspiracy to facilitate drug distribution *in general* (e.g., by millions of disconnected and unidentified business enterprises), which would be the equivalent of the charge here.[4] Thus none of the issues relevant here were discussed or decided.

Where is the case that allows the government to charge a conspiracy to "facilitate prostitution" in general, as Count 1 does here? It simply does not exist.[5]

### B. Counts 2 through 51 Suffer a Similar Defect.

The government erroneously argues that Counts 2 through 51 are sufficiently alleged because the counts "track the language of the Travel Act and allege that Defendants used the internet 'with intent' to promote or facilitate unlawful activity by publishing each of the 50 ads detailed in Counts 2-51." Resp. at 2:8-10; *see also* Resp. at 10 ("[A]lleging that Defendants had an 'intent to promote an unlawful activity' is sufficient.") The cases cited by the government – e.g. *Tavelman*, *Welch*, *Childress, Muskovsky* (Resp. at 10) – all stand only for the proposition that intent to facilitate "unlawful activity" is an element of a Travel Act offense. That is correct. But the problem

---

[4] The defendants in *Tavelman* challenged their indictment on the grounds that it failed to allege an overt act in furtherance of the unlawful intent, not that it failed to allege a business enterprise. *Tavelman*, 650 F.2d at 1138.

[5] As discussed, Count 1 is not limited in any respect to particular business enterprises, whether those mentioned in the Response or otherwise. But if the count were so limited, it would be duplicitous in charging multiple offenses in a single count – the crime available under the Travel Act is facilitation of any "business enterprise" in the singular, not in the plural.

here is that, as to prostitution, the Travel Act defines the "unlawful activity" that must have been intentionally facilitated one way, and the Indictment defines it another. In fact, the actual language of *the Indictment defines that "unlawful activity" in a way that does not comport with the statute*: "to wit: prostitution offenses." SI ¶ 201. The Indictment's language is akin to that necessary to charge facilitation of bribery, extortion, or arson offenses, which the text of the Travel Act makes clear are "treat[ed] . . . differently from gambling, liquor, narcotics, and prostitution offenses." *Welch,* 327 F.3d. at 1091.

**Counts 2 through 51 *do not* "track the language" of the statute, and instead, manifest a very different charge than is available under the Travel Act.** This matters because, as charged, Counts 2 through 51 require no nexus between the Mr. Brunst's intent and the business enterprise that submitted the allegedly offending advertisement, whereas the statute *does* require intentional facilitation of that business enterprise by Mr. Brunst.

While the government may have intended to charge a crime in conformity with the statute, it most certainly did not and the Court cannot now presume that Mr. Brunst was properly charged. *See United States v. Manes*, 420 F. Supp. 1013, 1018 (D. Or. 1976), *aff'd,* 549 F.2d 809 n.7 (9th Cir. 1977) ("the government is bound by the language of the indictment"); *United States v. Davis*, 461 F.2d 83, 91 (5th Cir. 1972) ("Since the Government chose to charge [the offense] in a particular manner, we hold that in any conviction pursuant to that indictment the prosecution is bound by the particular allegations contained therein and it cannot obtain a conviction by proof of a violation of the same statute in a manner not alleged."); *see also United States v. Pinson*, 860 F.3d 152, 171 (4th Cir. 2017) ("Importantly, the government is bound by the phrasing it uses in the indictment, even if it chooses to use more specific language than necessary.") The "unlawful activity" that the grand jury was asked to consider and with which Mr. Brunst is charged as having facilitated is <u>not</u> the "unlawful activity" that the Travel Act makes criminal facilitation of.

### C. The Intent Alleged Does Not Comport With the Statutory Requirement.

The government does not dispute that specific intent is an element of the Travel Act. Mot. at 9-11. It instead misconstrues the Motion as arguing the words "specific intent" must appear in the Indictment. Resp. at 9-11. Mr. Brunst does not so contend. And he agrees that whether he actually *possessed* the requisite intent is a jury question. *Id*. But, the correct intent must be *alleged* in the Indictment, and here, all of the charges fail in that regard.[6]

Counts 2 through 51 are discussed above. Mr. Brunst is charged with having intended to facilitate "unlawful activity, to wit: prostitution offenses." SI ¶ 201. This is not the intent required by the Travel Act. The allegation thus does not conform to the statute.

Count 1, as discussed, likewise alleges over and over again that Mr. Brunst "intended to promote or facilitate prostitution." *See, e.g.* Resp. at 3 (citing SI ¶ 10); Order (Dkt. 793) at 8 (the SI alleges "a conspiracy to facilitate and promote prostitution"). Indeed, he is charged with having "**knowingly and intentionally** agreed, confederated, and **conspired** . . . **to commit the following offenses against the United States**: 18 U.S.C. § 1952(a)(3)(A) (Travel Act – **Facilitate Prostitution**)." Intentionally facilitating prostitution is not a crime cognizable under the Travel Act (as compared to intentionally facilitating bribery). Nothing in the Indictment fixes this problem. The fact that certain exemplar business enterprises may be identified in the overt acts does not change the actual charge. There is no allegation anywhere in the Indictment regarding Mr. Brunst's (or any other defendant's) knowledge or intent as it relates to *any* business enterprise. "[A]n indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring

---

[6] The defects identified herein also suggests, as discussed in the Motion to Dismiss for Grand Jury Abuse, Dkt. 780 at 14-15, that the grand jury was misinstructed as to the elements of the offense.

dismissal of the indictment." *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) (quoting *United States v. DuBo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

### D. The Money Laundering Charges Must Be Dismissed.

The government is correct that a defendant may be convicted of a money laundering offense even if he did not commit the underlying offense. Here, however, the money laundering charges are premised on Travel Act counts that do not allege a crime.[7] Therefore, the government's answer is no answer at all and the money laundering charges also cannot stand. *See, e.g., United States v. D'Alessio*, 822 F. Supp. 1134, 1146 (D.N.J. 1993) (finding that after dismissal of invalid mail fraud counts which served as "specified unlawful activity" for money laundering charges, "there is no basis upon which to support the money laundering charges" and dismissing those as well).

