MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO VAUGHT'S MOTION TO SEVER<br>(Doc. 784)** |

**Preliminary Statement**

Defendant Joye Vaught filed a motion to sever her trial from those of her co-defendants even though all the defendants are jointly charged with a criminal conspiracy. Defendant asserts the Court should sever her based on: (1) "starkly different" acts she committed; (2) evidence against other defendants that she claims would unfairly prejudice her; (3) the government's "likely" use of co-defendants' statements; and (4) speculation that co-defendants "may have exculpatory information that assists Ms. Vaught's defense." These arguments lack legal and factual support, and Defendant's motion should be denied.

**Factual Background**

Defendant Vaught is one of six defendants pending trial on the 100-count Superseding Indictment (Doc. 230) (SI). Out of those 100 counts she is charged with Counts 1-51, which include both a conspiracy under 18 U.S.C. § 371 to violate the Travel Act, and 50 substantive Travel Act counts. The SI includes several specific allegations against Vaught. These include that she "served as Backpage's assistant Operations Manager" and that she, along with her co-defendants, was "aware that the vast majority of the 'adult' and 'escort' ads appearing on Backpage were actually ads for prostitution and took steps to intentionally facilitate that illegal activity." (SI¶¶7-8.) One of the primary strategies Defendants utilized to conceal the true nature of the ads posted on Backpage was to use "computerized filters and human 'moderators' to edit the wording of (or block) ads that explicitly offered sexual services in return for money." (SI¶11.) Defendants Padilla and Vaught supervised Backpage's moderators. (SI¶117.) By 2015, Backpage considered Vaught for a promotion because "[h]er strengths include six years of managing moderators." (SI¶157.)

In her supervisory and managerial role, the SI alleges Vaught both knew and contributed to Backpage's intentional facilitation of prostitution. For example, in 2013 Vaught "was informed by a moderator that Backpage wasn't diligently pursuing reports of child exploitation." (SI¶133.) In 2014, Vaught sent an email to Backpage's moderators that explained, "if a moderator came across an ad containing a link to a 'sex for money'

website, the moderator should add the link to a list of banned terms but 'don't bother removing it from the current ad.'" (SI¶139.) In early 2016, Vaught participated in Backpage's decision to stop removing ads that contained the phrase "GFE," which is shorthand for "girlfriend experience" and is a coded term for prostitution. (SI¶¶148-49.) Vaught permitted this practice to occur despite knowing GFE was a sex phrase and coded term for prostitution. (SI¶149.)

The allegations against Vaught in the SI do not constitute the universe of evidence the government will present at trial. There are, for example, additional emails that prove Vaught's participation in the criminal conspiracy. Some of these emails are documented in the report produced by the United States Senate Permanent Subcommittee on Investigations entitled BACKPAGE.COM'S KNOWING FACILITATION OF ONLINE SEX TRAFFICKING (Senate Report or SR).[1] For example, the Senate Report details an email exchange where Vaught takes exception to a moderator's decision to report an ad to the National Center for Missing and Exploited Children (NCMEC). (*See* SR at 43.) The moderator reported an ad to NCMEC based on a belief that the person in the ad "look[ed] young." (*Id.*) Vaught explained that she "probably wouldn't have reported this one." *Id.* The moderator responded that the girl or woman in the ad "looked drugged and has bruises," which are obvious indications of trafficking. (*Id.*) Vaught responded by suggesting the person in the ad looked older than 18 and added: "These are the kind of reports that the cops question us about. I find them all the time, it's just usually you who sends them [to NCMEC]." (*Id.*) In another email from 2016, Vaught requested that contract moderators "not use the phrase 'promoting sex' they should say 'adult ad' instead. There is a big difference." (*Id.* at 38.)

---

[1] https://www.hsgac.senate.gov/imo/media/doc/Backpage%20Report%202017.01.10%20FINAL.pdf

The allegations in the SI and the evidence the government will introduce at trial demonstrate that Vaught played an active role in the criminal conspiracy to facilitate prostitution in violation of the Travel Act.

**Argument**

Defendant Vaught seeks severance based on Federal Rule of Criminal Procedure 8, Federal Rule of Evidence 403, certain Ninth Circuit case law, and *Bruton v. United States*, 391 U.S. 123 (1968). None of her arguments has merit.

**I.      Rule 8(b) Supports a Joint Trial—Not Severance.**

Under Fed. R. Crim P. 8(b), multiple defendants may be charged in a single indictment if they are alleged to have participated in the same criminal acts or offenses. The Supreme Court has noted "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Joint trials play a vital role in the criminal justice system. . . . [because] [t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (internal citations omitted). The Ninth Circuit has found "[c]o-defendants jointly charged are, *prima facie*, to be jointly tried." *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980). And "[j]oint participation in a criminal activity means a joint indictment and a joint trial." *United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984). The presumption in favor of joint trials is most compelling in cases where a conspiracy is charged. *United States v. Freeman*, 6 F.3d 586, 589 (9th Cir. 1993).

