# **Exhibit A**

**EXHIBIT A**

**UNITED STATES' RESPONSE
TO DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF *BRADY* MATERIAL
[Doc. 777]**

The government notes herein its specific responses to Defendants' 30 categories of requests in Defendants' Motion to Compel *Brady* (Doc. 777, Mot. at 10-13). For the reasons set forth in the Government's Response, and the specific reasons set forth below, Defendants' requests should be denied. The following responses are all subject to the general points, namely the government is well-aware of its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 and will continue to fully comply with them.

**1. Request:** Past statements by Department of Justice officials to Congress about prosecuting websites that publish advertisements posted by third parties.

**Response:** The Court's October 24, 2019 Order addresses the irrelevance of these statements to this case. (Doc. 793 at 17-18 ("the previous statements made by the Government in other cases are not binding on the Court, not relevant to this prosecution, and, in any case, not inconsistent with the Government's current theory regarding the Travel Act").)

**2. Request:** Past statements by legislators that "current federal criminal law…presently lacks proper prosecutorial tools to combat [Backpage]" and "general knowledge that sex trafficking occurs on a website will not suffice as the knowledge element must be proven as to a specific victim."

**Response:** As with the above request, the Court's October 24, 2019 Order indicates that any such statements concerned different statutes than the ones Defendants are charged with violating here. (Doc. 793 at 18.) Thus, any such material is irrelevant to this case.

**3. Request:** All communications to and from any federal, state, or local elected officials relating to the possible criminal prosecution of Backpage or its personnel.

**Response:** No federal, state, or local elected officials have participated in the government's investigation of Defendants. As such, the government is not in possession of any such communications for purposes of Rule 16, *Brady*, or 18 U.S.C. § 3500.

**4. Request:** All communications to and from any local, state, or federal law enforcement agents, officers, investigators, prosecutors, and other officials involved in any manner with the investigation or prosecution of Backpage or its directors, officers, or employees.

**Response:** Defendants' request for "all communications" is broadly written and clearly more of a fishing expedition than a request for material information. That said, the government has complied with its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 in producing communications in its possession to and from any law enforcement agents, officers, investigators, prosecutors, and other officials participating in the government's investigation of Defendants. *See United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (a "prosecutor need not comb the files of every federal agency which might have documents, the disclosure should turn on the extent to which the prosecutor has knowledge and access to the documents").

**5. Request:** All communications to and from NCMEC relating to the possible criminal prosecution of Backpage or its directors, officers, or employees.

**Response:** The government has complied with its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 in producing communications to and from NCMEC that are in its possession.

**6. Request:** All communications to and from any civil plaintiff's lawyers representing alleged sex trafficking victims, or advocacy organizations involved with sex trafficking, relating to the possible criminal prosecution of Backpage or its personnel.

**Response:** It is unclear on what authority the government would be obligated to produce these communications (assuming they even exist). Nevertheless, the government has complied with its obligations pursuant to Rule 16, *Brady*, and 18 U.S.C. § 3500.

**7. Request:** All communications to and from local, state, and federal law enforcement agents, officers, investigators, prosecutors, and other officials involved with the investigation or prosecution of Backpage or its directors, officers, or employees.

**Response:** Defendants' request for "all communications" is broadly written and clearly more of a fishing expedition than a request for material information. That said, the government has complied with its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 in producing communications in its possession to and from any law enforcement agents, officers, investigators, prosecutors, and other officials.

**8.  Request:** All documents from NCMEC relating to Backpage, the posting of advertisements for unlawful purposes (including sex trafficking) on Backpage, and the inability of a website operator such as Backpage to determine whether adult-oriented postings relate to lawful activities or unlawful activities or to determine whether adult-oriented postings relate to adults or minors.

**Response:** The government has complied with its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 in producing documents in its possession from NCMEC.

**9.  Request:** All communications between Backpage and NCMEC relating to reports by Backpage of possible unlawful activity involving minors.

