# Exhibit B

# feder law office, p.a.
attorneys and counselors at law

harold feder •
bruce feder ••

• admitted in arizona and wyoming
•• admitted in arizona and washington dc
•• certified specialist in criminal law
   state bar of arizona

biltmore lakes corporate center, suite 160
2930 e. camelback road
phoenix, arizona 85016

telephone (602) 257-0135
facsimile (602) 954-8737

November 12, 2019

**VIA EMAIL ONLY**

Reginald Jones Reginald.Jones4@usdoj.gov
Peter Kozinets Peter.Kozinets@usdoj.gov
John Kucera John.Kucera@usdoj.gov
Margaret Perlmeter Margaret.Perlmeter@usdoj.gov
Andrew Stone Andrew.Stone@usdoj.gov
Kevin Rapp Kevin.Rapp@usdoj.gov

   **Re: Status of Document Disclosure from Government "Taint" Team**

All:

  Soon after the date of the original indictment, the defense began requesting that the government and its agents (including any so-called "taint team") not read, or have access to, privileged and potentially privileged communications and other documents, including, but not limited to, any documents to/from/or referring to any attorney who or firm that represented the defendants or their respective entities (the "flagged documents").

  Several sets of pretrial motions addressed this subject. I believe the last discussion of this subject occurred at the 4/23/2019 status conference, pps. 7-12. Notwithstanding the defendants' objections to the use of a "taint" team, the court allowed the process and the government agreed to and/or was ordered to have its "taint" team, separate from the prosecution team, divide any flagged documents into categories that included, but were not limited to:

  First, documents that were privileged;
  Second, documents that may be privileged; and
  Third, documents that were not privileged.

  The first category of documents was not to be disclosed by the taint team to the prosecution team and were to be either destroyed and/or returned to the defense (or to an individual defendant, if unique to that particular defendant). The second category of documents was not to be disclosed by the taint team to the prosecution team, but were to be sent to the defense for review and, if appropriate, for the defense to file objections that would be resolved by the Court. The court allowed the taint team to provide the third category of documents to the prosecution team.

Case 2:18-cr-00422-DJH   Document 880-2   Filed 02/11/20   Page 3 of 4

2 | Page

I have inquired of all defense counsel and none indicate they have received any documents from the "taint" team, the prosecution team, or any other government source identified as being from the first, second, or third categories of flagged documents. Given the number of documents seized or otherwise obtained from the defendants and related entities, the very large number of lawyers and firms disclosed on the list the defense gave to the prosecution team, and the extremely large numbers of documents those lawyers sent, received, were copied on, or were mentioned in, the lack of disclosure of any documents in those categories is difficult to understand.

**Based on these circumstances, please provide, or have the "taint" team provide, as appropriate, the following information on or before November 25th, 2019:**

1. The names, job titles, and contact information for all persons, legal or non-legal, who have comprised the "taint" team since its inception;

2. The source/custodian for each group of documents reviewed by the "taint" team, the number of documents reviewed to date by the "taint" team from each source or custodian, whether the "taint" team has additional documents to review from each source/custodian, and, if so, the approximate number of documents from each source/custodian remaining to be reviewed;

3. If the "taint" team has identified any documents within the first category, please have it: a) disclose to the defense how many such documents it has identified; b) identify those documents for the defense, whether by bates number (if the defense would have the documents with those identifiers) or by description; c) certify to the defense if it has destroyed any such documents and identify any documents destroyed; and d) identify any such documents sent to the defense, when it sent them, and to whom it sent them.

4. If the "taint" team has identified any documents within the second category, please have it: a) disclose to the defense how many such documents it has identified; b) identify those documents for the defense, whether by bates number (if the defense would have the documents with those identifiers) or by description; and c) identify any such documents sent to the defense, when it sent them, and to whom it sent them.

5. If the "taint" team has identified any documents that would be within the first or second category except for the fact that the filter team concluded that the applicable privilege had been waived or that the document was subject to an exception to the applicable privilege, please: a) disclose to the defense how many such documents it has identified; b) identify those documents for the defense, whether by bates number (if the defense would have the documents with those identifiers) or by description; and c) identify any such documents that it provided to the prosecution team and the dates those documents were provided to the prosecution team.

6. If the "taint" team has identified any documents within the third category, please: a) disclose to the defense how many such documents it has identified; b) identify those documents for the defense, whether by bates number (if the defense would have the documents with those identifiers) or by description; and c) if the taint team has transmitted any documents within the third category to the prosecution team, please identify those documents and the dates those documents were provided to the prosecution team.

      7.    If any member of the prosecution team (including, but not limited to, prosecutors, agents of the FBI, IRS, or Homeland Security) have had access to any documents subsequently determined to be privileged or potentially privileged, please identify each such document by bates number (if the defense would have the documents with those identifiers) or by description and describe the circumstances that lead to the prosecution team being in the possession of the document.

      Please contact me or any other counsel if further discussion would help clarify this request. Thank you.

Very truly yours,

Bruce Feder

BF:aj
cc: Defense Counsel