Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Thomas H. Bienert, Jr. *(admitted pro hac vice)*
  tbienert@bienertkatzman.com
Whitney Z. Bernstein *(admitted pro hac vice)*
  wbernstein@bienertkatzman.com
BIENERT KATZMAN, PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>   vs.<br><br>Michael Lacey, et al.,<br><br>   Defendants. | CASE NO. 2:18-cr-00422-004-PHX-SMB<br><br>**DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO GOVERNMENT'S MOTION *IN LIMINE* TO DETERMINE ADMISSIBILITY OF EVIDENCE [DKT. 931]**<br><br>**[Expedited Ruling Requested]**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Assigned to Hon. Susan M. Brnovich<br>Courtroom 506<br><br>Trial Date:     August 17, 2020 |

Paul J. Cambria, Jr. *(admitted pro hac vice)*
  pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
  emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce Feder (AZ Bar No. 004832)
  bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
   david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
   joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Defendant Joye Vaught

Defendants seek an order requiring the parties to meet and confer regarding the admissibility of the evidence the government seeks to admit through its Motion *in Limine* to Determine Admissibility of Evidence (Dkt. 931), and holding the government's motion in abeyance in the interim.  Alternatively, Defendants seek an order extending their time to respond to the motion by one month, which would move Defendants' response date from May 8, 2020, to June 8, 2020.  The government objects to Defendants' motion.

The government's motion seeks to admit "a large part of the evidence" (Dkt. 931 at 2 n.1) it intends to introduce at trial, including:

- Over 500 exhibits, including emails sent to or from Defendants and "other intra-Backpage documents," including meeting agendas, PowerPoint presentations, correspondence with law enforcement, and correspondence with consultants.  Dkt. 931 at 2.
- ***Thousands of pages of business records*** that appear to have been produced in response to government subpoenas.  Dkt. 931 at 17-23; Dkt. 889.
- Summary financial exhibits that are premised on hundreds of other records, exhibits that include flowcharts that purport to depict the transactions underlying each of the indictment's money laundering counts.  It is not clear whether these underlying records are part of the government's motion.

On April 28, 2020, Defendants emailed the government, requesting that the parties first meet and confer regarding the government's motion *in limine* in order to narrow the scope of potential disputes to be presented to the Court.  Exh. A.  Defendants stated in their correspondence to the government that:

> Given, among other reasons, the volume of exhibits at issue, the lack of clarity as to which exhibits the government seeks to admit, and the fact that the Court's rulings on some of the parties' other motions *in limine* will inform the categories of admissible evidence, we think that it would be appropriate for the parties to first meet and confer regarding [this motion] in an effort to narrow the scope of the disputes to be presented to the Court.

Exh. A.  In the alternative, Defendants requested an additional month to respond to the

government's motion *in limine*. *Id.*

The government responded today, rejecting Defendants' request. Exh. B. In its correspondence to Defendants, the government posed a series of questions regarding the exhibits at issue, such as:

- "Is it the law that applies to the admissibility of these categories of evidence that you disagree with?"
- "[A]re you disputing the authenticity of the emails, PowerPoints, or correspondence that were provided to the government by Backpage and Ferrer?"
- "Is there really a legitimate hearsay or relevance objection?"

*Id.* Apparently, in the very short window before responses to the parties' motions *in limine* are due, the government expects Defendants to answer these (among other) critical questions as to over 500 exhibits, which it admits constitute the majority of the evidence it seeks to introduce at what it estimates will be a three-month trial, all while Defendants are preoccupied responding to the government's other motions *in limine*.

Good cause exists to grant Defendants' requested extension for several reasons.

First, it is unreasonable for the government to demand that Defendants analyze the majority of the evidence the government seeks to admit at trial and determine whether they have any objections within a matter of three weeks. The evidentiary issues presented by these exhibits are not as straightforward as the government would have the Court believe. The government seeks to admit numerous categories of evidence (e.g., meeting agendas, ads obtained from the WayBack Machine, bank records, PowerPoint presentations, etc.) under several hearsay exceptions, including the rules dealing with admissions by a party opponent, statements of a co-conspirator, statements by a party's agent, adoptive admissions, and business records (as well as certain exhibits not offered for the truth of the matter asserted). These are complex evidentiary questions, many of which may not even be appropriate to address before trial. Indeed, the government has not specified the witnesses through whom it will seek to admit these exhibits.

