Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Thomas H. Bienert, Jr. *(admitted pro hac vice)*
    tbienert@bmkattorneys.com
Whitney Z. Bernstein *(admitted pro hac vice)*
    wbernstein@bmkattorneys.com
BIENERT KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

*[Additional counsel listed on next page]*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-SMB |
| Plaintiff, | **DEFENDANTS' MOTION FOR ISSUANCE OF SUBPOENAS** |
| vs. | ***(EXPEDITED REVIEW REQUESTED)*** |
| Michael Lacey, et al., | *[Filed concurrently with [Proposed] Order]* |
| Defendants. | |
| | Assigned to Hon. Susan M. Brnovich Courtroom 506 |

1  Paul J. Cambria, Jr. *(admitted pro hac vice)*
       pcambria@lglaw.com
2  Erin McCampbell *(admitted pro hac vice)*
       emccampbell@lglaw.com
3  LIPSITZ GREEN SCIME CAMBRIA LLP
   42 Delaware Avenue, Suite 120
4  Buffalo, New York 14202
   Telephone: (716) 849-1333
5  Facsimile: (716) 855-1580

6  Attorneys for Defendant Michael Lacey

7  Bruce Feder (AZ Bar No. 004832)
       bf@federlawpa.com
8  FEDER LAW OFFICE, P.A.
   2930 E. Camelback Road, Suite 160
9  Phoenix, Arizona 85016
   Telephone: (602) 257-0135
10
   Attorney for Defendant Scott Spear
11
   David Eisenberg (AZ Bar No. 017218)
12      david@deisenbergplc.com
   DAVID EISENBERG PLC
13 3550 N. Central Ave., Suite 1155
   Phoenix, Arizona 85012
14 Telephone: (602) 237-5076
   Facsimile: (602) 314-6273
15
   Attorney for Defendant Andrew Padilla
16
17 Joy Malby Bertrand (AZ Bar No. 024181)
       joy.bertrand@gmail.com
18 JOY BERTRAND ESQ LLC
   P.O. Box 2734
19 Scottsdale, Arizona 85252
20 Telephone: (602)374-5321
   Facsimile: (480)361-4694
21
22 Attorney for Joye Vaught

23

24

25

26

27

28

## I.     INTRODUCTION

Defendants Larkin, Lacey, Spear, Brunst, Padilla and Vaught, by and through undersigned counsel, hereby apply pursuant to Federal Rule of Criminal Procedure 17(c) for an order authorizing the issuance of the attached subpoenas duces tecum.  *See* Exhibit A.  In light of the April 2021 trial date and the time it will take to serve the subpoena and obtain responses, Defendants respectfully request an expedited ruling on his Motion, as well as the outstanding Motion for Issuance of Subpoenas (Dkt. #1019).

The subpoenas requested pursuant to this Motion are to be directed to the National Center for Missing and Exploited Children ("NCMEC") and the Office of the Attorney General of Arizona ("AZ AG").

## II.     BACKGROUND

This case is set for trial on April 12, 2021.  Through this Motion and the prior motions for Rule 17(c) subpoenas, Defendants seek documents that are relevant, admissible and specific.  The documents are believed to be critical to the defenses Defendants intend to raise at that trial.  Accordingly, Defendants request that the Court grant the Motions with sufficient time for the subpoenas to be served on the respective recipients, and for the recipients to timely produce documents in response.

## III.     ARGUMENT

The documents Defendants seek meet the standards for issuance of a Rule 17(c) subpoena.  *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (a party seeking subpoena must meet "three hurdles:" "(1) relevancy; (2) admissibility; (3) specificity").[1]

---

[1]  Several courts have held that where, as here, a defendant's subpoena seeks materials from a third party (as opposed to the government or a party to the litigation), a defendant need only show that the request is (1) reasonable, construed as "material to the defense," and (2) not unduly oppressive for the producing party to respond.  *See Nixon*, 418 U.S. at 700 at n. 12 (considering but not deciding the issue); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951); *United States v. Tucker*, 279 F.R.D. 58 (S.D.N.Y. 2008); *see also United States v. Nachamie*, 91 F. Supp. 2d 552, 563 (S.D.N.Y. 2000); *United States v. Rajaratnam*, 753 F. Supp. 2d 317 n.l (S.D.N.Y. 2011); *United States v. Stein*, 488 F. Supp. 2d 350, 365, 367 (S.D.N.Y. 2007).  Because the *Nixon* standard is satisfied for the

1    First, the government has indicated – through its statements, filings, exhibit list, and

2    witness list – that it intends to argue that communications from various law enforcement

3    agencies and third party advocacy groups, including NCMEC and Attorneys' General

4    offices in various states such as Arizona, put the Defendants on notice that they were

5    facilitating business enterprises involved in prostitution through the operation of

6    Backpage.com.  Although Defendants do not believe such evidence is properly submitted

7    to the jury in this case, and a relevant Motion in Limine to preclude much of the evidence

8    about what third-parties thought and conveyed regarding the legality of the conduct of

9    Backpage.com and certain individuals associated with it is still pending (Dkt. #907), the

10   Court recently preliminarily indicated that it will allow at least some such evidence at trial,

11   including relating to correspondence from Attorneys' General offices (Dkt. #1079).

12   Further, the Court recently denied Defendants' Motion to Recuse which was based on

13   public statements and publications made by the Arizona Attorney General and his office.

