# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Michael Lacey, et al. | ) | Case No. 2:18-CR-00422-PHX-SMB |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: Office of the Arizona Attorney General (Phoenix Office)
2005 N Central Ave., Phoenix, AZ 85004-2926

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A (attached)

| Place: Ariel A. Neuman / Bird, Marella, et al. | Date and Time: 12/31/2020 12:04 pm |
|---|---|
| 1875 Century Park East, 23rd Floor | |
| Los Angeles, CA 90067 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* JOHN BRUNST
, who requests this subpoena, are:

Ariel A. Neuman. Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow P.C., 1875 Century Park E., 23rd Floor, Los Angeles, CA 90067, Phone: (310) 201-2100, E-Mail: Aneuman@birdmarella.com

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   2:18-CR-00422-PHX-SMB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*   Office of the Arizona Attorney General (Phoenix Office)
was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)**

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# EXHIBIT A

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS
IN A CRIMINAL CASE
(CR-18-00422-PHX-SMB)**

1) All correspondence or documents (whether in paper or electronic form) referencing the investigation or prosecution of Backpage.com and/or any of its principals and employees, including but not limited to Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and/or Joye Vaught.

2) All correspondence or documents (whether in paper or electronic form) referencing the operations or activities of Backpage.com.

3) All documents reflecting any analysis of the legality of the operations or activities of Backpage.com, and/or any of its principals and employees, including but not limited to Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and/or Joye Vaught.

4) All correspondence, attachments and other documentation (whether in paper or electronic form) between the Arizona Attorney General's Office or any of its employees, and the National Center for Missing and Exploited Children or any of its employees, relating to Backpage.com and any of its principals and employees, including but not limited to Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and/or Joye Vaught.

3679595.1

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No. 2:18-CR-00422-PHX-SMB |
| Michael Lacey, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: National Center for Missing and Exploited Children (NCMEC), its Attorneys and Custodian of Records
333 John Carlyle Street, Suite 125, Alexandra, VA 22314

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A (Attached)

| Place: Ariel A. Neuman / Bird, Marella, et al.<br>1875 Century Park East, 23rd Floor<br>Los Angeles, CA  90067 | Date and Time: 12/31/2020 12:05 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* JOHN BRUNST
, who requests this subpoena, are:

Ariel A. Neuman. Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow P.C., 1875 Century Park E., 23rd Floor, Los Angeles, CA 90067, Phone: (310) 201-2100, E-Mail: Aneuman@birdmarella.com

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No. 2:18-CR-00422-PHX-SMB

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* National Center for Missing and Exploited Children (NCMEC) was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)**

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# EXHIBIT A

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS
IN A CRIMINAL CASE
(CR-18-00422-PHX-SMB)**

1) All correspondence or documents (whether in paper or electronic form) referencing the investigation or prosecution of Backpage.com and/or any of its principals and employees, including but not limited to Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and/or Joye Vaught.

2) All documents reflecting any analysis of the legality of the operations or activities of Backpage.com, and/or any of its principals and employees, including but not limited to Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and/or Joye Vaught.

3) All correspondence, attachments and other documentation (whether in paper or electronic form) between the Arizona Attorney General's Office or any of its employees, and the National Center for Missing and Exploited Children or any of its employees, relating to Backpage.com and any of its principals and employees, including but not limited to Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and/or Joye Vaught