MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

BRIAN C. RABBITT
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-00422-PHX-SMB |
|---|---|
| Plaintiff, | |
| v. | **RESPONSE TO DEFENDANTS' MOTION FOR ISSUANCE OF SUBPOENAS (Doc. 1083)** |
| Michael Lacey, et al., | |
| Defendants. | |

## SUMMARY OF ARGUMENT

Defendants' sequel motion seeking issuance of subpoenas fares no better than the original. This time, Defendants' two proposed subpoenas seek broad, unspecified communications and documents from the National Center for Missing and Exploited

Children ("NCMEC") (again) and the Office of the Attorney General of Arizona ("AZ AG").  Defendants seek these materials based on the mere hope that the documents will produce favorable evidence.  More is required.

As the Court's recent Order denying Defendant Spear's Amended Motion for Issuance of Rule 17(c) Subpoenas makes clear, a proponent of a subpoena under Rule 17(c) must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.  (Doc. 1084 ("Order") at 3.)   In addition, a court may properly deny a Rule 17(c) subpoena that constitutes a mere "fishing expedition."  (Order at 4.)  Defendants' latest request again stumbles over these hurdles.  First, Defendants fail to articulate the relevance of the requested materials, and similar to their first request, the only discernible relevance would be for impeachment purposes, which is improper.  Second, nowhere do Defendants provide any specifics about what the requested materials would actually reveal.  Third, Defendants' assertion that the requested materials would be admissible as business records or public records is dubious.  Finally, Defendants' claim that communications from NCMEC and the AZ AG to the "investigators in this case" will show the organizations "were influenced by political concerns" is the definition of a "fishing expedition."

Defendants are again improperly attempting to use the Rule 17(c) subpoena as a discovery tool.  This motion, like the first, should be denied.

## RELEVANT FACTS

On October 23, 2020, this Court issued a 14-page Order denying Defendants' Motion for Recusal.  (Doc. 1075.)  Thereafter, on November 4, 2020, Defendants filed the instant Motion for Issuance of Subpoenas seeking expedited authorization for Rule 17(c) subpoenas to NCMEC and the AZ AG's Office.  (Doc. 1083.)  Defendant Spear (later joined by the other Defendants) previously filed a substantially similar motion seeking authorization for Rule 17(c) subpoenas to NCMEC, among other third parties.  (*Compare* Doc. 1083 *with* Doc 1019.)  On November 5, 2020, this Court issued an Order denying Defendants' original motion.  (Doc. 1084.)  On November 16, 2020, Defendants filed a notice of appeal of the Order denying recusal.  (Doc. 1089.)

**LAW AND ARGUMENT**

The Court is well-versed in the legal standard governing Defendants' request.  As noted by the Court in its most recent Order, a proponent of a subpoena under Rule 17(c) must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.  *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)).  Rule 17(c) "'was not intended to provide an additional means of discovery.'" *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (quoting *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951)).  If the information sought under Rule 17(c) is sought merely for impeachment purposes, it is generally insufficient to justify the pretrial production of documents.  *Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *see also United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes.  This use is generally insufficient to justify the pretrial production of documents.") (citations omitted).

A Rule 17(c) subpoena cannot be issued on "'mere hope' that the desired documents [will] produce favorable evidence." *Hang*, 75 F.3d at 1283.  Indeed, a court may properly deny a Rule 17(c) subpoena that constitutes a mere "'fishing expedition.'" *Id.* at 1283-84.  When a proponent of a subpoena merely states why he or she wants to look into materials, but fails to set forth what they contain, a court may properly quash a subpoena for lack of specificity or relevance.  *See United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) ("he has not set forth what the subpoena's materials contain, forcing the court to speculate as to the specific nature of their contents and its relevance.").[1]

**A.    The Court Has Already Rejected Defendants' NCMEC Subpoena.**

Defendants' request to subpoena NCMEC is simply a rehash of their initial request—which the Court has already rejected.  The original subpoena sought: "All digital

---

[1] Rule 17(h) contains a further limitation on the types of materials that may be sought under the rule as discussed in the government's response to Defendants' original motion seeking issuance of subpoenas.  (Doc. 1027 at 5, 8-10.)

and written correspondence, memoranda and other communications . . . regarding NCMEC efforts, suggestions, discussions, and requests to have Backpage and/or its principals or employees . . . prosecuted by the United States." (Doc. 1019-1 at 21.)  The second NCMEC subpoena seeks, *inter alia*: "All correspondence or documents . . . referencing the investigation or prosecution of Backpage.com and/or any of its principals and employees." (Doc. 1083-1 at 9.)

The Court found the original subpoena sought "large swaths of communications and internal documents regarding conversations between NCMEC and prosecutors and/or law enforcement with no explanation about how they could be relevant."  (Doc. 1084 at 5-6.) If anything, Defendants' subpoena *redux* appears to cast an even wider net than the original.   (1083-1 at 9.)   Increasing the fishing expedition's size does not cure the subpoena's deficiencies.

