GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | No. CR-18-422-PHX-SMB<br><br>**RESPONSE TO DEFENDANT JOYE VAUGHT'S OBJECTION TO THE COURT'S PROPOSED USE OF SIMULTANEOUS PEREMPTORY JUROR STRIKES** |

On August 26, 2021, Defendant Joye Vaught, joined by all other Defendants, moved this court to reconsider the Court's August 20, 2021 ruling that, pursuant to Federal Rule of Criminal Procedure 24 and Local Rule of Criminal Procedure 24.1, the Court would implement the simultaneous, or "blind" strikes, method for the use of peremptory challenges by the parties. (Doc. 1243.) Defendant's motion should be denied, as the Court properly applied Local Rule 24.1, and Defendant has presented no reason to deviate from the Local Rules. Indeed, the COVID-19 pandemic strongly supports conducting jury selection as quickly and efficiently as possible to limit the time potential jurors spend in the selection process, and the blind strike method presents the most efficient method of conducting jury selection here.

## LEGAL BACKGROUND

Federal Rule of Criminal Procedure 24(b)(2) states that in a non-capital felony prosecution, "[t]he government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year." Local Rule of Criminal Procedure 24.1 clarifies how Rule 24(b) is executed in this district, stating that "[i]n criminal cases, peremptory challenges by the government and the defense shall be exercised simultaneously unless otherwise directed by the Court." The use of simultaneous peremptory challenges – often referred to as "blind strikes" – has consistently been upheld by the Ninth Circuit. *See United States v. Warren*, 25 F.3d 890, 894 (9th Cir. 1994) ("Even when the government and a defendant challenge the same juror, the blind strike method does not impair a defendant's full use of his or her peremptory challenges."). Accordingly, a Defendant seeking to deviate from the Local Rules typically must present some justification for doing so.

## ARGUMENT

While Defendant's motion goes into detail as to the burden on the parties and counsel in this trial, it notably says nothing about the burden on venirepersons appearing for possible jury service during a pandemic. While Defendant notes the prevalence and

seriousness of the Delta Covid-19 variant, Defendant fails to recognize the importance of conducting prompt jury selection to minimize the exposure for potential jurors not selected to serve.  Even if the blind strikes method were not prescribed by Local Rule 24.1, there is no question that it presents the most expeditious method of selecting a jury and releasing all other non-selected jurors promptly. In contrast, permitting back-and-forth strikes is certain to lengthen the jury selection process, which make little sense during a pandemic, and any such delay is particularly unacceptable for members of the venire who appear but are ultimately not selected for jury service. Selecting a jury and releasing non-selected venirepersons as promptly as possible should be of paramount concern for the parties and the Court, and the government submits that the simultaneous strikes method, as set forth in Local Rule 24.1, is the safest means of accomplishing this goal here.

Not only is the blind strike method the safest and most efficient use of the venirepersons' time, it does not seriously prejudice Defendants. Pursuant to Rule 24, Defendants were collectively entitled to 10 peremptory challenges, and the Ninth Circuit has held that a multi-defendant case such as this does not require additional peremptory challenges. *See United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986) (noting that there is no "right" to "additional peremptory challenges in multiple defendant cases."). Nonetheless, the Court has granted Defendants three peremptory challenges each, for a total of 18, nearly doubling the number of strikes available to Defendants collectively. In addition, at the August 20, 2021 hearing, the Court explicitly stated that Defendants could coordinate their challenges so as to avoid multiple Defendants striking the same potential juror. In sum, assuming Defendants coordinate as the Court has permitted them to, Defendants are entitled to challenge 18 potential jurors.

If Defendants happen to use a strike simultaneously with the government on a particular prospective juror, the defense has lost nothing: the juror Defendants object to will still be removed. What Defendants have 'lost' is effectively a free strike, where the government's strike removes a juror the defense found objectionable, but without costing the defense a peremptory challenge. While it is easy to see why Defendants may want such

free strikes, Defendants have no such right. The Court has already gone well beyond the standard of challenges required, giving Defendants nearly double the number required by the Federal Rules. Permitting extended back-and-forth strikes, particularly when Defendants will likely need to coordinate amongst themselves, risks extending jury selection into a second (or even third) day, increasing the risk of COVID-19 exposure for all venirepersons, whether or not selected to serve.[1]

In conclusion, the Court should not reconsider its order, and should follow Local Rule 24.1, and direct the parties to use peremptory challenged simultaneously.

Respectfully submitted this 30th day of August, 2021.

> GLENN B. McCORMICK
> Acting United States Attorney
> District of Arizona
>
> *s/ Kevin M. Rapp*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER S. KOZINETS
> ANDREW C. STONE
> Assistant U.S. Attorneys
>
> DAN G. BOYLE
> Special Assistant U.S. Attorney
>
> KENNETH POLITE
> Assistant Attorney General
> Criminal Division, U.S. Department of Justice
>
> REGINALD E. JONES
> Senior Trial Attorney
> U.S. Department of Justice, Criminal Division
> Child Exploitation and Obscenity Section

---

[1] Defendant's only substantive justification for alternating strikes is an argument that the blind strikes method could make challenges pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), more difficult. This argument makes little sense, however, as the Defendants are explicitly permitted to coordinate amongst themselves and would know which potential jurors they challenged, and thus, which they did not. Accordingly, the Defendants would certainly see and be able to challenge any potentially-problematic pattern of strikes (unless they themselves were engaging in problematic strikes at the same time). Ultimately, Defendant's hypothetical *Batson* challenge problem offers no reason to deviate from the Local Rules, particularly when blind strikes present the most efficient method of releasing jurors not needed during a pandemic.

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 30, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/Marjorie Dieckman*
U.S. Attorney's Office