Gary S. Lincenberg *(admitted pro hac vice)*
 glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
 aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
 gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>     vs.<br><br>Michael Lacey, *et al.*,<br><br>           Defendants. | CASE NO. 2:18-cr-00422-PHX-SMB<br><br>**DEFENDANT JOHN BRUNST'S MOTION FOR A LIMITING INSTRUCTION RE: THIRD-PARTY EVIDENCE ADDRESSED IN THE COURT'S AUGUST 11, 2021 ORDER ON THE GOVERNMENT'S MOTION *IN LIMINE* TO DETERMINE ADMISSIBILITY OF EVIDENCE**<br><br>**[Oral Argument Requested]**<br><br>Assigned to Hon. Susan M. Brnovich, Courtroom 506<br><br>Trial Date:        September 1, 2021 |

3744218.2

DEFENDANT JOHN BRUNST'S MOTION FOR A LIMITING INSTRUCTION RE THIRD-PARTY EVIDENCE

## I. INTRODUCTION

Defendant John Brunst ("Brunst") respectfully moves, pursuant to Federal Rule of Evidence 105, for a limiting instruction with respect to certain evidence that the Court deemed relevant and admissible in its August 11, 2021 Order (Dkt. 1212, the "Order") on the Government's Motion *in Limine* to Determine Admissibility of Evidence (Dkt. 931, the "Motion"). The Order provides that certain third-party letters, which purportedly informed Defendants that prostitution ads were being posted on the Backpage website, "may be admitted for the non-hearsay purpose of showing Defendants' notice of third parties' perceptions of unlawful activity occurring on their website." Dkt. 1212 at 10. However, the Order does not state that the letters are admissible *only* as to those defendants (if any) who received them, nor does it distinguish among the various defendants (or their knowledge of the letters) on an individual basis.

Under controlling Ninth Circuit law, it is "plain error" to permit the jury to impute one defendant's knowledge to another defendant. *See Jefferson v. United States*, 340 F.2d 193 (9th Cir. 1965). Accordingly, Brunst seeks a limiting instruction that the third-party correspondence is not admissible as to Brunst unless the Government offers proof that Brunst received and read any of the third-party letters the Government seeks to admit. *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

## II. THE COURT'S RULING ON THE THIRD-PARTY LETTERS AT ISSUE IN THIS MOTION

The relevant portion of the Order addressing the third-party letters on which Brunst seeks a limiting instruction is as follows:

> [L]etters from third parties to Backpage informing them of the large number of prostitution ads on their website are relevant to Defendants' notice and thus prove Defendants' intent to facilitate prostitution under the Travel Act. Further, while the letters may not be admitted to prove that the accusations in the letters are true, they may be admitted for the non-hearsay purpose of showing Defendants' notice of third parties' perceptions of unlawful activity occurring on their website. The fact numerous third parties informed the

>  Defendants of the prostitution ads present on Defendants' website may be validly used to prove that the Defendants had knowledge of the ads' existence. Given the Government's burden to prove that Defendants acted 'knowingly,' the issue of Defendant's knowledge is a 'consequential fact.'

Dkt. 1212 at 10.

### III.  ARGUMENT

"It is hornbook law that when knowledge of a fact is required to convict for a substantive offense, knowledge is also required to convict for conspiracy to commit the substantive offense." *United States v. Dahlstrom*, 713 F.2d 1423, 1429 (9th Cir. 1983). The Ninth Circuit has reiterated the principle that knowledge cannot be "imputed" to co-defendants or alleged co-conspirators on numerous occasions.[1]

For example, in *Jefferson v. United States*, 340 F.2d 193 (9th Cir. 1965), the charged offense was the importation of "narcotic drugs . . . or to conspire to deal with such drugs *knowing* that they have been illegally imported." *Id*. at 197 (emphasis added).  In overturning the conviction, the court ruled that "[s]ince [the] substantive offense of dealing with such drugs under [18 U.S.C.] Section 174 requires proof of specific knowledge by the defendant that the drug was illegally imported, *the same specific knowledge is also an essential element of the conspiracy to commit such substantive offenses." Id.* (emphasis added).  Thus, it was "plain error" and "prejudicial to the substantive rights" of the defendant for the court to instruct the jury that "the knowledge of one member of the conspiracy that the heroin or cocaine had been imported into the United States contrary to law was to be imputed to all members of the conspiracy without proof of possession, either

