GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>    v.<br><br>Michael Lacey, et al.,<br><br>          Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' REPLY IN SUPPORT OF MOTION TO PRECLUDE DEFENDANTS' ADVICE OF COUNSEL DEFENSE** |

Defendants' response misses the mark. If Defendants want to rely on attorneys' advice to demonstrate their good faith, the privilege needs to be waived and the United States permitted to probe Defendants' disclosures to their attorneys. It matters not whether certain legal memoranda are privileged—the entire point of relying on advice of counsel is

- 1 -

to (a) show a defendant's good faith through (b) following his attorney's advice, after (c) making a full disclosure of all material facts to the attorney. If Defendants won't permit the United States to probe Defendants' disclosures to their attorneys, they are precluded from raising a good faith defense based on advice of counsel.

Defendants argue—without any legal support—that no privilege waiver is necessary to introduce legal memoranda at trial in support of their good faith. (Doc. 1239 ("Resp.") at 9.) The law is otherwise. (Doc. 1234) (citing *Bisno v. United States*, 299 F.2d 711, 719-20 (9th Cir. 1961) (advice of counsel only available upon a showing that a defendant made a full disclosure of all relevant and material facts to his attorney); *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987).) This is the crux of the United States' motion. Defendants give it short shrift. Instead, Defendants re-raised their unsuccessful motion to dismiss for outrageous government conduct. The United States will briefly address their inapplicable arguments.

### 1. Privilege Issues

Defendants' renewed motion to dismiss is based on a mistaken premise—that the United States argued that various legal memoranda produced by Defendants were privileged. (Resp. at 3.) Simply because a document—on its face—*appears* to be privileged doesn't make it so. As this Court made clear, determining whether communications are covered by the attorney-client privilege involves an eight-part test. (Doc. 1168 at 8) (citing *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).) When the United States first viewed the legal memoranda disclosed by Defendants last month, it had no idea whether the documents were actually privileged. That prompted the email to Defendants' attorneys, who stated the memoranda were in fact not privileged. (Doc. 1234-2.)

Defendants assert that this Court mistakenly denied their motion to dismiss. (Resp. at 4 ("Defendants firmly believe the Court erred in its ruling that the government did not invade the privilege.").) They disparage the Court's reasoning in its order; specifically that "Defendants have ***publicly disclosed*** their defense theories regarding Backpage's

operations, including reliance on the ***First Amendment, the CDA and not possessing criminal intent,*** in a multitude of ways." (Resp. at 3 (citing Docs. 998 and 1168) (emphasis in original.))  Defendants further argue: "Indeed, the specific legal memorandum that the government identifies in its motion references Section 230 and the First Amendment, the very subjects the government previously claimed were not privileged because Backpage had disclosed these defenses publicly." (Resp. at 3.)

But Defendants' response provides *further* support for the Court's reasoning that these defenses have all been publicly disclosed.  The response expressly states that this particular legal memorandum, which "references Section 230 and the First Amendment," had been "disclosed to third parties, including financial institutions." (Resp. at 3, n.1.)  This statement is further proof these defenses have been publicly disclosed in a multitude of ways.  Defendants' renewed motion should be denied.

### 2.     Defendants' Future Potential Privilege Waiver

The final issue raised by Defendants' response—especially when considered in conjunction with their recently disclosed exhibit and witness lists—involves the timing of any potential privilege waiver.  Defendants argue in their response that they are free to waive the attorney-client privilege at trial, because a good faith reliance on advice of counsel is not an affirmative defense that Defendants are required to disclose. (Resp. at 11.)  Recently, however, Defendants disclosed their trial witness list, which included 58 potential witnesses,[1] and 11 attorney witnesses that were previously included on Defendants' list of counsel who had done legal work for Backpage or the individual Defendants. (*See* March 25, 2019 Letter from Piccarreta to Stone, attached as Ex. A.)

In accordance with Rule 26.2, Defendants have an obligation to produce any witness statements that are in their possession that relate to the subject matter of the witness's testimony.  Fed. R. Crim. P. 26.2(a); *see also* Doc. 131 (setting May 27, 2019 for production of Rule 26.2 statements).[2]  The government understands that Defendants may

---

[1] Approximately 50 of these identified witnesses are newly disclosed.

[2] Defendants have not confirmed compliance with Rule 26.2 for any of these newly

not call each of these 11 attorneys to testify, but it would be prejudicial for Defendants to wait until the last minute before disclosing statements for any witnesses that do testify. Accordingly, it is appropriate for the Court to set a date certain by when Defendants need to comply with Rule 26.2. This is contemplated by the Rule. Fed. R. Crim. P. 26.2(e) ("If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record."). Many of these attorney witnesses will likely have thousands of pages of discovery that Defendants will need to disclose. The United States is attempting to prevent an untimely disclosure that would serve to delay the trial.

Accordingly, the United States requests that the Court set a deadline for when Defendants need to produce all Rule 26.2 statements for its witnesses.

Respectfully submitted this 31st day of August, 2021.

>GLENN B. McCORMICK
>Acting United States Attorney
>District of Arizona
>
>*s/ Andrew C. Stone*
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER S. KOZINETS
>ANDREW C. STONE
>Assistant U.S. Attorneys
>
>DAN G. BOYLE
>Special Assistant U.S. Attorney
>
>KENNETH POLITE
>Assistant Attorney General
>U.S. Department of Justice
>Criminal Division, U.S. Department of Justice
>
>REGINALD E. JONES
>Senior Trial Attorney
>U.S. Department of Justice, Criminal Division
>Child Exploitation and Obscenity Section

---

disclosed witnesses.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/Zachry Stoebe*
U.S. Attorney's Office