Thomas H. Bienert, Jr. *(admitted pro hac vice)*
  tbienert@bklwlaw.com
Whitney Z. Bernstein *(admitted pro hac vice)*
  wbernstein@bklwlaw.com
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | CASE NO. 2:18-cr-00422-004-PHX-SMB<br><br>**DEFENDANTS' JOINT OPPOSITION TO UNITED STATES' MOTION RE BANK RECORDS AND SUMMARY EXHIBITS**<br><br>Assigned to Hon. Susan M. Brnovich<br>Courtroom 506<br><br>Trial Date: September 1, 2021 |

3745369.1

Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
    emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce Feder (AZ Bar No. 004832)
    bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
    david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
    joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Defendant Joye Vaught

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

While Defendants do not object to the authenticity of bank records certified by financial institutions, Defendants do object to the pre-admission of records purportedly certified by Carl Ferrer. Ferrer is the Government's main cooperating witness and will testify at trial. Therefore, none of the Government's proposed time-saving justifications for the pre-admission of financial records apply to him and the records he purports to certify. Defendants must be afforded the opportunity to cross-examine Ferrer about the preparation, maintenance, and accuracy of the records he purports to certify—records that relate to the Backpage business after its sale to Ferrer.[1]

As to the proposed summary exhibits, the Government must lay a foundation at trial as to how the exhibits were prepared. Defendants should not be deprived of the opportunity to cross-examine the Government witness who prepared the exhibits.

Further, certain of the exhibits plainly do not qualify as summaries under Rule 1006. Flowcharts that attempt to depict webs of transactions tied to each money laundering count are demonstratives, not summaries. And any exhibits that are not literal translations of the underlying materials also are not proper summaries.

Lastly, any exhibits tied to materials purportedly certified by Ferrer should not be admitted before trial. As noted above, Defendants are entitled to cross-examine Ferrer on the admissibility of the materials that form the basis for those "summaries."

## II. ARGUMENT

### A. The Records "Certified" by Carl Ferrer Should Not Be Pre-Admitted.

As to the financial records certified by financial institutions, Defendants will not object to those records as being authentic. But Defendants reserve their right to object to

---

[1] In anticipation of the predictable Government argument that these are "Defendants' records," that argument would not be true as to the records Ferrer purports to certify. The Backpage business was sold to Ferrer in April 2015, and, short of cross-examination, Defendants have no way of ascertaining the admissibility of those records.

the records on the grounds of relevance or prejudice under Rule 403.  Defendants do, however, object to the admissibility of nine financial spreadsheets purportedly certified by the government's main cooperator, Carl Ferrer, on August 6, 2021.  Dkt. 1223-10 (August 6, 2021 Certification).  Neither the Government's motion nor the proposed certification explains what these records are, who prepared them, or how they were prepared.  Not every record kept by a business qualifies as a business record for purposes of the hearsay exception; rather only those records "considered trustworthy because they are the product of 'systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation'" qualify.  *Lion Oil Trading & Transp., Inc. v. Statoil Marketing & Trading (US) Inc*., 2011 WL 855876, *6 (S.D.N.Y. Feb. 28, 2011) (quoting Rule 803(6)).  The government has made no attempt to show that the handful of spreadsheets that Ferrer purports to certify as business records meet this standard.  Further, since Ferrer is testifying at trial, none of the concerns the government raises regarding trial delays and calling potentially out-of-state custodians apply here. Dkt. 1223 at 3.  To avoid a due process violation, Defendants must be afforded the opportunity to cross-examine Ferrer regarding these records at trial.

