GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-422-PHX-SMB |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' REPLY TO DEFENDANTS' OPPOSITION TO NACOLE SVENDGARD'S TESTIMONY** |
| Michael Lacey, et al., | |
| Defendants. | |

- 1 -

The United States files this brief reply to address two quick issues.

First, in its memorandum, it listed the wrong exhibit number on page 3. Instead of Ex. 1086, it should have been Ex. 1806. Also, the date listed is incorrect. The correct date is February 1, 2012.

Second, in their opening statements, Defendants discussed—in detail—many court decisions that purportedly demonstrated their "good faith" and why they couldn't have specifically intended to promote business enterprises involving prostitution offenses. None of those cases, however, dealt with the issue of whether Defendants violated federal criminal law. Zero. Yet, the jury was told that because of these various court decisions, Defendants had good faith to continue running their website. Indeed, Defendant Larkin's attorney suggested that even a bank loan provided "indirect" evidence of Defendants' good faith, because it showed that a bank was willing to do business with Backpage. Now, Defendants suggest that a negative court decision cannot be discussed at trial because "it was a procedural decision; it was not a decision on the merits." (Doc. 1291 at 4.) Of course, by that logic, none of the cases discussed by Defendants in their opening were "decisions on the merits" that would affect this case. Namely, whether Defendants violated federal criminal laws. Defendants can't have it both ways. While the United States would have preferred not to discuss any previous court decisions, Defendants have already opened that door. Accordingly, a negative decision by the Washington Supreme Court—even if not dispositive—is fair game to counter Defendants' "good faith" defense through court cases.

Respectfully submitted this 10th day of September, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/ Andrew C. Stone*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

DAN G. BOYLE
Special Assistant U.S. Attorney

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Andrew C. Stone*
U.S. Attorney's Office