GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>       v.<br><br>Michael Lacey, et al.,<br><br>              Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT BRUNST'S MOTION FOR A LIMITING INSTRUCTION** |

- 1 -

On August 30, 2021, Defendant John Brunst ("Defendant") moved the Court (Doc. 1247, the "Motion" or "Mot.") seeking a limiting instruction pursuant to Federal Rule of Evidence 105 regarding certain evidence that the Court deemed relevant and admissible in its sealed August 11, 2021 Order (Doc. 1212).[1]  While the United States may ultimately not oppose a limiting instruction once the relevant evidence has been introduced, it remains premature to make any such decision at this time, and the instruction requested by Defendant is broader than would be appropriate in any circumstances.  The Court should reserve decision on Defendant's motion until the close of evidence.

### Background

As described in Defendant's Motion, in a sealed August 11, 2021 Order, the Court granted in part the United States' motion to determine the admissibility of certain evidence, and as specifically relevant here, the Court found that certain communications sent by third parties to Backpage.com and/or its officers (the "Notice Letters") may be admissible as "relevant to Defendants' notice and thus prove Defendants' intent to facilitate prostitution under the Travel Act." (Doc. 1212 at 10.)  Based on the Order, Defendant has moved this Court pursuant to Rule 105 for a limiting instruction that the Notice Letters were not "admissible as to [Defendant] Brunst absent proof that he had actual knowledge of the letters." (Mot. at 5.)

### Discussion

While Defendant's motion purports to seek relief under Rule 105, the bulk of Defendant's motion has little to do with limiting instructions under that Rule, and instead, largely rehashes arguments over the parties' disputed jury instructions on the elements of conspiracy.  (*See* Mot. at 3-4, n.1 (citing cases regarding specific intent in conspiracy instructions).)  In any event, Defendant's motion is premature and seeks overbroad relief, and the Court should reserve judgment until the close of evidence.

Rule 105 states that "if the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely

---

[1] Defendant Larkin joined the Motion on September 8, 2021. (Doc. 1280.)

1    request, must restrict the evidence to its proper scope and instruct the jury accordingly."

2    Fed.R.Evid. 105.  The Rule specifically contemplates that any such limiting instruction is

3    appropriate only after such evidence is admitted. *See id.* ("If the court *admits* evidence. . ."

4    (emphasis added)).  A preemptory instruction is simply not contemplated by the Rule.

5            Second, Defendant's request that the Court limit the use of the Notice Letters "*only*

6    as to those defendants (if any) who received them" (Mot. at 2) is overbroad and

7    inappropriate. (*See id.* ("Brunst seeks a limiting instruction that the third-party

8    correspondence is not admissible as to Brunst unless the Government offers proof that

9    Brunst *received and read* any of the third-party letters the Government seeks to admit.")

10    (emphasis added).)  This requested instruction would frustrate the purpose of the Court's

11    Order finding this evidence admissible: in the Order, the Court properly held that the Notice

12    Letters could have put Defendants on notice as to rampant prostitution and trafficking

13    occurring through Backpage.com.  (Doc. 1212 at 10.)  Whether or not a specific Defendant

14    was an addressee or recipient of any particular Notice Letter would be irrelevant if such a

15    Defendant discussed that same Notice Letter with other conspirators.  This is particularly

16    relevant here, where certain of the Notice Letters may have been sent to a corporate entity

17    (Backpage itself), but at least two alleged co-conspirators are expected to testify at trial

18    regarding their discussions of the correspondence with other Defendants.

19            There is no requirement, either in the Order or in any authority cited by Defendant,

20    that a party must have personally received and read such a document (as opposed to being

21    informed of it by another party) to be put on notice as to its contents.  In particular, the

22    government expects that witness Carl Ferrer will testify as to discussions among certain of

23    Defendants regarding this evidence, including discussions of Backpage's responses to such

24    Notice Letters.  And while Defendant may argue that secondhand notice is less persuasive

25    or compelling than actually receiving and reading any specific Notice Letter, any such

26    argument would go to the appropriate weight such evidence should be given by the jury,

27    not admissibility.

28

1    Separately, much of Defendant's motion does not address limiting instructions

2    under Rule 105, and is little more than another attempt to re-litigate the parties' competing

3    jury instructions on the elements of conspiracy, *compare* Doc. 1216-3, at 75-84 (parties'

4    competing disputed Jury Instructions 8.20), *with* Mot at 3 n.1 ("As Defendants note in their

5    objections to the Government's proposed jury instructions…").  (*See also* Mot. at 2-3

6    (citing cases regarding specific intent).)  The Court does not need to address these disputed

7    jury instructions to resolve the question of any potential limiting instruction.[2]

8                                            **Conclusion**

9    Defendant has made a request for a limiting instruction under Rule 105, but because

10   no such evidence has yet been admitted, Defendant's request is premature at the present

11   time.  If, at the close of evidence, there is no evidence that Defendant received, read, *or*

12   *was informed* of the contents of any such Notice Letters, then the United States expects it

13   would not oppose an appropriate limiting instruction pursuant to Rule 105.

14   Respectfully submitted this 13th day of September, 2021.

15                                  GLENN B. McCORMICK
                                    Acting United States Attorney
16                                  District of Arizona

17                                  *s/ Andrew C. Stone*
                                    KEVIN M. RAPP
18                                  MARGARET PERLMETER
                                    PETER S. KOZINETS
19                                  ANDREW C. STONE
                                    Assistant U.S. Attorneys

20

21

22

23   [2] As the United States detailed in its response to the Defendants' proposed jury
     instruction 8.20 (Conspiracy – Elements), *see* Doc. 1216-3, at 82-84, the Ninth Circuit's
24   Model Instruction 8.20 on the elements of conspiracy properly addresses the intent
     requirements the jury must find to convict Defendants of the conspiracy alleged here. *See*
25   *United States v. Collazo*, 984 F.3d 1308, 1319 (9th Cir. 2021) ("A defendant must merely
     reach an agreement with the specific intent that the underlying crime be committed by some
26   member of the conspiracy" (*quoting Ocasio v. United States*, 136 S. Ct. 1423, 1429
     (2016))); *see also Ocasio*, 136 S. Ct. at 1429–30, ("The government does not have to prove
27   that the defendant intended to commit the underlying offense himself/herself. Instead, if
     conspirators have a plan which calls for some conspirators to perpetrate the crime and
28   others to provide support, the supporters are as guilty as the perpetrators.") (internal
     citations omitted).

                                            - 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAN G. BOYLE
Special Assistant U.S. Attorney

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 13, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/Andrew C. Stone*
U.S. Attorney's Office