Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
tbienert@bklwlaw.com
wbernstein@bklwlaw.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY Bar No. 1430909, *admitted pro hac vice)*
Erin McCampbell (NY Bar. No 4480166, *admitted pro hac vice)*
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' RESPONSE TO GOVERNMENT'S PROPOSED CHANGES TO JURY QUESTIONNAIRE (DOC. NO. 1349)** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral argument requested) |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

DEFENDANTS' RESPONSE TO GOVERNMENT'S PROPOSED CHANGES TO JURY QUESTIONNAIRE (DOC. NO. 1349)

The government filed its proposed changes to the jury questionnaire at Doc. No. 1349. Defendants submitted their suggested changes at Doc. No. 1348, and hereby respond to the government's proposed changes:

- Question 15 (Doc. No. 1349-1 at 5-6):
    - Defendants do not believe it is necessary to modify this question from how it appeared in the original jury questionnaires and object to the proposed change.

- Question 19 (Doc. No. 1349-1 at 6-7):
    - Defendants do not believe it is necessary to modify this question from how it appeared in the original jury questionnaires and object to the proposed change.

- Question 20 (Doc. No. 1349-1 at 7):
    - Defendants do not believe it is necessary to modify this question from how it appeared in the original jury questionnaires and object to the proposed change.

- Question 38 (Doc. No. 1349-1 at 12):
    - Defendants have no objection to the government's proposed edit.

- Question 39 (Doc. No. 1349-1 at 13):
    - Defendants have no objection to the government's proposed edit.

- Question 42 (Doc. No. 1349-1 at 14):
    - Defendants do not object to the government's proposed paragraph, as long as the response options after the question include the following:
        - "c. Regardless of the law, do you expect the defendants to produce some evidence or prove their innocence?"
        - "d. Regardless of the law, do you expect a defendant to testify during the trial?"

/ / /
/ / /
/ / /
/ / /
/ / /

- Government Proposed Question 42(c) (Doc. No. 1349-1 at 14):
  - Defendants oppose the government's phrasing and instead suggest:
    - "Will you follow the law as it is instructed by the Court even if you disagree with it, or will you follow your own beliefs and conscience if you disagree with any part of the law?"
  - Further, Defendants think this question should not be a subpart of Question 42 as the government proposes, but instead should be a standalone question where it appears in the current jury questionnaire at Question 86. To move the question as the government suggests runs the risk that potential jurors think they only have to follow the law as it relates to a defendant's right to not testify or produce evidence.

- Question 43 (Doc. No. 1349-1 at 14-15):
  - Defendants do not believe it is necessary to modify this question from how it appeared in the original jury questionnaires and object to the proposed change.

- Question 47 (Doc. No. 1349-1 at 16):
  - Defendants do not believe it is necessary to modify this question from how it appeared in the original jury questionnaires and object to the proposed change.

- Question 64 (Doc. No. 1349-1 at 20):
  - Defendants object to the government's inaccurate and self-serving modification, which, once again, ignores the legal distinction between the lawful adult entertainment industry, including escort services, and unlawful prostitution.
  - The government cites not a single case or statute to support its inaccurate position and ignores law to the contrary (*e.g.*, A.R.S. § 13-1422 relating to adult oriented businesses). The government cites a fringe online dictionary to suggest that escorts are associated with prostitution, but ignores Arizona's statutory definition of the term escort[1] and mainstream dictionary definitions,[2] neither of which suggest that escorts are prostitutes.
  - Further, the government suggests that all who work in the adult entertainment industry engage in unlawful prostitution. Doc. No. 1349-1 at 20. This contention is not only baseless, inaccurate, and absurd, but also underscores the government's present prosecution of individuals based on speech it disfavors, in an illegal and

---

[1] "Escort" means a person who for consideration agrees or offers to act as a companion, guide or date for another person or who agrees or offers to privately model lingerie or to privately perform a striptease for another person. A.R.S. § 13-1422(G)(7).

[2] *E.g.*, "a woman or a man who is hired to go with someone to a social event —often used before another noun -- an escort service/agency." *https://www.merriam-webster.com/dictionary/escort*.

perverse attempt to manipulate the law to its own moral preferences.

- The question should remain as it appeared in the original jury questionnaires.

- Question 65 (Doc. No. 1349-1 at 20-21):
  - The government's objections to Question 65 are inaccurate, self-serving, and misstate the law. Defendants incorporate their response to the government's proposed revisions to Question 64.
  - The government claims escort services are "not recognized as lawful, legal services throughout the United States," yet cites not a single statute providing, or legal decision holding, that escort services are unlawful. The fact that some jurisdictions regulate the provision of escorts services hardly means that escort services are unlawful where they are unregulated or that escorts who fail to comply with escort laws/regulations are prostitutes.
  - Moreover, whether some jurisdictions which license escorts also require escorts to include their license numbers in their advertisements is irrelevant. The Arizona statute the government cites is a civil statute and it imposes the obligation on the advertiser—not on the publisher of advertisements. And an escort's failure to comply with the laws and regulations relating to that business makes him or her a violator of those laws and regulations—not a prostitute.
  - This case centers on the distinction between legal adult services, such as escorts, and the unlawful activity of prostitution. As the Court recognized in creating the initial jury questionnaire, to ensure a fair jury it is important to ascertain potential jurors' beliefs and feelings about lawful adult entertainment services, including escort services.
  - The Defendants object to the deletion of this question, which should remain as it appeared in the original jury questionnaires.

- Question 79 (Doc. No. 1349-1 at 23-24)
  - Defendants object to the government's inaccurate and self-serving modification to this question, which attempts to adjudicate Defendants guilty before the trial even starts by interjecting conclusory statements such as "[t]his case involves prostitution" and telling the jury it will hearing about "prostitution and sex trafficking." Doc. No. 1349-1 at 23. The government astoundingly continues to fail to embrace its constitutional burden to prove that which it assumes to be true. Moreover, the government's proposed question inaccurately says that "victims and witnesses" will testify about "being posted on backpage.com," when it was ads that were posted to Backpage.com. The question should remain as it appeared in the original jury questionnaires.

/ / /

- Question 82 (Doc. No. 1349-1 at 24)
    - Defendants do not oppose the government's proposed question combining Questions 82-84, but for clarity, the question should read: "Would you find a witness's testimony to be more credible or less credible simply based on their…"

Defendants also request oral argument to the extent the Court disagrees with Defendants' proposed revisions contained in Doc. No. 1348 and this response or is inclined to accept any changes proposed by the government but objected to by Defendants.

RESPECTFULLY SUBMITTED this 19th day of October 2021,

BIENERT KATZMAN LITTRELL WILLIAMS LLP
*s/ Whitney Z. Bernstein*
Thomas H. Bienert, Jr.
Whitney Z. Bernstein
Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Oct. 2020) § II(C)(3), Whitney Z. Bernstein hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin McCampbell Paris
Attorneys for Michael Lacey

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW PC
*s/ Gary S. Lincenberg*
Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Attorneys for John Brunst

FEDER LAW OFFICE PA
*s/ Bruce Feder*
Bruce Feder
Attorneys for Scott Spear

DAVID EISENBERG PLC
*s/ David Eisenberg*
David Eisenberg
Attorneys for Andrew Padilla

JOY BERTRAND ESQ LLC
*s/ Joy Bertrand*
Joy Bertrand
Attorneys for Joye Vaught

---

5
DEFENDANTS' RESPONSE TO GOVERNMENT'S PROPOSED CHANGES TO JURY QUESTIONNAIRE (DOC. NO. 1349)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas