Timothy J. Eckstein, 018321
  teckstein@omlaw.com
Joseph Roth, 025725
  jroth@omlaw.com
Sarah P. Lawson, 036436
  slawson@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, AZ  85012-2793
Telephone: (602) 640-9000
Facsimile:  (602) 640-9050

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gkp@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-DJH |
| Plaintiff, | **MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO ALLEGED FORMER "PROSTITUTION" MARKETING STRATEGIES** |
| vs. | |
| Michael Lacey, et al., | |
| Defendants. | |

Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
Erin McCampbell Paris *(admitted pro hac vice)*
    eparis@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Eric W. Kessler, SBN 009158
KESSLER LAW GROUP
6720 N. Scottsdale Rd., Ste. 210
Scottsdale, Arizona 85253
(480) 644-0093 phone
(480) 644-0095 fax
Eric.KesslerLaw@gmail.com

Attorney for Defendant Scott Spear

David Eisenberg, 017218
    david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand, 024181
    joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
PO Box 2734
Scottsdale, Arizona 85252
Telephone: (602) 374-5321
Facsimile: (480) 361-4694

Attorney for Defendant Joye Vaught

## I. THE GOVERNMENT HAS IDENTIFIED WITNESSES AND EXHIBITS BARRED BY THE COURT'S PRIOR ORDER.

In its May 4, 2020 Order denying Defendant John Brunst's Motion to Dismiss Indictment for Failure to Allege the Necessary Elements of the Travel Act, the Court held that:

> Defendants' suggestion that the SI improperly indicts a 'boundless conspiracy to facilitate prostitution in general,' (Reply at 4), however, mischaracterizes the charges against them. Such a claim is simply untrue. ***They were not indicted for facilitating the amorphous notion of 'prostitution.'*** They were indicted for facilitating (via publishing ads) ***on fifty distinct occasions*** where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution. (SI ¶ 201.)

Dkt. 946 at 13 (emphasis added).

That is the law of the case. Dkt. 1524 at 4 n.2 (Order Setting Final Pretrial Conference). This case is about whether Defendants facilitated business enterprises engaged in prostitution in violation of state law when Backpage.com published one or more of the fifty charged adult-oriented ads – ***not*** about the millions of other adult-oriented ads that Backpage.com published over the years. Dkt. 946 at 13. Evidence is therefore relevant only if it concerns one of the fifty charged ads. To avoid another mistrial, Defendants seek an order to make clear that evidence of alleged strategies to increase purported "prostitution" ads on the site not specific to these fifty ads is irrelevant, because those alleged practices ended long before any of the fifty charged ads was posted.

Defendants anticipate the Government will attempt to introduce evidence unrelated to the fifty charged ads involving (1) ad moderation (allowing moderators to modify the wording of ads and then allowing the ads to run); (2) Backpage's alleged "reciprocal" advertising/link program with The Erotic Review (TER) (a different website with adult content); and (3) content "aggregation," alleged to be the provision of free ads "in an attempt to secure future advertising revenues." Dkt. 230 (Superseding Indictment) at ¶¶ 10-11, 34. Under the Court's Order, such evidence is inadmissible because each of those alleged practices ended well before September 10, 2013—the date that the first

charged ad was published.  Dkt. 230 at 201 (Count 2).[1]

First, Backpage.com prohibited its moderators from modifying the wording of ads by the fall of 2012 – roughly a year before the first charged ad was published – a fact admitted by several former Backpage.com moderators interviewed by the Government. Second, as to alleged reciprocal links with TER, Backpage had ended its relationship with TER and banned any reference to TER in its ads (including any "review ID" numbers tied to TER) by early 2011 – about two-and-a-half years before the first charged ad was published.  Exh. A (February 18, 2011 email from Defendant Andrew Padilla).  Third, as to aggregation, the indictment references a November 2008 internal Backpage email regarding "aggregation efforts in Dallas"—nearly five years before the first charged ad was published.  Dkt. 230 at ¶ 43.  Although the indictment makes a single reference to an October 2013 email from Carl Ferrer (Backpage's CEO) to Defendant Scott Spear regarding a "plan to hire . . . Content creators" in the Netherlands (where prostitution is legal), there is no allegation that this plan was ever executed or that it had anything to do with ads published in the United States, let alone any of the fifty charged ads.  *Id*. at ¶ 44.

