GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENSE FROM COMMENTING ON LEGITIMACY OF PROSECUTION** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

The United States moves *in limine* to preclude the defense from commenting, in the presence of the jury, on the legitimacy of this prosecution and lawful tactics employed in the course of the prosecution.[1] Specifically, in opening statements on September 8, 2021, defense counsel declared to the jury, "When you have the law and the facts on your side, you go to civil court, when you don't, you take people's money so that they can't defend themselves and you bring a criminal charge." (Doc. 1342 at 94:17-20.)

This was clearly a comment on the fact that the United States has lawfully seized some of Defendants' assets to preserve them for restitution and forfeiture should this Court decide to order such. Likewise, it was an attempt to comment on the legitimacy of the prosecution by suggesting that civil litigation is somehow fairer, and, further, that this prosecution is inherently unfair simply by virtue of the fact that it is a criminal action. Such statements are highly inflammatory and unfairly prejudicial, and should be precluded under Rule 403.

If Defendants are able to make such comments, then they would essentially be arguing for nullification, which is not allowed. Jury nullification arguments ask the jury to violate its oath to return a verdict based solely on the evidence and the court's instructions, and instead acquit the defendants for improper reasons such as sympathy, bias, prejudice, or disagreement with the law. "Nullification . . . is 'a violation of a juror's sworn duty to follow the law as instructed by the court,' and 'trial courts have the duty to forestall or prevent' it, including 'by firm instruction or admonition.'" *United States v. Lewis*, No. 21-50229, 2023 WL 1990544, at *2 (9th Cir. Feb. 14, 2023) (quoting *Merced v. McGrath*, 426 F.3d 1076, 1079-80 (9th Cir. 2005).

While a jury has the right to nullify, a defendant does not have the right to argue for nullification. If defense counsel were to make the same arguments in the upcoming trial as

---

[1] **Certification**: On June 5, 2023, counsel for the United States met and conferred in good faith with Defendants' counsel regarding the relief requested in this motion, and the parties could not reach agreement. The Court has not previously considered or ruled on the motion.

they did in the first one, this Court should intervene and admonish the jury that such arguments are improper. But now that we know that defense counsel has made such arguments in the past and will likely make them again, this Court should affirmatively preclude them from doing so at the outset. *See United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008); *United States v. Sturgis,* 578 F.2d 1296, 1300 (9th Cir.1978) ("Not only should a judge interfere with an attorney's closing argument when it is 'legally wrong,' but he should also limit, for example, attorneys' remarks outside the record or unduly inflammatory."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification, and, indeed, may instruct the jury on the dimensions of their duty to the exclusion of jury nullification.").

## Conclusion

The defense should be precluded from:

1. commenting on the legitimacy of a criminal action versus a civil action; and
2. commenting on the seizure of assets that was legally authorized in this matter.

Respectfully submitted this 8th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

 s/Kevin M. Rapp
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office