GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br> v.<br><br>Michael Lacey, et al.,<br><br>  Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENDANTS' PURPORTED GOOD FAITH RELIANCE ON ADVICE OF COUNSEL** |

The United States renews its previous motion to preclude Defendants from soliciting testimony or otherwise suggesting that they relied upon the advice of their attorneys as a defense to the charged offenses.[1] (Doc. 1234.) Reliance on attorneys' advice is only relevant after "showing that [a defendant] made a full disclosure of all relevant and material facts to his attorney." *Bisno v. United States*, 299 F.2d 711, 719-20 (9th Cir. 1961). Here, Defendants have failed to waive the attorney-client privilege to permit the United States and the Court to determine whether "a full disclosure of all relevant and material facts" were provided to the attorneys before they provided any "advice." Accordingly, Defendants should be precluded from raising any advice of counsel defense.

**Procedural History**

The Court ordered that each motion *in limine* include "a certification by the proponent stating that the prior trial court has not considered or ruled on the proposed Motion. If an aspect of the Motion has been considered, the proponent shall refer to the relevant document number(s)." (Doc. 1524 at n.1.) The United States certifies that this particular motion was previously raised, but not ruled upon.

Before the first trial, the United States moved to preclude Defendants' advice of counsel defense. (Doc. 1234.) Defendants responded, but devoted most of their filing to renewing a previously denied motion to dismiss for outrageous government conduct. (Doc. 1250; *see* Doc. 1168 (Order denying motion to dismiss).) The United States replied (Doc. 1258), and several weeks later Defendants filed a reply regarding their renewed motion to dismiss (Doc. 1321). On December 2, 2021, the Court denied the United States' motion, along with Defendants' renewed motion to dismiss, "as redundant and moot and without prejudice to renew should the Court's rulings on the Motion to Dismiss . . . or Defendants' Motion to Compel . . . not address any issue raised therein." (Doc. 1421.)

On December 29, 2021, the Court issued its ruling on Defendants' Motion to Dismiss (Doc. 1355) and Defendants' Motion to Compel (Doc. 1281). (Doc. 1444.) In that

---

[1] Certification: On June 5, 2023, the United States' counsel met and conferred in good faith with Defendants' counsel regarding the relief sought here, and the parties could not agree.

- 1 -

Order, the Court addressed Defendants' renewed motion to dismiss (Doc. 1250). (Doc. 1444 at 15.) The Court wrote that "the trial court previously issued a Sealed Order [Doc. 1168] addressing these very same allegations," and found that the United States had neither "invaded the Defendants' attorney-client privilege" nor engaged in outrageous conduct. (Doc. 1444 at 15.) The Court did not, however, address the United States' motion to preclude Defendants' advice of counsel defense. Accordingly, the United States certifies that while the prior trial court may have considered the motion, no ruling has yet issued.

## Argument

Defendants may not raise an advice of counsel defense without first showing that they disclosed all relevant and material facts to their attorneys. *Bisno*, 299 F.2d at 719-20. Defendants agree. In their earlier response, they referred to the "uncontroversial proposition that an advice of counsel defense requires the defendant to show that he 'made a full disclosure of all relevant and material facts to his attorney.'" (Doc. 1250 at 10.) Despite this understanding, however, Defendants invoked an advice of counsel defense no less than five times during their opening statements—without first demonstrating that they had made the required full disclosures to their attorneys:

- "So, if Mr. Padilla needed advice, he didn't rely on himself. He relied on the attorneys and he relied on Mr. Ferrer." (Doc. 1343, Trial. Tr. 9/8/21, at 7:2-4.)
- "Not pornography, not sex for money, but legal ads predicated upon standard that he learned, not that he developed, but that he learned. And so, as a worker, as an operational person, [Padilla's] goal was to follow the standard that had been set for him principally by Mr. Ferrer and by the attorneys." (Doc. 1343 at 8:5-10.)
- "And they were advised by their attorneys and others that, if you shut down the adult section, like Craigslist, they're just going to move to something else." (Doc. 1343 at 30:19-21.)
- "However, [Lacey] was told repeatedly by Carl Ferrer and a number of attorneys that Carl and others had hired to advise them as to how to – how do you preserve

the First Amendment for all the people that have now been deprived of that when the government shut them down?" (Doc. 1343 at 33:16-20.)

- "And a number of attorneys advised them." (Doc. 1343 at 33:23.)

By making these arguments without first satisfying *Bisno*, Defendants attempted to circumvent the threshold requirement of showing that they had made a full and complete disclosure of all relevant and material facts to their counsel. Without such a showing, however, evidence of their reliance on advice of counsel isn't reliable and shouldn't be presented to the jury. *See* Fed. R. Evid. 403.

In the *Holmes* matter, the Northern District of California recently articulated what must occur before a defendant may present evidence related to advice of counsel:

> Prior to invoking an advice-of-counsel defense, however, Holmes must establish the foundational prerequisites for the advice-of-counsel defense, namely: (1) waiver of the applicable attorney-client privilege, (2) demonstrating that there was a full disclosure to her attorney of all material facts, (3) and that she relied in good faith on the specific course of conduct the attorney recommended.

*United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *51 (N.D. Cal. May 22, 2021).

Unless and until Defendants establish these "foundational prerequisites," the Court should preclude Defendants from invoking an advice of counsel defense, which would include any references in their opening statements (like those quoted above) to Defendants' purported reliance on attorneys' advice.

Respectfully submitted this 8th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Andrew C. Stone*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
DAN G. BOYLE
Assistant U.S. Attorneys

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office