GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND PREJUDICIAL TESTIMONY** |
| v. | |
| Michael Lacey, et al., | **(Doc. 1589)** |
| Defendants. | |

The Court should deny Defendants' motion in limine to preclude testimony that a victim was engaging in prostitution or being trafficked unless (1) the testimony is tied to one of the fifty ads charged in the superseding indictment (SI) and (2) known by one or more defendants that the victim was engaging in acts of prosecution or being trafficked at the time the ad was posted. (Doc. 1589.) As Defendants concede, this issue was previously decided by the Court. (Docs. 908, 911, 961, 1156.) The Court ruled that the United States could present evidence concerning prostitutes or trafficking victims who were advertised on Backpage, so long as the United States did not linger on the details of abuse these persons suffered. (Doc. 1156.) And, as argued in Doc. 1603, the Court has already determined that acts that furthered the 14-year conspiracy are admissible even if they occurred before 2013. Defendants' motion in limine is barred by law of the case.

## Procedural History

In April 2020, Defendants moved in limine to preclude under Fed. R. Evid. 401-403 evidence of sex trafficking and child sex trafficking that did not directly prove an element of a charged offense. (Docs. 908, 911.) The United States responded, explaining the evidence was relevant to show Defendants knew and intended to promote or facilitate prostitution, and that sex trafficking and child sex trafficking are both subsets of prostitution. (Doc. 961 at 4.) The Court agreed. "Evidence that tends to prove that Defendants were aware that Backpage.com was being used to facilitate sex trafficking and child sex trafficking are extremely probative to show notice to defendants that the website was being used for illegal purposes." (Doc. 1156 at 3.) While the Court held the United States could not linger on the details of the abuse, it would "allow evidence of the fact that people were trafficked using Backpage.com[.]" (Doc. 1156 at 4.) Additionally, the United States explained the victims would testify about how Backpage made it easy for them to engage in acts of prostitution and how their ads were created, paid for, and posted on Backpage. (Doc. 1156 at 5.) The Court found this evidence relevant and admissible, but cautioned that the United States would not be permitted to introduce lengthy testimony of a victim's time as a prostitute. (Doc. 1156 at 5.) In support, the Court cited the "well

established [rule] that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011); (Doc. 1156 at 3.)

Mid-trial, Defendants filed a Motion to Limit Testimony of J.S. (Doc. 1295), seeking an order to limit J.S.'s testimony unless there was a nexus between Defendants and the pimps who posted ads of J.S. on Backpage. The Court held J.S. could "testify that she was trafficked by her pimp through Backpage and that she filed [a law]suit." (Doc. 1334 at 65.) Additionally, the Court stated J.S. could testify about how she was posted on Backpage, the people that paid money to post her ad, the hotel, and for her clothes, as part of the business enterprise, if the United States established foundation for this testimony. (Doc. 1334 at 65-67.) Notably, the Court did not require the United States to tie each specific, individual piece of evidence to one or more Defendants.[1]

### **Argument**

Defendants' motion attempts to litigate an issue that has been litigated twice before. It is not based on new facts, as Defendants claim, or law, but is merely an attempt to ask the Court to restrict the United States' presentation of the evidence. Conspiracy law does not require proof that a defendant know his fellow co-conspirators. As such, the United States need not show that one or more of Defendants here had knowledge that an individual in a charged ad was engaged in prostitution or being trafficked contemporaneous with when the ad was published on Backpage. (*Cf.* Doc. 1589 at 5.) Under the *Pinkerton* theory of conspiracy liability, each conspirator is responsible for the acts of the others pursuant to and in furtherance of the conspiracy. *United States v. Roselli*, 432 F.2d 879, 894 (9th Cir. 1970) (citing *Pinkerton v. United States*, 328 U.S. 640, 646-647 (1946)). "It is well settled that [a defendant] is liable for the acts of his co-conspirators though he was not aware of

---

[1] Defendants' reference to testimony not tethered to communications with Defendants in Doc. 1347 at 4-5 is taken out of context. (Doc. 1589 at 4.) There, the Court discusses how Dr. Cooper's testimony emphasized child sex trafficking and how it was not tied to any communication with Defendants. (Doc. 1347 at 5.) The Court did not intend for this to apply to each, singular piece of evidence.

the performance of those acts, nor even of the existence of the actors." *Roselli*, 432 F.2d at 894. The United States has proposed jury instructions incorporating *Pinkerton* (Doc. 1216-3 at 108), and the Court adopted *Pinkerton* instructions in its preliminary jury instructions (Doc. 1311 at 3).

Defendants' concern that the United States intends at the retrial "to press the same case" and that "its case will essentially be a repeat" is misplaced. (Doc. 1589.) Since the mistrial, the United States has taken to heart the Court's mistrial ruling, and has worked to streamline its case-in-chief[2] and ensure that victim testimony "stay[s] away from the day in the life of a prostitute or victim." (Doc. 1347 at 4-5.) The United States is developing a line of questioning for victim-witnesses that explains (without getting into details about their abuse) (1) how their pimps, traffickers, or the victims themselves engaged in prostitution by placing ads on Backpage, and (2) how the Backpage ads that resulted in their prostitution activities were created, drafted, developed, and paid for. This evidence has been deemed admissible by the Court, is necessary and relevant to prove the elements of the SI's conspiracy and Travel Act counts, and is not unduly prejudicial.

## **Conclusion**

The Court should deny Defendants' motion and affirm the law of the case allowing the United States to present evidence that individuals were trafficked by pimps or traffickers or engaged in prostitution on Backpage and the steps they took to draft, create, develop, and pay for the ads that resulted in their prostitution activities on the website.

---

[2] To date, the United States has reduced its witness list by approximately 20 percent and Dr. Cooper has been removed. Priscilla Harrison and Kubiiki Pride will also be removed. Defendants list Megan Lundstrom (Victim 3 in the SI) as being connected to a charged ad. (Doc. 1589 at 5 n.2.) She is not. Arshana Sanders is related to Victim 16, Cynthia Worthy. Ms. Sanders is expected to testify about how she observed Ms. Worthy purchase vanilla Visa cards, post an ad on Backpage, and meet with a Backpage customer.

Respectfully submitted this 15th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

*s/Margaret Perlmeter*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Margaret Perlmeter*
Margaret Perlmeter
U.S. Attorney's Office