**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Defendants ask this Court to reconsider its recent denial of their Motion to Dismiss the Superseding Indictment. (Doc. 1622). In that Order, the Court rejected Defendants' argument that the Superseding Indictment ("SI") was deficient for failing to allege the elements of aiding and abetting when it charged Defendants with Travel Act violations. (Doc. 1587). Defendants argue that the United States Supreme Court's June 23, 2023, decision in *United States v. Hansen*, -- S.Ct. --, 2023 WL 4138994 (2023) ("*Hansen*") requires reconsideration of that determination. (*Id.*) The Court allowed the parties to brief the issue, which they have done. (*See* Docs. 1628, 1630). Following the briefing, Defendants filed a Notice of Supplemental Authority (Doc. 1632), alerting the Court to the D.C. Circuit Court of Appeals decision in *Woodhull Freedom Foundation v. United States*, __ F.4th __, 2023 WL 4376244 (D.C. Cir. July 7, 2023) ("*Woodhull*"). The Government then filed a Notice of Response to the Notice of Supplemental Authority (Doc. 1633).[1]

---

[1] Defendant Lacey then filed a "Supplemental Citation of Authorities in Support of Defndants' [sic] Motion for Reconsideration of Order Denying Defendants' Motion to Dismiss the Superseding Indictment" (Doc. 1639). Unlike Defendants' Notice of Supplemental Authority, this filing does not alert the Court to new, arguably, intervening

1   The issue before the Court is whether either of these cases render the SI deficient

2   for failing to allege the essential elements of aiding and abetting.  The answer is no.

3   **I.      Reconsideration Standards**

4   Local Rule of Civil Procedure 7.2(g) sets forth the standard under which a Court

5   reviews a Motion for Reconsideration.  *See also* LRCrim 12.1 (noting applicability of

6   LRCiv 7.1 and 7.2 to motions filed in criminal matters).  Rule 7.2(g) states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g).  *See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) (a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law").  *Accord Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice.");  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (motions for reconsideration in this district will be granted when there

---

law.  Instead, it cites two Ninth Circuit cases issued years before this Court's June 1, 2023, Order that stand for the proposition that when a defendant unsuccessfully challenges an indictment before trial, the issue is reviewed *de novo* on appeal, and if the appeals court determines that the indictment omitted an essential element, automatic dismissal is required regardless of whether the omission prejudiced the defendant.  *See United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999) and *United States v. Qazi*, 975 F.3d 989 (9th Cir. 2020). Defendant Lacey does not explain why these cases are appropriate for consideration with the Defendants' Motion for Reconsideration.  "Reconsideration may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised" in the initial motion movants are asking the Court to reconsider.  *See e.g.*, *Ramsey v. Arizona*, 2006 WO 2711490, at *1 (D. Ariz. 2006).  "Such disagreements should be dealt with in the normal appellate process."  *Id.*  The Court therefore deems the filing improper.

has been a change in the law that was decided or enacted after the Court's decision). Motions for reconsideration should be granted only in rare circumstances and such a decision is within the sound discretion of the trial court. *Navajo Nation*, 331 at 1046; *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (noting a denial of a motion for reconsideration is reviewed for abuse of discretion).

## II.   Discussion

Section 1952(a) of the Travel Act provides:

> Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity . . . and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $ 10,000 or imprisoned for not more than five years, or both.

"Unlawful activity" is defined to include, in relevant part, "any business enterprise involving . . . prostitution offenses in violation of the laws of the State in which they are committed." 18 U.S.C. § 1952(b)(1). The SI alleges fifty Travel Act violations against Defendants, violations that are listed as facilitating the promotion of "prostitution offenses in violation of the laws of the State in which they are committed and of the United States, including but not limited to Title 13, Arizona Revised Statutes, Section 13-3214." (SI ¶ 200-01). The SI tracks the language of the Travel Act and alleges that Defendants

> used the mail and any facility in interstate and foreign commerce with intent to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit: prostitution offenses in violation of the laws of the State in which they are committed and of the United States, including but not limited to Title 13, Arizona Revised Statutes, Section 13-3214, and thereafter performed and attempted to perform an act that did promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity. . .

(*Id.* ¶ 201). The SI goes on to reference fifty specific ads published on Backpage between September 10, 2013, and February 6, 2018, that constitute the acts promoting or facilitating

the promotion of the unlawful business enterprise.  (*Id.*)  Elsewhere, the SI alleges that Defendants "were aware that the overwhelming majority of Backpage's 'adult' and 'escort' ads were actually ads for prostitution" and makes various allegations that Defendants knew its various marketing efforts to prostitution advertisers helped them accomplish their transactions.  (*See e.g.*, SI ¶¶ 34, 70, 71, 73, 76, 81, 107, 132, 135).

In their Motion to Dismiss (Doc. 1557), Defendants argued the SI's Travel Act allegations were insufficient because it did not allege the elements of criminal aiding and abetting, and specifically that the SI did not allege Defendants acted "with the intent of facilitating the offense's commission" or that the underlying offense had been committed. (*Id. citing Rosemond v. United States*, 572 U.S. 65, 70 (2014)).  The Court disagreed and concluded that Ninth Circuit law did not require the SI to allege the elements of aiding and abetting in bringing Travel Act charges, but even if it did, the SI sufficiently alleged Defendants' intent to aid or facilitate the commission of identified state crimes of prostitution, and that as a matter of law, elements of aiding and abetting would be read into a federal indictment anyway.  (Doc. 1587).

