GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANTS' OBJECTION TO PROPOSED LIMITING INSTRUCTION [Doc. 1730]** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

In its Trial Brief, the United States proposed several safeguards to address any potential risk of unfair prejudice to Defendants from the use of exhibits and testimony that reference terms like "sex trafficking," "child sex trafficking," or "human trafficking." Doc. 1642 at 4-9. Defendants now take issue with the limiting instruction that the United States proposed. Doc. 1730. The United States respectfully submits that the Court should use the government's instruction, either as originally proposed in the Trial Brief or as modified below.

Jurors: The evidence and testimony that you will receive at trial will occasionally involve terms such as "sex trafficking," "child sex trafficking," or "human trafficking." As used in this case, those terms should be understood as referring to the exchange of sex for money—what is commonly known as "prostitution." Any use of those terms is not meant to imply that any Defendant has been charged with, or may be guilty of, the separate crimes of sex trafficking, child sex trafficking, or human trafficking, or promoting or facilitating those crimes. Instead, Defendants are charged only with the crime of conspiracy to promote, or facilitate the promotion of, business enterprises involving prostitution offenses (Count 1); individual crimes of promoting, or facilitating the promotion of, business enterprises involving prostitution offenses (Counts 2-51); and money laundering (Counts 52-100).

When evidence that includes the word "trafficking" is offered at trial, it often will be presented for a purpose other than proving the truth of the matters asserted in that evidence. When such evidence is offered for a purpose other than for the truth, I will instruct you on the purpose for which you may consider the evidence.

1        This modified instruction addresses Defendants' concern about "clearly stating"

2   that Defendants are not charged with crimes involving trafficking. Doc. 1270 at 3. It also

3   incorporates Defendants' suggestion that the instruction inform the jury that "trafficking"-

4   related evidence often will not be offered for the truth, and that the Court will provide

5   instruction on the purpose for which the jury may consider the evidence. Doc. 1270 at 3-4.

6   The remainder of Defendants' instruction misdescribes the charges in the Superseding

7   Indictment, and is lengthy and repetitive. It should not be adopted.

8        The rest of Defendants' Objection attempts to relitigate the Court's prior orders,

9   including Docs. 1156 and 1643.  The Court has already held that evidence showing

10  Defendants' knowledge of sex trafficking and child sex trafficking is admissible and not

11  unfairly prejudicial, particularly when linked to Defendants' notice, knowledge, or intent

12  concerning their website's operations. Doc. 1156 at 3-4. The Court recently reaffirmed its

13  rulings regarding this evidence. *See* Doc. 1643 at 4 (agreeing with the United States that

14  "there are no new facts, and the law of the case permits them to show that Defendants knew

15  about and intended to promote or facilitate prostitution, and that sex trafficking and child

16  sex trafficking are both subsets of prostitution"); *id*. at 5 ("**reiterating** the prior court's

17  Order (Doc. 1156) that the Government may not illicit irrelevant and cumulative testimony

18  about the abuse sex trafficking victims suffered"). The Court should reject Defendants'

19  latest attempt to relitigate these rulings.

20

21

22

23

24

25

26

27

28

Respectfully submitted this 28th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

*s/ Peter S. Kozinets*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office

- 4 -