GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **UNITED STATES' STIPULATIONS AND OBJECTIONS TO DEFENSE EXHIBITS INTENDED TO BE INTRODUCED THROUGH CARL FERRER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Stipulation

On Monday, September 18, 2023, the defense provided the United States with a list of 453 defense exhibits that they intend to introduce during the cross examination of Carl Ferrer. The United States hereby stipulates to the admission of the 101 exhibits listed in Attachment A. Furthermore, to expedite the process, the United States does not object to the admission of these exhibits *en masse*.

Objections

In addition to the exhibits stipulated in Attachment A, large numbers of defense exhibits fall into categories that should not be admitted. First, numerous exhibits involve advice of counsel. Second, numerous exhibits are court opinions or filings from other cases that have no bearing on the instant matter, or that discuss Section 230 of the Communications Decency Act. Third, there are more than 200 exhibits that are irrelevant, cumulative, and misleading that should all be excluded. Each exhibit falling into one of these categories should be excluded under the Court's pretrial rulings. Moreover, the Court should again admonish the defense to not ask Mr. Ferrer questions that touch on these issues because it would be unfairly prejudicial to the United States to have these issues raised in front of the jury at all, which is why they were raised and ruled upon pretrial.

1. Advice of Counsel

In Doc. 1643, the Court ruled that Defendants are precluded from arguing good faith reliance on advice of counsel unless they comply with the Ninth Circuit's requirements in *United States v. McLennan*, 563 F.2d 943, 946 (9th Cir. 1977) for such a defense. Doc. 1643 at 12. To date, Defendants still have not complied with the requirements for advancing the advice of counsel defense. Consequently, the exhibits below discussing or referencing advice of counsel should be excluded.

| Defense | Date | Topic |
|---|---|---|
| 5329 | 4/4/2012 | Letter from General Counsel for Village Voice Media Holdings, Inc. re Backpage.com Adult Category |

| | | |
|---|---|---|
| 5507 | N/A | Memo on why Backpage does not create liability for prosecution |
| 5524 | 2/15/2012 | Email between Jim Suskin and Jim Larkin about memo on statute proposed in Washington legislature |
| 6025 | 7/21/2015 | Emails between Ferrer and Voigt discussing the *Dart* litigation and referring to discussion with counsel |
| 6043 | 6/11/2006 | Email from Spear stating, "with assistance of counsel," changes to terms of use and warnings and disclaimers |
| 6066 | 8/17/2010 | Emails between Ferrer and Spear and Ferrer and Alex about terms of use and banner ads |
| 6109 | 7/15/2009 | Emails from Suskin to Spear about memo of why WM/BP does not create liability for promoting prostitution |

2. Court Decisions and Section 230

In Doc. 1643, the Court held that "that Defendants are instructed not to refer to prior court decisions, rulings, opinions or results filed by or against Backpage.Com, LLC, unless those prior cases were adjudications of 18 U.S.C. § 1952(a)(3)(A) offenses." Doc. 1643 at 11. That ruling addressed references to the CDA and Section 230 as well: "CDA Section 230 does not immunize Defendants from prosecution of Counts 2–51 for Travel Act crimes." Notwithstanding this Court's clear ruling, the defense has noticed the following exhibits:

A. Other litigation:

| Defense | Date | Topic |
|---|---|---|
| 5030 | 8/29/2012 | 9th circuit opinion in Lacey v. Maricopa County |
| 5066 | 11/4/2015 | Amicus Curae brief in support of Backpage for the Center for Democracy and Technology, Electronic Frontier Foundation, and Association of Alternative Newsmedia |
| 5068 | 11/4/2015 | Amicus Curae brief in support of Backpage for the Cato Institute, Reason Foundation, and DKT Liberty Project |
| 5079 | 7/27/2012 | District Court, W.D., opinion in Backpage v. McKenna |
| 5081 | 1/3/2013 | District Court, M.D., opinion in Backpage v. Cooper |
| 5083 | 8/20/2013 | NJ District Court opinion in Backpage v. Hoffman and The Internet Archive v. Hoffman |