Each money laundering charge incorporates all of the prior paragraphs and charges by reference. SI ¶¶ 202, 204, 206, 208, 210. This means that the improper definition of "unlawful activity, to wit, prostitution" (SI ¶ 201) – rather than "any business enterprise involving . . . prostitution" – serves as the basis for each money laundering count. Since use of the internet to facilitate an activity that does not qualify under the Travel Act as an "unlawful activity" is not a crime, transacting in the proceeds of such facilitation, or promoting or concealing such facilitation, is not money laundering. One need only imagine that the government defined "unlawful activity" for purposes of the Travel Act as some other activity which does not fit within the Travel Act statute – e.g., "to wit, robbery" – to understand that transacting in proceeds of that ill-charged Travel Act "violation" does not result in money laundering. *See* 18 U.S.C. 1952(b) (defining "unlawful activity" as restricted to certain, specific activity). Once the Travel Act charges are examined through the proper statutory lens, the money laundering charges must fall as well.[8]

---

[7] The fact that others may have improperly evaluated the charges and pleaded guilty (Resp. at 16-19) is of no moment to whether the Indictment properly alleges a crime.

[8] Importantly, the money laundering charges are premised on the alleged Travel Act

### E. Defendants' Motion is not a Sur-reply to Any Prior Motion.

The government wrongly contends that the instant Motion is an improper Sur-Reply to a prior motion to dismiss (Dkt. 561) that the Court recently denied (Dkt. 793). Defendants' prior motion to dismiss addressed intricate constitutional questions raised by the First Amendment implications of this case. Dkt. 561. The instant Motion requires only reading the statutory requirements and comparing them to the allegations in the Indictment. Indeed, the Court's recent Order (Dkt. 793) does not even discuss the fact that the "business enterprise" element is missing from the Indictment – the principal basis for this Motion. That Order makes clear that nothing raised in the instant Motion has been previously addressed: the Court found only that: (1) "the SI [does not] impermissibly presume[] the alleged offending ads are unlawful" (Order at 9-12); (2) the SI allegations are sufficient to allege that the Defendants' conduct is not protected by the First Amendment (Order at 12-15); (3) Defendants' arguments regarding the *mens rea* required by "the First Amendment" are unavailing (Order 15-20); and (4) the Travel Act is not unconstitutional as applied" (Order at 20-22).

The government's objection that this Motion is a do-over is therefore flat-wrong. Although this Motion necessarily addresses the requisite *mens rea* under the Travel Act, it does so in connection with the government's failure to plead the "business enterprise" element, separate and distinct from any First Amendment considerations. *Compare* Order (Dkt. 793) at 15:16-20 ("That is, Defendants argue the First Amendment requires the Government to prove that each Defendant was aware of each ad that make up the fifty Travel Act counts and knew that each ad proposed illegal transactions. The Court is not persuaded that the First Amendment demands such a standard."). The government's attempt to sidestep the statutory requirements of the Travel Act is unavailing.

---

violations (i.e., the facilitation of prostitution), not the alleged prostitution itself. Indeed, while a Travel Act violation is a "specified unlawful activity" for money laundering crimes, prostitution is not. 18 U.S.C. §1956(c)(7).

## III. CONCLUSION

The government has charged crimes that do not exist. It takes this impermissible approach because it must; when forced to identify the purported business enterprises, it cannot muster any allegations that Mr. Brunst knew of or had anything to do with those enterprises, let alone that he specifically intended to facilitate them. *See* Resp. at 4:26-27 (alleging only that Ferrer had "extensive communications" with "P.R"); *id.* at 4:23-25 (alleging only that unspecified "Backpage personnel coached victims or pimps" [there are no allegations in the Indictment that Mr. Brunst did so]); *id.* at 5:7-10 (conceding that Mr. Brunst was not on emails referencing the term "GFE."); *id.* at 5 n.2 (conceding that Mr. Brunst never corresponded with "Licks A lot" and "Dollar Bill," or even knew of their existence).

The government's approach not only is inconsistent with the statutes at issue, but it raises a host of due process and constitutional problems that proper pleading would avoid. The missing elements are not a minor matter, but instead render the Indictment so deficient that it must be dismissed.

DATED: October 30, 2019

Gary S. Lincenberg
Ariel A. Neuman
Gop K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____/s/ Ariel A. Neuman_____
Ariel A. Neuman
Attorneys for Defendant John Brunst

3611272.4

11

Case No. 2:18-cr-00422-PHX-SMB
REPLY IN SUPPORT OF JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY ELEMENTS OF THE TRAVEL ACT

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for John Brunst