Defendant attempts to rebut this presumption in favor of joint trials by relying on a single case with a wholly different fact pattern, *United States v Satterfield*. 548 F.2d 1341 (9th Cir. 1977). (Doc. 784 at 4.) In *Satterfield*, the Ninth Circuit held that a defendant, who only participated in two of the five bank robberies set forth in the indictment, was improperly joined with his co-defendant, who committed all five robberies. *Id.* at 1344. The Court found that "a mere showing that the events occurred at about the same time, or that the acts violated the same statutes, is not enough." *Id.* at 1344.

During Defendant's discussion about *Satterfield*, she fails to mention that unlike the SI, the government did not charge Satterfield with conspiracy. Indeed, in support of not severing Vaught here, the *Satterfield* court found that a conspiracy count provides the basis for a joinder of defendants under Rule 8(b). *Satterfield*, 548 F.2d at 1343 & n.2. ("The indictment, moreover, did not charge the defendants with conspiracy."). In distinguishing a case where conspiracy had been charged, the Ninth Circuit found: "There, the defendants were jointly indicted for conspiracy to import heroin. The conspiracy allegation in the indictment provided the basis for joinder of the defendants under Rule 8(b)." *Id.* at 1345 n.2. If Satterfield had been charged with conspiring to commit bank robberies with his co-defendant, rather than with individual bank robberies, the result likely would have been different. *Id.; see also Kotteakos v. United States*, 328 U.S. 750, 773 (1946) ("When many conspire, they invite mass trial by their conduct.").

The fact that Vaught is charged with a criminal conspiracy is sufficient to defeat her argument for severance. But even if the SI did not include a conspiracy count, the allegations against Vaught are "virtually identical" to the other defendants such that severance would not be warranted. (*See, e.g.,* SI¶¶77-79, 93, 99, 117, 128-129, 132-133, 137, 139, 145, 148-149, 185); *United States v. Patterson*, 455 F.2d 264, 265 (9th Cir. 1972) (joinder is proper when the indictment alleges "virtually identical" conduct among defendants). Under these facts, Rule 8(b) supports a joint trial.

**II.  Neither Federal Rule of Evidence 403 Nor Federal Rule Criminal Procedure 14 Supports Severance.**

Defendant's second argument is that Rule 403 requires severance. In support of this position, she cites to one case decided by the Seventh Circuit that discussed Rule 403, but not in a severance context.[2] *See United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989). Defendant doesn't rely on Fed. R. Crim. P. 14, which states: "If the joinder of . . . defendants in an indictment . . . for trial appears to prejudice a defendant or the government,

---

[2] The government could not find any cases that evaluated a motion to sever under Rule 403.

- 5 -

the court may . . . sever the defendants' trial." Rule 14, which is entitled "Relief from Prejudicial Joinder," appears to be the appropriate rule in this context, not Rule 403.

Under Rule 14, a defendant seeking severance bears the burden of demonstrating that a joint trial will cause "clear, manifest, or undue prejudice" such that she will be denied a fair trial. *Freeman*, 6 F.3d at 589. "Since some prejudice is inherent in any joinder of defendants, if only 'some' prejudice is all that need be shown, few, if any, multiple defendant trials could be held." *United States v. Vaccaro*, 816 F.2d 443, 457 (9th Cir. 1987), *overruled on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988). Defendants are not entitled to severance "merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540. Likewise, that there may be more incriminating evidence against one defendant than another is insufficient to justify a separate trial. *Marcello*, 731 F.2d at 1360.

Defendant argues she should be severed because the government "will devote a large amount of time in its case-in-chief to the codefendants' conduct and its evidence against them." (Doc. 784 at 6.) That's true. The government will present evidence at trial against all six defendants. But Defendant is charged with a criminal conspiracy, and as this Court has recently noted, "the overt act[s] of one partner may be the act of all without any new agreement specifically directed to that act." (Doc. 793 (citing *United States v. Pinkerton*, 328 U.S. 640, 646-47 (1946)).) Defendant also argues the allegations in the SI include descriptions of women who were killed after they were advertised on Backpage. (Doc. 784 at 6.) That's evidence the government will seek to introduce against Vaught whether she's tried by herself or with the other defendants. If Defendant believes the government should not be permitted to offer certain evidence, her avenue for relief is through a motion in limine, not severance.