**Response:** The government has complied with its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 in producing communications between Backpage and NCMEC relating to reports by Backpage of possible unlawful activity involving minors. Also, *see* Exhibit B at 5.

**10.  Request:** All documents evidencing, and all commendations from law enforcement relating to Backpage's cooperation in any criminal investigations.

**Response:** As noted in other pleadings and correspondence the government does not share the view that commendations from law enforcement to Backpage for the cooperation with criminal investigations (*i.e.*, subpoena compliance, trial testimony that included authenticating ads in human trafficking and prostitution criminal trials, etc.) constitutes *Brady* material. Among other reasons, the same law enforcement personnel were unaware of the internal business practices of Backpage (*e.g.*, a relationship with The Erotic Review, aggregating content from other prostitution websites, and affiliated relationships with people like Dollar Bill, among other things). Accordingly, at trial, the government expects that the testimony from law enforcement personnel (that provided commendations to Backpage) will include that if they had known about Backpage's true business practices they would not have provided such commendations.

In any event, Defendants' request for "all documents" and "all commendations from law enforcement" is broadly written and clearly more of a fishing expedition than a request for material information. That said, the government has complied with its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 in producing documents in its possession relating to Backpage's purported cooperation with law enforcement. *Bryan*, 868 F.2d at 1036; *United States v. Glass*, 635 F. App'x 20, 22 (3rd Cir. 2015) ("*Brady* does not require a prosecutor to learn of information possessed by other government actors that have no involvement in the investigation or prosecution at issue."). Also, *see* Exhibit B at 4.

3

**11. Request:** All communications to and from Nanci Clarence, or any lawyers representing Mr. Ferrer or Backpage, and all communications to and from K.C. Maxwell or any lawyers representing Mr. Hyer, respectively, that relate in any manner to plea negotiations or the plea agreement and all documents to or from the government and any local, state, or federal law enforcement agents, officers, investigators, prosecutors, and other officials relative to Mr. Ferrer and Mr. Hyer that relate to the plea negotiations or plea agreement and all writings subsequent to said plea agreement.

**Response:** Defendants provide no authority for this request. The government is not obligated to produce information concerning communications with counsel for witnesses if the information does not bear on the credibility of the witness. *United States v. Buske*, 2009 WL 2912707, at *4 (E.D. Wis. July 18, 2011) ("[D]isclosure of communications regarding 'the negotiation process' by which any immunity or leniency agreements were reached would be unnecessary so long as the final agreements between [the witnesses] and the government were fully and accurately reflected in the plea agreements and proffer letters defendants already had.").

Similarly, the government has produced to Defendants the final plea agreement and cooperation addendum which includes all of the terms of its agreements with Mr. Ferrer. *United States v. AU Optronics Corp.*, 2011 WL 6778520 (N.D. Cal. Dec. 23, 2011). Under *Giglio*, a defendant is not entitled to "all documentation related to any plea agreements," but rather only material "relevant to the credibility of the government's witnesses." *Id.* at 2.

**12. Request:** All documents sent by Backpage to law enforcement (or *vice versa*) relating to Backpage cooperating with law enforcement efforts.

**Response:** Defendants' request for "all documents sent by Backpage to law enforcement" is broadly written and clearly more of a fishing expedition than a request for material information. That said, the government has complied with its obligations under Rule 16, *Brady*, and 18 U.S.C. § 3500 in producing documents in its possession sent by Backpage to law enforcement (or *vice versa*) relating to Backpage's purported cooperation with law enforcement efforts. *Bryan*, 868 F.2d at 1036; *see also Glass*, 635 F. App'x at 22.

**13. Request:** All Department of Justice memoranda relating to the department's understanding of the applicable law governing Backpage during the relevant time periods.