That the government previously identified these exhibits as part of its exhibit lists or otherwise does not justify putting Defendants under the gun with a trial date over three months away.  The government's exhibit list has changed substantially over time, with further revisions to come.  Defendants have been under no prior obligation to scrutinize the admissibility of over 500 exhibits and thousands of records the government seeks to admit.  These are questions that normally arise in the course of trial.  Trial preparation at this stage—months before the first witness is called—does not normally involve examining every document for all possible evidentiary objections that may apply (including, for example, whether the exhibits are complete under Rule 106), especially in the absence of witness testimony or even the proffered witness through whom the exhibit is sought to be introduced.

Second, Defendants also must respond to the government's four other motions *in limine* by May 8, 2020, motions that seek to (1) preclude all of Defendants' experts from testifying, (2) admit evidence of alleged murders allegedly related to Backpage.com advertisements, (3) admit an untold multitude of hearsay statements, and (4) preclude references to other cases involving Backpage.  Defendants are not in a position to respond to these four motions in addition to responding to a motion that attempts to resolve all issues of admissibility as to the bulk of the evidence the government will try to put on at what it has estimated will be a three-month trial by next Friday.

Third, the government will suffer no prejudice from an order requiring that it meet and confer with Defendants or, alternatively, an order granting Defendants a one-month extension to respond to the motion.  Trial is, for the time being, three-and-a-half months away and the current pre-trial conference date is July 31, 2020.  There is every reason to believe that, given the ongoing pandemic crisis in this country, these dates will necessarily be adjusted.  There is ample time for the parties and the Court to resolve issues of admissibility.

Fourth, by affording the parties time to meet and confer (or alternatively, affording Defendants more time to respond to the motion), whatever issues of admissibility are

1  eventually presented to the Court will be narrowed, thereby preserving judicial resources.

2  For the foregoing reasons, Defendants request, on an expedited basis, that the Court order the parties to meet and confer regarding the admissibility of the evidence raised by the government's Motion *in Limine* to Determine Admissibility of Evidence (Dkt. 931), and hold the government's motion in abeyance in the interim.  Alternatively, Defendants request that the Court extend their time to respond to the motion by one month. which would move Defendants' response date from May 8, 2020, to June 8, 2020.

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (January 2020) § II (C) (3), Gopi K. Panchapakesan herby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  April 29, 2020            Respectfully submitted,

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:  */s/ Gopi K. Panchapakesan*
       Gopi K. Panchapakesan
Attorneys for Defendant John Brunst

DATED:  April 29, 2020            Thomas H. Bienert Jr.
Whitney Z. Bernstein
Bienert | Katzman PC

By:  */s/ Thomas H. Bienert, Jr.*
       Thomas H. Bienert Jr.
Attorneys for Defendant James Larkin

3647144.1

| | |
|---|---|
| DATED:  April 29, 2020 | Paul J. Cambria <br> Erin McCampbell <br> Lipsitz Green Scime Cambria LLP |

By: _____*/s/ Paul J. Cambria*_____
    Paul J. Cambria
Attorneys for Defendant Michael Lacey

DATED:  April 29, 2020   Feder Law Office, P.A.

By: _____*/s/ Bruce S. Feder*_____
    Bruce S. Feder
Attorney for Defendant Scott Spear

DATED:  April 29, 2020   The Law Office of David Eisenberg, PLC

By: _____*/s/ David Eisenberg*_____
    David Eisenberg
Attorney for Defendant Andrew Padilla

DATED:  April 29, 2020   Joy Bertrand Esq. LLC

By: _____*/s/ Joy Malby Bertrand*_____
    Joy Malby Bertrand
Attorney for Defendant Joye Vaught

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2020, I served the attached document by email on the following, who are registered participants of the CM/ECF System:

| | |
|---|---|
| Andrew C. Stone | andrew.stone@usdoj.gov |
| Anthony Ray Bisconti | tbisconti@bmkattorneys.com |
| Bruce S. Feder | bf@federlawpa.com |
| David S. Eisenberg | david@deisenbergplc.com |
| Erin E. McCampbell | emccampbell@lglaw.com |
| James C. Grant | jimgrant@dwt.com |
| John Jacob Kucera | john.kucera@usdoj.gov |
| John Lewis Littrell | jlittrell@bmkattorneys.com |
| Joy Malby Bertrand | joyous@mailbag.com |
| Kevin M. Rapp | kevin.rapp@usdoj.gov |
| Margaret Wu Perlmeter | margaret.perlmeter@usdoj.gov |
| Michael D. Kimerer | mdk@kimerer.com |
| Paul John Cambria, Jr. | pcambria@lglaw.com |
| Peter Shawn Kozinets | peter.kozinets@usdoj.gov |
| Reginald E. Jones | reginald.jones4@usdoj.gov |
| Rhonda Elaine Neff | rneff@kimerer.com |
| Robert Corn-Revere | bobcornrevere@dwt.com |
| Ronald Gary London | ronnielondon@dwt.com |
| Seetha Ramachandran | sramachandran@proskauer.com |
| Thomas Henry Bienert, Jr. | tbienert@bienertkatzman.com |
| Whitney Z. Bernstein | wbernstein@bienertkatzman.com |