14   Dkt. #1075.

15       In light of both, Defendants must prepare to defend themselves against the

16   allegations.  Evidence of NCMEC and the AZ AG's communications with the

17   investigators in this case, and with each other, will be relevant to show that NCMEC's and

18   the AZ AG's views of Backpage.com and the Defendants in this case were influenced by

19   political concerns as much if not more than legal concerns, and that public statements by

20   NCMEC, the NAAG and others (to which the AZ AG signed on) were not supported by

21   legal analysis.  Part of the defense in this case will focus on the fact that much of the

22   publicity around Backpage.com, and the supposed notice received by Defendants, was not

23   based in legal objections, but was instead based on moral or ethical concerns with the

24   advertisements on Backpage.com and the related adult activity.  Thus, the requested

25   documents will be relevant to Defendants' defense.

26       Second, the documents will be admissible as business records (Fed. R. Evid.

27   _____

28   subpoenas requested here, the Court need not decide whether a lower standard governs.

803(6)) and/or public records (Fed. R. Evid. 803(8)).

Third, the documents requested are specific.  This is not a "fishing expedition" for discovery, of the type that is not permissible under Rule 17(c).  Rather, the request is for specific communications/documents about a specific topic – the website at the heart of this case, and the Defendants – which the defense will use to counter the government's narrative regarding this matter.  The requests are also specifically tailored so that Defendants can present to the jury the political agenda that drove much of the communication that supposedly put them on notice of the allegedly illegal nature of their conduct, despite the fact that court after court ruled that Defendants were engaged in protected First Amendment activity.

## IV.    CONCLUSION

For all of these reasons, Defendants respectfully request that the Court issue the requested subpoena.

DATED:  November 4, 2020          Respectfully submitted,


Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.


By:    _/s/ Ariel A. Neuman_____
Ariel A. Neuman
Attorneys for Defendant John Brunst

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (August 2020) § II (C) (3), Ariel A. Neuman herby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

1  DATED: November 4, 2020          Thomas H. Bienert, Jr.
2                                   Whitney Z. Bernstein
                                    BIENERT KATZMAN PC
3
                                    By:  _____/s/ Thomas H. Bienert, Jr._____
4                                            Thomas H. Bienert, Jr.
5                                    Attorneys for Defendant James Larkin
6
7  DATED: November 4, 2020          Paul J. Cambria, Jr.
                                    Erin McCampbell
8                                   LIPSITZ GREEN SCIME CAMBRIA LLP
9
                                    By:  _____/s/ Paul J. Cambria, Jr._____
10                                           Paul J. Cambria, Jr.
11                                   Attorneys for Defendant Michael Lacey
12
13 DATED: November 4, 2020          FEDER LAW OFFICE, P.A.
14
                                    By:  _____/s/ Bruce Feder_____
15                                           Bruce Feder
16                                   Attorneys for Defendant Scott Spear
17
   DATED: November 4, 2020          DAVID EISENBERG PLC
18
19                                  By:  _____/s/ David Eisenberg_____
                                             David Eisenberg
20                                   Attorney for Defendant Andrew Padilla
21
22 DATED: November 4, 2020          JOY BERTRAND, ESQ.
23
                                    By:  _____/s/ Joy Bertrand_____
24                                           Joy Bertrand
25                                   Attorneys for Defendant Joyce Vaught
26
27
28

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on November 4, 2020, I served the attached document by email on the following, who are registered participants of the CM/ECF System:

3

4
| | |
|---|---|
| Whitney Z. Bernstein | wbernstein@bmkattorneys.com |
| Andrew C. Stone | andrew.stone@usdoj.gov |

5
| | |
|---|---|
| Anthony Ray Bisconti | tbisconti@bmkattorneys.com |
| Bruce S. Feder | bf@federlawpa.com |
| David S. Eisenberg | david@deisenbergplc.com |

6
| | |
|---|---|
| Erin E. McCampbell | emccampbell@lglaw.com |
| James C. Grant | jimgrant@dwt.com |

7
| | |
|---|---|
| John Jacob Kucera | john.kucera@usdoj.gov |
| John Lewis Littrell | jlittrell@bmkattorneys.com |

8
| | |
|---|---|
| Joy Malby Bertrand | joyous@mailbag.com |
| Kevin M. Rapp | kevin.rapp@usdoj.gov |

9
| | |
|---|---|
| Margaret Wu Perlmeter | margaret.perlmeter@usdoj.gov |
| Michael D. Kimerer | mdk@kimerer.com |

10
| | |
|---|---|
| Paul John Cambria, Jr. | pcambria@lglaw.com |
| Peter Shawn Kozinets | peter.kozinets@usdoj.gov |

11
| | |
|---|---|
| Reginald E. Jones | reginald.jones4@usdoj.gov |
| Rhonda Elaine Neff | rneff@kimerer.com |

12
| | |
|---|---|
| Robert Corn-Revere | bobcornrevere@dwt.com |
| Ronald Gary London | ronnielondon@dwt.com |

13
| | |
|---|---|
| Seetha Ramachandran | sramachandran@proskauer.com |
| Thomas Henry Bienert, Jr. | tbienert@bienertkatzman.com |

14
| | |
|---|---|
| Ariel A. Neuman | aneuman@birdmarella.com |

15

16

                                           */s/ Ariel A. Neuman*

17
                                          Ariel A. Neuman

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' SEALED EX PARTE MOTION FOR ISSUANCE OF SUBPOENAS