**B.    Defendants Fail to Demonstrate Their Proposed Subpoenas Seek Relevant Information.**

Defendants again fail to show how the requested materials would be relevant. Defendants' entire argument supporting the relevance of these materials is that NCMEC and the AZ AG were "influenced by political concerns" and "moral or ethical concerns." (Doc. 1083 at 4.)  This attempt at demonstrating relevance fails.

First, even if these statements were true, it is unclear why they would be relevant. Defendants are on trial for federal conspiracy, Travel Act, and money laundering felonies. The undisputed facts are that NCMEC and various states' attorneys general repeatedly encouraged Defendants to curb their prostitution advertisements that led to child sex trafficking, among other criminal acts.  Defendants fail to explain how any "political" or "moral" motivation behind these communications would affect the jury's decision of whether Defendants are guilty of the 100 counts alleged against them.

Second, despite voluminous discovery involving millions of documents and the government's disclosures of extensive witness and exhibit lists months before trial, Defendants provide no further support to substantiate their claims beyond mere statements.

This is insufficient.  "When a proponent of a subpoena merely states why he or she wants to look into materials, but fails to set forth what they contain, a court may properly quash a subpoena for lack of specificity or relevance."  (Doc. 1084 (citing *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992)).)  In *Nixon*, for example, the special prosecutor supported his Rule 17(c) request for President Nixon's audiotapes through "sworn testimony or statements of one or more of the participants in the conversations as to what was said at the time."  418 U.S. at 700.  Here, Defendants support their request through self-serving statements.  Not enough.

Third, all the materials requested by the two subpoenas would only be relevant for impeachment purposes.  (Doc. 1084 at 6.)  Specifically, Defendants would use the requested materials, if they existed, to impeach any NCMEC witnesses.  This is improper. (*Id.*)  Moreover, the government will not be calling any witnesses from the AZ AG's office. This raises the issue of how any of the requested materials from that office would be introduced at trial—or could otherwise be relevant at all.[2]

## C.   Defendants Again Fail to Provide the Requisite Specificity Under Rule 17(c).

This Court denied Defendants' original motion finding a "Rule 17(c) subpoena cannot be issued on 'mere hope' that the desired documents will produce favorable evidence."  (Doc. 1084 at 4.)  A "mere hope" is all Defendants have expressed in their latest request.  Defendants have failed to set forth what the subpoenas' materials contain,

---

[2] Defendants make the bewildering claim that communications between NCMEC and the AZ AG's office are relevant because they will "show that NCMEC's and the AZ AG's views of Backpage.com and the Defendants in this case were influenced by political concerns as much if not more than legal concerns, and that public statements by NCMEC, the NAAG and others (to which the AZ AG signed on) were not supported by legal analysis." (Doc. 1083 at 4.)  But again, Defendants provide no basis for this incoherent assertion.  Moreover, it is unclear why the requested 17(c) subpoenas focus on the AZ AG's office's communications with NCMEC, as opposed to the National Association of Attorneys' General (NAAG), the AG's office that has actually prosecuted some of the same Defendants (*i.e.*, the California AG's Office), or the many state AG offices with which Defendants or entities they previously controlled have litigated on various other issues.  At most, the instant Motion appears to be nothing more than a meritless last-ditch effort to manufacture a new rationale for seeking the Court's recusal, based purely on self-serving speculation.  This is improper.

which forces the government—and the Court—to speculate as to the specific nature of their contents. *Arditti*, 955 F.2d at 346. Defendants' broad and open-ended requests again fail to meet the specificity requirement. *United States v. Johnson*, 2008 WL 62281, at *4 (N.D. Cal. Jan. 4, 2008) (relying on *Nixon's* "specificity" requirement to prevent improper use of Rule 17(c) as a discovery tool; "[T]his is not merely an improper fishing expedition, this a net cast blindly from an ocean troller in the mere hope of dredging some speculative treasure from the bottom of the sea.").[3]

## CONCLUSION

Based on the foregoing, and consistent with the Court's Order denying Defendants' previous request for subpoenas to issue, Defendants' motion should be denied.

Respectfully submitted this 18th day of November, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

DANIEL BOYLE
Special Assistant U.S. Attorney

BRIAN C. RABBITT
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

---

[3] Defendants also appear to fail the admissibility requirement. It's unlikely that correspondence from NCMEC or the AZ AG's office that actually showed a "political" or "moral" concern about Defendants' conduct would be considered regularly conducted activity, which is a necessary element to qualify for the business records exception to the hearsay rule. Fed. R. Evid. 803(6).

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, November 18, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Joy Faraj*
U.S. Attorney's Office