---

[1]  As Defendants note in their objections to the Government's proposed jury instructions, the Government's proposed "knowingly" and "deliberate ignorance" instructions would be inappropriate here given that the charges involve specific intent crimes.  Dkt 1216 at 59, 63-65.  But to the extent the Court allows the Government to put on "general intent" evidence (a ruling Defendants believe is erroneous), like letters and statements from third parties purportedly apprising them of Backpage's unlawful and illicit activities, there is no basis for such evidence to be admissible against Brunst.

actual or constructive." *Id.*[2] Other Circuits agree that it is, "an erroneous statement of legal principle" to hold that "if any one defendant had the requisite knowledge, it could be imputed to the other defendants for purposes of the conspiracy count." *See, e.g.*, *United States v. Tavoularis*, 515 F.2d 1070, 1074–77 (2d Cir. 1975) (where it was "an essential element of a crime under that statute that the defendant had knowledge that the property he possessed was stolen from a bank," the "requisite knowledge cannot be imputed from one aider and abettor or conspirator to another").

Here, the third-party correspondence addressed to Backpage that the Court has preliminarily allowed in as evidence is not admissible against Brunst, given there is no evidence that Brunst received, read, or was even told the content of the letters. Therefore, Brunst is entitled to a limiting instruction that the third-party letters addressed in the Order are inadmissible as to him unless the Government proves his knowledge of them at trial. It would be prejudicial and reversible error to permit the jury to "impute" to Brunst whatever knowledge (if any) others had of this correspondence.

## IV.  CONCLUSION

For the foregoing reasons, Brunst respectfully requests a limiting instruction that the third-party correspondence the Court has preliminary admitted in the Order is not

---

[2]   *See also Dahlstrom*, 713 F.2d at 1429 ("The government's failure to present evidence as to the appellants specific intent to violate the underlying substantive count [for impeding the IRS in the collection of income taxes] requires us to set aside the convictions premised upon 18 U.S.C. § 371."); *Hernandez v. United States*, 300 F.2d 114, 120 (9th Cir. 1962) ("Clearly, the defendant could not be found to have the knowledge necessary to make him a part of the conspiracy to violate [18 U.S.C.] Section 174 on the basis of a presumption from possession by [co-defendant], which possession, in turn, would be imputed to the defendant because he had entered into a conspiracy with [co-defendant] to violate Section 174. Obviously such an argument would be circular."); *United States v. Bagby*, 451 F.2d 920, 929 (9th Cir. 1971) ("[I]nferences [of knowledge] can be drawn only against those particular defendants who are found by the jury to have had possession, either actual or constructive."); *see also United States v. Eaglin*, 571 F.2d 1069, 1074 (9th Cir. 1977) (for purposes of criminal statute requiring that defendant "'willfully' harbored or concealed an escaped federal prisoner," trial court properly instructed that a defendant could not be convicted unless it was shown beyond a reasonable doubt that "such defendant knew" that [the individual in question] was an escaped prisoner").

1 | admissible as to Brunst absent proof that he had actual knowledge of the letters.
2 |
3 | DATED: August 30, 2021        Respectfully submitted,
4 |
5 |                               Gary S. Lincenberg
                                  Ariel A. Neuman
6 |                               Gopi K. Panchapakesan
                                  Bird, Marella, Boxer, Wolpert, Nessim,
7 |                               Drooks, Lincenberg & Rhow, P.C.
8 |
9 |                               By:    /s/ Gary S. Lincenberg
                                         Gary S. Lincenberg
10|                                   Attorneys for Defendant John Brunst