        **B.**        **Defendants Should Be Afforded the Opportunity to Cross-Examine Government Witnesses Regarding the Proposed Summary Exhibits.**

First, as to each of the purported "summary" exhibits, Defendants have the fundamental right to cross-examine the Govenrment witness who prepared them and will testify about them at trial (presumably, IRS agent Quoc Thai) to ascertain how the exhibits were prepared and whether there were any errors in the methods used to prepare the proposed exhibits.  *See Montana Land & Min. Owners Ass'n, Inc. v. Devon Energy Corp.*, No. CV 05-30-H-DWM, 2006 WL 1876859, at *3 (D. Mont. June 2, 2006) ("Testimony from the preparer of the summary usually is required to establish the foundational facts necessary to establish relevance and authentication."); *United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997) ("The rule appears to contemplate, however, that

a summary . . . will have been prepared by a witness available for cross-examination, not by the lawyers trying the case.").

Second, a summary document "must be accurate and nonprejudicial." *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) (citations and quotations omitted). Specifically, to qualify as a summary exhibit,

> the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner. Nothing should be lost in the translation. It also means, with respect to summaries admitted in lieu of the underlying documents, that the information on the summary is not embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise.

*Id; see also U.S. v. Wood*, 943 F.2d 1048, 1053–54 (9th Cir. 1991) ("[C]harts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves"). The Ninth Circuit has "long held that such pedagogical devices should be used only as a testimonial aid, and should not be admitted into evidence or otherwise be used by the jury during deliberations." *Id*. at 1053.

Certain of the Government's proposed "summary" exhibits are instead "pedagogical devices" that are not literal translations of the underlying documents. *Id.*, *Bray*, 139 F.3d at 1110. The most stark example of this is Exhibit A, a compilation of flowcharts of various transactions that tie to each of the money laundering counts in the indictment. On their face, these flowcharts obviously are not summaries. They reference each of the money laundering counts in the indictment ("Count XX") and cherry-pick transactions in an attempt to paint a web of supposedly illegal transactions. Other "summary" exhibits commit this same violation. For example, Exhibit C purports to paint a picture to the jury that Defendants continued to own Backpage after its sale in April 2015 when the government knows full well that "Medalist" (certain of Defendants' company) did not own Backpage after that point. These are just some examples of how these exhibits are misleading and therefore not proper summaries. Other examples may come out on cross-examination at trial.

Third, two of the proposed exhibits, Exhibits B and C, are based on records that

Ferrer recently purported to certify.  For the reasons noted above, Defendants must be allowed the opportunity to cross-examine Ferrer at trial about the underlying spreadsheets before the spreadsheets (and the purported summaries) are admitted.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that (1) any materials purportedly certified by Ferrer not be admitted into evidence until Defendants have an opportunity to cross-examine Ferrer and (2) the Government's motion be denied as to their proposed "summary" exhibits.

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  September 2, 2021           Respectfully submitted,

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: /s/ Gary S. Lincenberg
      Gary S. Lincenberg
Attorneys for Defendant John Brunst

| | | |
|---|---|---|
| DATED: September 2, 2021 | | Thomas H. Bienert Jr.<br>Whitney Z. Bernstein<br>Bienert Katzman Littrell Williams LLP |
| | By: | */s/ Thomas H. Bienert, Jr.*<br>Thomas H. Bienert Jr.<br>Attorneys for Defendant James Larkin |
| DATED: September 2, 2021 | | Paul J. Cambria<br>Erin McCampbell<br>Lipsitz Green Scime Cambria LLP |
| | By: | */s/ Paul J. Cambria*<br>Paul J. Cambria<br>Attorneys for Defendant Michael Lacey |
| DATED: September 2, 2021 | | Feder Law Office, P.A. |
| | By: | */s/ Bruce S. Feder*<br>Bruce S. Feder<br>Attorney for Defendant Scott Spear |
| DATED: September 2, 2021 | | The Law Office of David Eisenberg, PLC |
| | By: | */s/ David Eisenberg*<br>David Eisenberg<br>Attorney for Defendant Andrew Padilla |
| DATED: September 2, 2021 | | Joy Bertrand Esq. LLC |
| | By: | */s/ Joy Malby Bertrand*<br>Joy Malby Bertrand<br>Attorney for Defendant Joye Vaught |