Critically, the Government does not allege, and could not allege, that any of the fifty charged ads were the product of content aggregation, a "reciprocal" advertising/link program with TER, or had their wording modified by a Backpage.com moderator. Therefore, no evidence of any of these alleged practices should be admitted.

The Government may claim that those discontinued practices are relevant to the conspiracy charge.  But as the Court has already held, that charge is not "boundless"; it is wedded and limited to the fifty charged ads.  Dkt. 946 at 13; *see also* Dkt. 1444 at 8 (implying that any conspiracy is logically bound by the dates of the fifty charged ads, from 2013 to 2018).  Nor are those practices relevant background information regarding the

---

[1] The first charged ad was published on September 10, 2013, ten of the charged ads were published in 2014, fourteen of the charged ads were published in 2015, nine of the charged ads were published in 2016, eight of the charged ads were published in 2017, and eight of the charged ads were published in 2018.

Backpage.com website because, as this Court has held, "this case is not about Backpage . . . . This case is about these individuals and whether they had specific knowledge of these ads as facilitating illegal activity."  Exh. B (December 4, 2020 Hr'g. Tr. at 38).

In addition to being barred under Rule 401 as irrelevant, evidence about these discontinued practices should be barred under Rule 403, as the prejudice and confusion resulting from the presentation of evidence about those practices would lead jurors to conclude that such evidence is connected to the fifty charged ads.

## II.   THE COURT PREVIOUSLY DEALT WITH A RELATED ISSUE.

In denying the Government's Motion *in Limine* to Admit Evidence as Non-Hearsay Statements (Dkt. 1162), the Court previously ruled that the Government would need to "establish the foundation" necessary to admit unspecified statements from William "Dollar Bill" Mersey (an alleged "super affiliate" of Backpage) and David Elms (who ran TER). Dkt. 230 at 60; Dkt. 929 at 7-10.  The instant motion seeks to preclude the admission of a broader set of evidence regarding earlier practices the Government alleges were intended to promote "prostitution" ads on the Backpage.com website, an approach supported by the Court's prior ruling as to statements made by Mersey and Elms.

## III.   PROPOSED ORDER

Defendants seek an order that precludes the Government from introducing evidence regarding or making reference to (1) ad moderation; (2) a "reciprocal" advertising/link program with The Erotic Review; and (3) content aggregation, as these alleged practices are untethered to the fifty charged ads.[2]

---

[2] Undersigned counsel certifies that they have conferred with the Government in an effort to resolve the disputed evidentiary issues that are the subject of this motion.

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED: June 8, 2023              Respectfully submitted,

                                            Timothy J. Eckstein
                                            Joseph Roth
                                            Sarah P. Lawson
                                            Osborn Maledon, P.A.

                                            By:   */s/ Timothy J. Eckstein*
                                                          Timothy J. Eckstein
                                            Attorneys for Defendant James Larkin

DATED: June 8, 2023              Gary S. Lincenberg
                                            Ariel A. Neuman
                                            Gopi K. Panchapakesan
                                            Bird, Marella, Boxer, Wolpert, Nessim,
                                            Drooks, Lincenberg & Rhow, P.C.

                                            By:   */s/ Gary S. Lincenberg*
                                                          Gary S. Lincenberg
                                            Attorneys for Defendant John Brunst

DATED: June 8, 2023              Paul J. Cambria
                                            Erin McCampbell Paris
                                            Lipsitz Green Scime Cambria LLP

                                            By:   */s/ Paul J. Cambria*
                                                          Paul J. Cambria
                                            Attorneys for Defendant Michael Lacey

DATED: June 8, 2023                Kessler Law Office

By: _____*/s/ Eric W. Kessler*_____
        Eric W. Kessler
   Attorney for Defendant Scott Spear

DATED: June 8, 2023                The Law Office of David Eisenberg, PLC

By: _____*/s/ David Eisenberg*_____
        David Eisenberg
   Attorney for Defendant Andrew Padilla

DATED: June 8, 2023                Joy Bertrand Esq. LLC

By: _____*/s/ Joy Malby Bertrand*_____
        Joy Malby Bertrand
   Attorney for Defendant Joye Vaught