In their Motion for Reconsideration, Defendants argue that the Supreme Court's recent decision in *Hansen* and the D.C. Circuit Court of Appeals' decision in *Woodhull* warrant reconsideration of those conclusions.  In both cases, federal statutes were challenged on overbreadth grounds, and in both cases, the courts narrowly construed the statutes to uphold their constitutional reach.  Defendants' argument begs the limited question as to whether either of these cases altered the Ninth Circuit pleading requirements in alleging Travel Act charges.[2]  They clearly do not.

---

[2] As they have done in their past motions, Defendants conflate burden of proof issues with pleading requirements.  For example, in their Motion for Reconsideration, Defendants argue "like any aiding and abetting offense, a violation of the Travel Act requires *proof* that each Defendant knew about and intended to commit each element of the underlying offenses and *proof* of a violation of the underlying state law."  (Doc. 1622 at 4) (emphasis added).  When assessing the sufficiency of an indictment, however, a court must only determine whether the indictment contains a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1); *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Assessing the sufficiency of the proof at this stage is entirely inappropriate and may constitute reversal error.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

The question before the Supreme Court in *Hansen* was whether a federal law that criminalizes "encouraging or inducing" an immigrant to come or remain in the United States unlawfully violated First Amendment freedom of speech guarantees. 2023 WL 4138994, at *3. The defendant in *Hansen* conceded that the statute was constitutional as applied to him but that the statute's terms encompassed a substantial amount of protected speech and therefore was unconstitutionally overbroad. *Id.* at *5. The Supreme Court disagreed. In so finding, the Court interpreted "encourage or induce" to be terms of art that Congress used in a specialized, criminal-law sense and explained that these terms "carry the usual attributes of solicitation and facilitation—including [], the traditional *mens rea*" required of those offenses. *Id.* at *10. By interpreting "encouraging or inducing" to implicitly include the *mens rea* requirement of intent to bring about a particular unlawful act (as required for criminal solicitation and facilitation), the scope of the statute captured only a narrow band of speech not protected by the First Amendment. *Id.*

The D.C. Circuit Court issued the *Woodhull* opinion a few weeks after the *Hansen* decision. *Woodhull*, 2023 WL 4376244 (D.C. Cir. July 7, 2023). There, the court concluded that section 2421A(a) of the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 ("FOSTA") also was not unconstitutionally overbroad. *Id.* FOSTA makes it a felony to "own[], manage[], or operate[] an interactive computer service, . . . or conspire[] or attempt[] to do so" if done "with the intent to promote or facilitate the prostitution of another person." 18 U.S.C. § 2421A(a). The court rejected Woodhull's argument that the terms "promote" and "facilitate" could be interpreted to broadly encompass activities such as generally advocating about prostitution or giving advice to sex workers to protect them from abuse. *Id.* at 7. The court first explained that both verbs have specialized meaning when used in a criminal law context. *Id.* at 8. In that context, the court found that "promoting prostitution" proscribes "owning, managing, or operating an online platform with the intent to recruit, solicit, or find a place of business for a sex worker—that is, to aid and abet prostitution." *Id.* Noting that "facilitating prostitution" had not been similarly defined in criminal law, the court, invoking the

Supreme Court's recent decision in *Hansen*, found that "'facilitate' is a synonym for aiding and abetting when that word is used in the context of criminal statutes." *Id.* at *9. The court then reasoned "[s]o it seems clear that, in this statute, 'facilitate prostitution' is most naturally read to mean aiding and abetting prostitution," in ways that reach "additional forms of aiding and abetting that go beyond the recruitment, solicitation, or finding of a place of business, which 'promote' already covers." *Id.* Moreover, the court held, the reach of what "facilitate" encompassed was limited by the "very specific criminal object" of the statute—namely, "of another person." *Id.* at *10.

What neither of these cases discuss, much less opine on, are pleading standards related to Travel Act indictments for promoting or facilitating the promotion of prostitution. Their focus was instead on the constitutional reach of the respective statutes, or what conduct was encompassed and thus criminalized when Congress used statutory terms such as "encourage," "induce," "promote," or "facilitate." Both courts acknowledged that when read outside their statutory context, all could reach constitutionally protected speech. But the courts chose to limit the reach of these terms by invoking well-established traditional aiding and abetting law and proscribing only those actions done with the intent to bring about a particular unlawful act. They did not say that for indictments to stand under these statutes (neither of which was the Travel Act), the indictment must allege the essential elements of criminal aiding and abetting.

In short, neither *Hansen* nor *Woodhull* changes the law on pleading standards for indictments nor overturns Ninth Circuit precedent that identifies the essential elements of a Travel Act violation. An indictment under the Travel Act requires allegations of each of the three elements of the crime: (1) interstate commerce or use of an interstate facility (2) with intent to promote an unlawful activity and (3) a subsequent overt act in furtherance of that unlawful activity. *United States v. Tavelman*, 650 F.2d 1133, 1138 (9th Cir. 1981). Here, the SI alleges that between 2004 and April 2018 (1) Defendants ran an interstate online website; (2) with the intent to promote or facilitate the promotion of prostitution; and (3) thereafter, between September 10, 2013, and February 6, 2018, Defendants

published 50 ads facilitating that unlawful activity.  The SI is not deficient, and these cases do not provide the Court a reason to reconsider its prior order determining as much.[3]

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 1622) is denied.

Dated this 20th day of July, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge

---

[3] Indeed, absent controlling law stating otherwise, the Court agrees with the Government that Defendants' argument that the SI is deficient due to its failure to allege the elements of aiding and abetting "is a non-starter."  "Aiding and abetting is a lesser-included offense that need not be separately charged."  *United States v. Palfrey*, 499 F.Supp.2d 34, 42 (D.D.C. 2007).