| | | |
|---|---|---|
| 5085 | 3/14/2016 | 1st circuit opinion in Doe v. Backpage |
| 5092 | 5/15/2015 | MA District Court opinion in Doe 1, 2, and 3 v. Backpage |
| 5101 | None | Superior Court opinion in CA v. Ferrer, Lacey, and Larkin |
| 5103 | 1/3/2013 | District Court, M.D. of TN, opinion in Backpage v. Cooper |
| 5104 | 11/30/2015 | 7th circuit opinion in Backpage v. Dart |
| 5106 | 10/3/2016 | Denial of writ of certiorari in Dart v. Backpage |
| 5109 | 7/27/2012 | District Court, W.D. of Washington, Grant of P's motion for preliminary injunction in Backpage and Internet Archive v. McKenna |
| 5119 | 8/20/2013 | District Court, District of NJ, grant of P's motions for temporary restraining order and preliminary injunction in Backpage and Internet Archive v. Hoffman |
| 5120 | 8/15/2011 | Grant of D's motion to dismiss in M.A. v. Village Voice Media Holdings and Backpage |
| 5167 | 11/30/2015 | 7th circuit opinion in Backpage v. Dart |
| 5324 | 12/9/2016 | Court Ruling on Demurrer in *People v. Ferrer et al*. |
| 5532 | N/A | Statement of Jim Larkin and Michael Lacey regarding settlement of civil lawsuit against Sheriff Joe Arpaio and Dennis Wilenchik |
| 5902 | 10/15/2015 | District Court ND Illinois record on appeal Backpage v. Dart |
| 5904 | 7/21/2015 | District Court ND Illinois Backpage complaint for injunctive and declaratory relief and damages in Backpage v. Dart |
| 5905 | 6/26/2013 | District Court NJ Backpage complaint to enjoin enforcement |
| 5907 | 6/4/2012 | District Court WD of Washington Backpage complaint to enjoin enforcement of bill |
| 5910 | 10/16/2014 | District Court MA complaint Jane Do 1 and 2 v. Backpage, Camarillo Holdings (VVM), and New Times Media |
| 5915 | 9/16/2010 | District Court ED of MO complaint for damages M.A. v. VVM |
| 5917 | 9/26/2016 | Criminal complaint in CA v. Ferrer, Lacey, and Larkin |
| 5919 | 12/23/2016 | Felony criminal complaint in CA v. Ferrer, Lacey, and Larkin |

B. Section 230 of the CDA:

| Defense | Date | Topic |
|---|---|---|
| 5519 | 9/2-9/3/11 | Emails between Don Bennett Moon and Samuel Fifer about press coverage, AG, and Backpage |

| 5525 | N/A | Memo analyzing Washington state legislation directed at providers of internet personal ads |
|------|-----|---|
| 5538 | 3/4/2017 | Letter from FALA to AG expressing concern about prosecutorial overreach in Backpage and extensively discussing the CDA |
| 5554 | Sept. 2011 | "The Role of Networking Sites and Online Classifieds" article written by Mark Latonero |
| 5967 | 2/24/2009 | Draft of operating procedures for taking and placing Backpage ads by VVM employees |
| 6072 | 9/24/2010 | Email from Ferrer to self of new initiatives for Backpage operations |

3. <u>Irrelevant, cumulative, and unfairly prejudicial exhibits</u>

Next, the United States objects to the 220 exhibits that Defendants intend to introduce involving Backpage agents or employees notifying law enforcement of similar prostitution ads on other websites. This prosecution is not about these other websites, and therefore the existence of similar or identical prostitution ads on other sites is not relevant to any of the elements of the charges in the Superseding Indictment. Indeed, such evidence is geared primarily towards a nullification argument such as, "Ladies and Gentlemen of the jury, you have seen hundreds of emails in which Backpage notified law enforcement of similar ads on other websites, therefore these defendants were not the only ones engaged in this conduct. Where are those companies and why are they not being prosecuted?"[1] Additionally, these exhibits are likely to confuse the jury because these exhibits merely demonstrate that other websites were engaged in the same criminal activity as Backpage and the Defendants. Rule 403. Finally, given the United States' stipulation to 100 similar exhibits regarding appreciative comments from law enforcement to Backpage for subpoena compliance, these additional 220 exhibits between Backpage and law enforcement are cumulative. Rule 403. The United States has attached the list of exhibits as Attachment B.

---

[1] *See, e.g.*, Mr. Feder's opening statement: "Long ago the great fictional Sherlock Holmes said: The police dog's nose is long and straight, but it points in only one direction. That's what this case is about…That's why it is so concerning that this <u>experimental prosecution</u> has been brought against principals of an Internet site." (emphasis added).

## Conclusion

Respectfully submitted this 20th day of September, 2023.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>NICOLE M. ARGENTIERI
>Acting Assistant Attorney General
>Criminal Division, U.S. Department of Justice
>
> *s/Austin M. Berry*
>AUSTIN M. BERRY
>Trial Attorney
>
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER KOZINETS
>ANDREW STONE
>DANIEL BOYLE
>Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Austin M. Berry*
Austin M. Berry
Trial Attorney