**III.    *Bruton* Does Not Support Severance.**

Defendant next argues that *Bruton* requires severance based on the government introducing "public and private statements" made by co-defendants Lacey, Larkin and Padilla. (Doc. 784 at 9 (citing *Bruton v. United States*, 391 U.S. 123 (1968)).) *Bruton*

stands for the proposition that the Sixth Amendment's confrontation clause precludes the admission of a non-testifying co-defendant's confession, because the effect of the evidence would make it difficult for a jury to obey the trial court's limiting instruction. *Id.* *Bruton* issues may be avoided by redacting the statements to remove references to the defendant. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). The redactions, though, need to avoid giving too many details that help to identify the defendant, even when her name isn't used. *Gray v. Maryland*, 523 U.S. 185, 189 (1998).

Vaught isn't specific about what co-defendants' statements concern her. Without more specificity the government is hard-pressed to respond. The six defendants who are scheduled for trial have not offered any confessions to the government. If Defendant is concerned about emails or statements made by her co-defendants, that evidence will be admissible against her if the communications relate to the conspiracy. (Doc. 793 at 19 ("overt acts of one partner may be the act of all").) There are two defendants who have already pleaded guilty who will be testifying at trial, but *Bruton* doesn't apply to testifying witnesses. Trial courts within the Ninth Circuit have found that statements that aren't "powerfully incriminating" do not fall within the scope of *Bruton*. *See United States v. Boyd*, 78 F.Supp.3d 1207, 1213 (N.D. Cal. 2015). When a statement is not "directly incriminatory" and "does not implicate [the defendant] expressly" then *Bruton* would not apply. *Id.* If Vaught has certain statements in mind the government could address those specific concerns, but currently there are no identified statements by any of her co-defendants that would violate *Bruton*.

**IV.    Defendant's Sixth Amendment Argument Fails.**

Defendant's final argument is a vague and conclusory attempt to frame Vaught's co-defendants as exculpatory witnesses. As an initial matter, Vaught provides no specificity about what her co-defendants would testify to beyond "[Vaught's] limited role at the company." (Doc. 784 at 10.) If Vaught actually believed that her self-described "limited-role"[3] were exculpatory, surely she could find other former-Backpage employees

---

[3] This purported description of her role is contradicted both by the allegations in the SI and

whom she could call as witnesses. Here, Vaught has given no indication that her co-defendants could, much less would, testify on her behalf even if her trial was severed.

Defendant's argument would likely fail even if her co-defendants did have exculpatory testimony to provide and were willing to testify. In those scenarios, the Ninth Circuit has ruled that severance is not required. *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978) (affirming denial of severance motion when a co-defendant agreed to provide exculpatory testimony for another defendant, but only if trials were severed). "The 'great mass' of cases refuse to grant a severance despite the anticipated exculpatory testimony of a co-defendant. . . . Motions for severance so that a defendant may be able to call a codefendant to the stand are usually denied." *Id.* (citing C. White, Federal Practice and Procedure: Criminal § 227 n.13). The *Gay* court recognized a defendant may not call a co-defendant to the witness stand in a joint trial. *Id.* at 918. A defendant has no absolute right to elicit testimony from any witness he desires because the witness may be unavailable for many reasons, including death, incapacity, or the witness's refusal to testify due to privilege. *Id.* at 919. "Under this clear holding, the Court is not required to try Defendant separately so that she may call a co-defendant as a witness who may or may not exculpate her, especially where there has been no showing that a co-defendant would actually do so." *United States v. Owensby*, 2007 WL 9697631, at *2 (D. Mont. July 30, 2007). Defendant's Sixth Amendment argument in support of severance is unavailing.

## **Conclusion**

Defendant Vaught is charged in a criminal conspiracy and is facing a joint trial with five co-conspirators. Due to the nature of the criminal conduct in the SI, joinder was permissible under Rule 8, and Vaught has failed to show any prejudice that would permit this Court to sever her under Rule 14. The Sixth Amendment and *Bruton* provide no support for Defendant's motion. For these reasons, Vaught's motion should be denied.

---

the Senate Report.

Respectfully submitted this 27th day of November, 2019.

         MICHAEL BAILEY
         United States Attorney
         District of Arizona

         *s/ Andrew C. Stone*

         KEVIN M. RAPP
         MARGARET PERLMETER
         PETER S. KOZINETS
         ANDREW C. STONE
         Assistant U.S. Attorneys

         JOHN J. KUCERA
         Special Assistant U.S. Attorney

         BRIAN BENCZKOWSKI
         Assistant Attorney General
         U.S. Department of Justice
         Criminal Division, U.S. Department of Justice

         REGINALD E. JONES
         Senior Trial Attorney
         U.S. Department of Justice, Criminal Division
         Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Angela Schuetta*
Angela Schuetta
U.S. Attorney's Office