**Response:** Defendants have offered no explanation of why "all DOJ memoranda relating to the department's understanding of the applicable law governing Backpage" (if such memoranda even exists) is material or constitute *Brady* material. Further, if such internal memoranda exists, Defendants would not be entitled to

4

these materials even under the most expansive reading of Rule 16 and *Brady*. *Brady* is not meant to "displace the adversary system"; "the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused, that, if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 685 (1985). The government's November 16, 2018 letter to Defendants also addresses this request. Also, *see* Exhibit B at 5 ("materials encompassing only an attorney's mental impressions or legal theories does not constitute *Brady*.") *Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006).

**14.   Request:** Any plea bargain, immunity agreement, explicit or implied agreement, or any other promises any witness has received or will receive from any federal, state, or local authority in exchange for his or her testimony or cooperation in this case or in any other case—including, but not limited to any express or implied agreements not to seek to seize or forfeit assets that would be forfeitable under the theories the government is asserting to seize and seek to forfeit the Defendants' assets.

**Response:**   The government has produced and will continue to produce to Defendants applicable agreements witnesses have received.  The government understands its continuing obligation under *Brady*.

**15.   Request:** Any information suggesting any bias, prejudice or motive that a witness may have for testifying falsely against the Defendants.

**Response:**  The government has complied with its obligations under Rule 16 and *Brady*.

**16.   Request:** All promises, agreements, benefits, monies or anything of value whatsoever made to or provided to a witness, his/her family or friends by federal, state or local authorities in this matter or any other matter—including, but not limited to, any express or implied agreements not to seek to seize or forfeit assets that would be forfeitable under the theories the government is asserting to seize and seek to forfeit the Defendants' assets.

**Response:** The government has produced to Defendants applicable agreements witnesses have received and understands its continuing obligation under *Brady*.

**17.   Request:** Any monies paid, or any other benefit provided, to any of the government's witnesses by the United States government or any other governmental agency that was in any way contingent upon the outcome of this or any other investigation as a result of information provided by any such witnesses.

**Response:** The government has complied with its obligations under Rule 16 and

*Brad*y and will continue to do so.

**18. Request:** All documents between a witness, or his/her representative, and the government relating to the negotiations of the plea bargain agreement or where the witness has offered or proposed testimony.

**Response:** The government has complied with its discovery obligations pursuant to *Brady*, Rule 16, and 18 U.S.C. § 3500. In addition, to "challenge the government's representation that it lacks *Brady* information, [a defendant] must either make a showing of materiality under Rule 16 or otherwise demonstrate that the government improperly withheld favorable evidence." *Lucas*, 841 F.3d at 808 (9th Cir. 2016).

**19. Request:** Proffers and statements made by an accomplice witness in negotiating a cooperation agreement with the government, along with information revealing the negotiation process, including but not limited to any and all variations in the accomplice witness' statements.

**Response:** First, this request is unclear, as it does not identify the accomplice witness to whom it refers. In any event, the government has complied with its obligations under *Brady*, Rule 16, and 18 U.S.C. § 3500. Further, the government will continue to comply with its obligations in the event additional statements come into its possession. Moreover, Defendants' reliance on *United States v. Sudikoff,* 36 F.Supp.2d 1196 (C.D. Cal. March 2, 1999) is misplaced. (Mot. at 13.) In *Sudikoff*, the government refused to produce any information regarding discussions between the government and a witness that predated an immunity agreement between the witness and government. *Id*. at 1197. The court ordered the government to produce any information that revealed variations in the testimony proffered before and after the witness entered the immunity agreement regardless of whether the government deemed the information "material." *Id*. at 1199, 1204. In sum, there are no instances where the government had discussions with before a witness entered into an immunity agreement.