          */s/ Gopi K. Panchapakesan*
          Gopi K. Panchapakesan

# EXHIBIT A

| | |
|---|---|
| **From:** | Gopi K. Panchapakesan |
| **Sent:** | Tuesday, April 28, 2020 12:02 PM |
| **To:** | Rapp, Kevin (USAAZ); Perlmeter, Margaret (USAAZ); Stone, Andrew (USAAZ); Jones, Reginald (CRM); Kozinets, Peter (USAAZ); Kucera, John (USACAC) |
| **Cc:** | Gary S. Lincenberg; Ariel A. Neuman; Tom Bienert; Whitney Bernstein; Bruce Feder; Paul Cambria; Erin McCampbell Paris; David Eisenberg; Joy Bertrand |
| **Subject:** | U.S. v. Lacey, et al. - Motions in Limine |

Kevin,

We hope that your team is staying safe and healthy. I write in connection with the government's motions *in limine* to determine admissibility of evidence (Dkt. 931) and to admit evidence as non-hearsay statements (Dkt. 929). As to the first motion, it seeks to admit over 500 exhibits under various evidentiary rules, as well as summary exhibits, which purport to summarize hundreds of additional records. Further, you previously provided us with a spreadsheet that references several thousand financial records – it is not clear whether these records are also part of your motion. As to the second motion, it is not even clear which specific exhibits the government seeks to admit (the motion only vaguely references statements made by Elizabeth McDougall, Don Moon, "Dollar Bill," and David Elms).

Given, among other reasons, the volume of exhibits at issue, the lack of clarity as to which exhibits the government seeks to admit, and the fact that the Court's rulings on some of the parties' other motions *in limine* will inform the categories of admissible evidence, we think that it would be appropriate for the parties to first meet and confer regarding these two motions in an effort to narrow the scope of the disputes to be presented to the Court. As trial is 3.5 months away, there is ample time for the parties to meet and confer about the admissibility of specific exhibits.

Please let us know your position by the end of the day tomorrow. If you are unwilling to table these motions pending the meet-and-confer process, then we request an additional month to respond to the two motions at issue (which would move the opposition date on those motions to June 8th) so that Defendants have a meaningful opportunity to review the exhibits and underlying records the government seeks to admit.

Regards,

Gopi

## Gopi K. Panchapakesan

*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

# EXHIBIT B

| | |
|---|---|
| **From:** | Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov> |
| **Sent:** | Wednesday, April 29, 2020 12:05 PM |
| **To:** | Gopi K. Panchapakesan; Perlmeter, Margaret (USAAZ); Stone, Andrew (USAAZ); Jones, Reginald (CRM); Kozinets, Peter (USAAZ); Kucera, John (USACAC) |
| **Cc:** | Gary S. Lincenberg; Ariel A. Neuman; Tom Bienert; Whitney Bernstein; Bruce Feder; Paul Cambria; Erin McCampbell Paris; David Eisenberg; Joy Bertrand |
| **Subject:** | RE: U.S. v. Lacey, et al. - Motions in Limine |
| **Attachments:** | 2009.02.17_NewTimesArticle_TER_FounderArrested_2015_Archive_orgCapture_[TER].jpg; EXCLUSIVE_ NYC man who ran escort website to pay feds $3.5M after admitting .pdf |

Gopi,

Thanks for the email. We hope you all are also staying healthy and safe.

To start, we are unwilling to table any of the motions *in limine* pending a meet-and-confer process. As for your request to meet-and-confer, we would like to understand what you are requesting to meet-and-confer about. By way of background, in other document intensive cases that have gone to trial in this District, the government filed motions *in limine* to admit evidence similar to the motion we filed in this case to avoid time-consuming disputes in the middle of trial. In those cases we never provided a detail list of the actual exhibits as we have done here. We did, however, provide the defense notice (48 hours in advance of the witnesses' testimony) of what exhibits we intend to admit through the witness. As you know from our previous correspondence we have made an offer to do the same here if you are agreeable to extending the same courtesy to the prosecution. That said, is it the law that applies to the admissibility of these categories of evidence that you disagree with? For example, are you disputing the authenticity of the emails, PowerPoints, or correspondence that were provided to the government by Backpage and Ferrer in response to a subpoena? And, is there really a legitimate hearsay or relevance objection?