# EXHIBIT A

| | |
|---|---|
| From: | Andrew Padilla [███████] on behalf of Andrew Padilla |
| Sent: | Friday, February 18, 2011 10:16 PM |
| To: | Adam███ Allen███ Amanda███ Andrew███ Angel███ Angela███ Beverlie███ Billie███ Brian███ Bryan███ Cathleen███ Cody███ Dawn███ Devyn███ Donavon███ Ian███ James███ Jana███ Jason███ Jeff███ Jennifer███ Jessica███ John███ Justin███ Kolter███ LaTamara███ Levi███ Maria███ Martina███ Matt███ Michael███ Michael███ Misty███ Monica███ Nathan███ Nick███ Ray███ Roger███ Sara███ Sean███ Stefano███ Tara███ Tranica███ Zeke███ |
| Cc: | Joye███ |
| Subject: | another term bites the dust |
| Attachments: | good.jpg; bad.jpg; bad (1).jpg; bad (2).jpg; bad (3).jpg |

All:

We've been filtering out the terms "TER" and "The Erotic Review" along with links to theeroticreview.com since January of this year but our internet safety experts have suggested we take a more aggressive approach.

Effective immediately, any variation of, or reference to, TER is banned. If you find it in an ad, remove the phrase and update the ad but do not lock the ad from editing for this violation alone. If the review ID number is attached to the reference (TER #8675309), remove the ID number along with the TER reference.

If you find a string of numbers without a direct reference to TER, it's allowed.
Examples:

"#123456"

"Well Reviewed #666666"

"Google my reviews #12011201"

An easy way to weed out a good chunk of these references is to do a search for "TER" on the city page. You'll get some false positives but it should point you in the right direction. Non-adult spammers will sometimes use hidden keywords like "block bus ter video" and the search will see the tail-end of "bus ter". To avoid this, you can start your search after you've navigated to the Adult section of the city.

I'm attaching 4 example screenshots of what is not allowed (circled in red) and 1 example screenshot of what is okay (circled in green).

If you have any questions, please ask me or Joye. Thanks.

Andrew Padilla
Operations Manager
Backpage.com | Village Voice Media

CONFIDENTIAL                                                                                                              BP-PSI-029717

# Exhibit B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CR-18-0422-PHX-SMB |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | December 4, 2020 |
| Michael Lacey, | ) | 10:02 a.m. |
| James Larkin, | ) | |
| Scott Spear, | ) | |
| John Brunst, | ) | |
| Andrew Padilla, | ) | |
| Joye Vaught, | ) | |
| | ) | |
| Defendants. | ) | |
|_____| ) | |

BEFORE:   THE HONORABLE SUSAN M. BRNOVICH, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

TELEPHONIC MOTION HEARING

Official Court Reporter:
Linda Schroeder, RDR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 32
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1           And I think one of the key things in my reason for
2    denying the recusal is that this case is not about Backpage.
3    Backpage was prosecuted in a separate case, entered a plea in a
4    separate case.
5           This case is about these individual defendants and
6    whether they had specific knowledge of these ads as
7    facilitating illegal activity.  And that is why any reference
8    to the fact that this type of activity occurs on Backpage and
9    other social media doesn't have the strength it would had my
10   husband said something particular about these defendants, which
11   he has not.
12          He has also not -- I think the defense motion says
13   that he's made public statements about the people, which he has
14   not.  The entities, yes, he's commented that Backpage -- that
15   human trafficking has occurred on Backpage along with
16   Craigslist, Facebook, other social media.  And you also
17   mentioned issues in this case.  He has not commented on this
18   case or any of the issues in this case.
19          MR. LINCENBERG:  Your Honor, this is Gary Lincenberg.
20   I do not want to interrupt, but I would like to correct one
21   thing that the Court may have mistakenly just stated.
22          THE COURT:  What's that?
23          MR. LINCENBERG:  I believe I heard the Court state
24   that we had this key Attorney General letter in discovery, and
25   that's not correct, I believe, to the best of my knowledge.

# C E R T I F I C A T E

I, LINDA SCHROEDER, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 4th day of December, 2020.

s/Linda Schroeder
Linda Schroeder, RDR, CRR