Futhermore, *Sudikoff* improperly used *Brady* to create a right to criminal discovery. *See United States v. Padilla*, 2010 WL 4337819 (D.N.M. Sept. 3, 2010). In *Padilla*, the court recognized "the tension between Judge Pregerson's pretrial *Brady* standard and the Supreme Court's unambiguous holding that no constitutional violation occurs unless the United States withholds evidence material to guilty or punishment" and declined to follow *Sudikoff* because it would "effectively require the government to produce all information rather than conduct a materiality review" and would resemble "civil discovery rather than the standard that American courts have employed since *Brady v. Maryland*." *Id*. at *5; *see also United States v. Heine*, 314 F.R.D. 498, 503-05 (D. Or. 2016) (declining to follow *Sudikoff*); *United States v. Acosta*, 357 F.Supp.2d 1228, 1243 (D. Nev. Jan. 31, 2005) (rejecting the *Sudikoff*

6

standard and finding that materiality governs pretrial disclosures); *United States v. Weiss*, 2006 WL 1752373, at *3-4 (D. Colo. June 21, 2006) (*Sudikoff* "explicitly contradicts" the Tenth Circuit's *Brady* standard); *United States v. Causey*, 356 F. Supp. 2d 681, 696 (S.D. Tex. 2005) (acknowledging conflict between the *Brady* standard announced in *Sudikoff* and the Fifth Circuit standard). In all events, the government has complied with its discovery obligations, because the government has produced statements (in the form of FBI 302s or IRS ROIs) from proffers or interviews of witnesses.

**20. Request:** All documents, including the government's reports which indicates instances of illegal behavior of a witness or specific instances of misconduct which relate in any manner whatsoever to the witness' credibility. *See* Fed. R. Evid. 608(b). This request includes law enforcement reports relating to these instances.

**Response:** The government has complied with its discovery obligations pursuant to *Brady*, Rule 16 and 18 U.S.C. § 3500. However, if the government becomes aware of any additional information, it will produce that information in accordance with its *Brady* obligations.

**21. Request:** Any prior contrary statements made by the government witness.

**Response:** Again**,** the government has complied with its discovery obligations pursuant to *Brady*, Rule 16, and 18 U.S.C. § 3500. The government understands its continuing *Brady* obligations.

**22. Request:** The existence of any witnesses or witness statements favorable to the Defendants and "negative exculpatory statements."

**Response:** The government has complied with its discovery obligations pursuant to *Brady*, Rule 16, and 18 U.S.C. § 3500. The government again notes that the Court has previously denied Defendants' request for itemization of *Brady* materials, which is what Defendants are again seeking here. (Doc. 339 at 4-6.)

**23. Request:** Any threats, express or implied, direct or indirect, or other coercion made or directed against the witnesses, including but not limited to, criminal prosecutions, investigations, other incidents which are pending or could be brought against the witnesses.

**Response:** The government has complied with its discovery obligations pursuant to *Brady*, Rule 16, and 18 U.S.C. § 3500. The government understands its continuing *Brady* obligations.

**24. Request:** The existence and notification of each occasion upon which the witnesses testified before a court, grand jury, or other tribunal or made other statements so defendant can order transcript for use in cross-examination or investigation.

**Response:** It would exceed the requirements of *Brady* to require the government to describe, for each government witness, many of whom have many years of service, each occasion of testimony before any court, grand jury, or other tribunal or body. *United States v. Gurrola-Miranda*, 2014 WL 4792628, at *2 (D. Nev. Sept. 25, 2014) ("such requirement [requiring the government to notify defendants of each occasion a witness has testified] exceeds *Brady* requirements, and would be of marginal relevance or assistance to the defense").

**25. Request:** Any grand jury statements made of any witnesses which are favorable to the Defendants.

**Response:** The government has complied with its discovery obligations pursuant to *Brady*, Rule 16, and 18 U.S.C. § 3500. The government understands its continuing *Brady* obligations.

**26. Request:** The identity of any witnesses who testified before the grand jury and who will be unavailable to testify at trial.

**Response:** The government has complied with its discovery obligations pursuant to *Brady*, Rule 16, and 18 U.S.C. § 3500. The government understands its continuing *Brady* obligations.