Regarding the "volume of exhibits," and your need to "have a meaningful opportunity to review the exhibits," we would point out that all defense counsel were provided an updated exhibit list on January 30 (nearly 13 weeks ago) that listed each exhibit for which the government is seeking a pretrial ruling in *CR* 931. Moreover, you have been in possession of most of these documents for nearly two years. Lastly, many of these exhibits should be familiar to the Backpage Defendants as they were implicated in the PSI report and other civil litigation.

As for financial records, as you note, we filed a notice of intent to offer business records pursuant to 902(11) more than three months ago. *See CR* 889 and Section III(a) of the *motion in limine* to admit certain evidence. To date, we have not received a challenge to the 902(11) cert. Are you seeking to challenge the certifications, and, if so, on what basis? Otherwise, what is your specific objection to the foundation of the summary charts?

Further, *CR* 929 is a straightforward motion that seeks to admit statements made by "agents" of the Backpage Defendants. Is your issue with the foundational requirements for the admission of a statement (either or oral written) by any of the individuals identified in the motion? Which one of those referenced do you believe was not acting at the direction and/or within the scope of employment with Backpage? It is not our intent to identify every single statement they made during life of a fourteen year conspiracy. But again, we are willing

to identify relevant exhibits during trial --48 hours in advance of their testimony. Obviously, we only intend to admit statements that are relevant to the case. In some cases statements made by agents of the Backpage Defendants will be relevant to the Backpage Defendants' knowledge of prostitution and, in other cases, they are either misleading, untrue, or admissions. As for Elms and Dollar Bill is there really a plausible objection that they were engaged in prostitution activities? Dollar Bill admits this in several emails ( I haven't read his book "A Kid in the Candy Store, My Life in the Escort Business,") and Elms does as well. And, of course, both were arrested related, in part, due to their prostitution activity. (*See* attached articles) The Backpage Defendants had financial relationships with both of these individuals. In short, they are unindicted co-conspirators and as such, *any* statement (oral or written) made to further the conspiracy is presumptively admissible.

In sum, we object to a month extension to respond to these routine motions but are willing to meet and confer *after* we receive clarification of the issues we have raised above. If you choose not to provide a clarification of the issues above and nevertheless file a motion to extend your response time, please note our objection and attach this email so the Court has an understanding of our position regarding an extension.

Stay safe and all the best,


**Kevin M. Rapp| Assistant U.S. Attorney**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, kevin.rapp@usdoj.gov**

---

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Tuesday, April 28, 2020 12:02 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Kucera, John (USACAC) <jkucera@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Tom Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Bruce Feder <bf@federlawpa.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>
**Subject:** U.S. v. Lacey, et al. - Motions in Limine

Kevin,

We hope that your team is staying safe and healthy. I write in connection with the government's motions *in limine* to determine admissibility of evidence (Dkt. 931) and to admit evidence as non-hearsay statements (Dkt. 929). As to the first motion, it seeks to admit over 500 exhibits under various evidentiary rules, as well as summary exhibits, which purport to summarize hundreds of additional records. Further, you previously provided us with a spreadsheet that references several thousand financial records – it is not clear whether these records are also part of your motion. As to the second motion, it is not even clear which specific exhibits the government seeks to admit (the motion only vaguely references statements made by Elizabeth McDougall, Don Moon, "Dollar Bill," and David Elms).

Given, among other reasons, the volume of exhibits at issue, the lack of clarity as to which exhibits the government seeks to admit, and the fact that the Court's rulings on some of the parties' other motions *in limine* will inform the

categories of admissible evidence, we think that it would be appropriate for the parties to first meet and confer regarding these two motions in an effort to narrow the scope of the disputes to be presented to the Court.  As trial is 3.5 months away, there is ample time for the parties to meet and confer about the admissibility of specific exhibits.

Please let us know your position by the end of the day tomorrow.  If you are unwilling to table these motions pending the meet-and-confer process, then we request an additional month to respond to the two motions at issue (which would move the opposition date on those motions to June 8th) so that Defendants have a meaningful opportunity to review the exhibits and underlying records the government seeks to admit.

Regards,

Gopi

**Gopi K. Panchapakesan**
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**