**27. Request:** The names and addresses of any witnesses to offenses charged in the indictment whom the government does not intend to call at trial. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984). In regard to law enforcement in this case, whether there have been any prior instances of untruthful statements by the agents or any complaints filed with their governmental employer at any time relating to any incidents which relate to any manner whatsoever to the agents credibility. It is further requested that the prosecutor further personally review the personnel files for *Brady* material.

**Response:** The government will disclose its final witness list on February 21, 2020. The government notes that *Cadet* concerns the government's disclosure of names and addresses of <u>eye</u>witnesses. *Cadet*, 727 F.2d at 1468 ("a person who has actually witnessed a crime through any of his senses can either provide evidence which is favorable to the defense or which may tend to raise a reasonable possibility that the accused is guilty.").

Further, the government will fully comply with its duty to examine the personnel files of testifying federal officers for impeachment materials. *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). However, in complying with *Henthorn*, the government does not have to review the personnel files of state or local enforcement officers. *United States v. Dominiguez-Villa*, 954 F.2d 562, 565-66 (9th Cir. 1992). (Prosecution is under no obligation to turn over materials not under its control.) *Id.* at 566 (quoting *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991); *see also United States v. James*, 2015 WL 7291749, at *1 (D. Mont. Nov. 17, 2015). Thus, *Henthorn* only applies to federal officers or to information within the government's possession or control. *United States v. Origel*, 2010 WL 1654134, at *2-3 (D. Ariz. April 20, 2010) (Government not obliged to perform a *Henthorn* review of state law enforcement witnesses' files. Defendants should issue a subpoena request to the state for a specific file (the witnesses' personnel file) for a specific purpose (impeachment.)) *Id.* at 3.

Additionally, a prosecutor may not be ordered by a district court to conduct the *Brady* examination personally. *United States v. Jennings*, 960 F.2d 1488, 1491-92 & n.3 (9th Cir. 1992) (approving of policy that each agency examine its personnel files and notify the prosecutor of any potential *Brady* material, and then the prosecutor makes a determination whether the material should be disclosed). *See also United States v. Townsend*, 2014 WL 2115248, at *4 (E.D. Wash. May 21, 2014).

**28. Request:** Any reports prepared by the prosecution experts relating to the legality of the procedure used by government agents in the course of their investigation.

**Response:** The request is vague and confusing. In any event, the government has and will continue to disclose any expert witness materials in accordance with Rule 16(a)(1)(G), which requires that the expert summary shall contain a complete statement signed by the expert of all opinions to be expressed and the bases and reasons for the opinions; any data or information considered by the expert in forming the opinions; the qualifications of the expert, including a list of all publications by the expert within the past ten years, and a list of all cases for which the expert has testified as an expert in trial by deposition in the past four years. *United States v. Michael-Diaz*, 205 F.Supp.2d 1155, 1156 (D. Mont. 2002); *see also United States v. Cervantes*, 2015 WL 7734281 at *2 (N.D. Cal. 2015).

**29. Request:** Evidence that is inconsistent with a witness' testimony.

**Response:** The government is well aware of its obligations under Rule 16, *Brady* and, 18 U.S.C. § 3500 will continue to comply with them. The Court has already denied Defendants' request for itemization of *Brady* materials. (Doc. 339 at 4-6.)

**30.   Request:** On November 5, 2019, Defendants sent the government a letter asserting that it had failed to comply with its Rule 16 and *Brady* obligations by not providing them a server used to store Backpage's compliance with subpoena requests. (Exhibit C.)

**Response:**  On November 13, 2019, the government responded to Defendants letter articulating (1) that it had complied with its Rule 16 obligations regarding this server data; and (2) its position that this data does not constitute *Brady*. (Exhibit D.)  Also in its response, the government again offered to provide Defendants a copy of this server data at their expense. *Id.*