**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 2:18-cr-00422-DJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | August 18, 2023 |
| Michael Lacey, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE:  THE HONORABLE DIANE J. HUMETEWA, JUDGE**

**REPORTER'S EXCERPTED TRANSCRIPT OF PROCEEDINGS**

**ARGUMENT ON FIRST AMENDMENT INSTRUCTION AND RULING**

Official Court Reporter:
Hilda Elizabeth Lopez, RMR, FCRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 30
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For the Government:
    UNITED STATES ATTORNEY'S OFFICE
    By:  **Mr. Kevin M. Rapp, Esq.**
         **Mr. Peter S. Kozinets, Esq.**
         **Mr. Andrew C. Stone, Esq.**
         **Ms. Margaret Wu Perlmeter, Esq.**
    40 North Central Avenue, Suite 1200
    Phoenix, Arizona 85004
    kevin.rapp@usdoj.gov
    peter.kozinets@usdoj.gov
    andrew.stone@usdoj.gov
    margaret.perlmeter@usdoj.gov

For the Government:
    UNITED STATES DEPARTMENT OF JUSTICE
    By:  **Mr. Austin Berry, Esq.**
    1301 New York Avenue, NW, 11th Floor
    Washington, DC 20005
    austin.berry2@usdoj.gov

For the Defendant Michael Lacey:
    LIPSITZ GREEN SCIME CAMBRIA, L.L.P.
    By:  **Mr. Paul J. Cambria, Jr., Esq.**
    42 Delaware Avenue, Suite 120
    Buffalo, NY 14202
    pcambria@lglaw.com

For the Defendant Scott Spear:
    FEDER LAW OFFICE, P.A.
    By:  **Mr. Bruce S. Feder, Esq.**
    2930 East Camelback Road, Suite 160
    Phoenix, AZ 85016
    bf@federlawpa.com
    - and -
    KESSLER LAW OFFICE
    By:  **Mr. Eric Walter Kessler, Esq.**
    6720 N. Scottsdale Road, Suite 210
    Scottsdale, AZ 85253
    eric.kesslerlaw@gmail.com

```
 1    For the Defendant John Brunst:
           BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
 2         LINCENBERG & RHOW, P.C.
           By:   Mr. Gopi K. Panchapakesan, Esq.
 3         1875 Century Park E, Suite 2300
           Los Angeles, CA 90067
 4         gpanchapakesan@birdmarella.com
           glincenberg@birdmarella.com
 5

 6    For the Defendant Andrew Padilla:
           DAVID EISENBERG, P.L.C.
 7         By:   Mr. David S. Eisenberg, Esq.
           3550 North Central Avenue, Suite 1155
 8         Phoenix, AZ 85012
           david@deisenbergplc.com
 9

10    For the Defendant Joye Vaught:
           JOY BERTRAND, ESQ., L.L.C.
11         By:   Ms. Joy M. Bertrand, Esq.
           P.O. Box 2734
12         Scottsdale, AZ 85252
           joy@joybertrandlaw.com
13

14    Present Telephonically:

15    Andrew Padilla
      Joye Vaught
16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

1                    **P R O C E E D I N G S**

2

3    **\*\*\*\*\* EXCERPTED TRANSCRIPT**

4            THE COURT:  Well, we'll have to probe that.

5            So we need one additional.  There was a slight glitch    11:04:16

6    in the counting.  2911, and so that will complete the 110 who

7    will come, 2911 is included now.

8            Does anyone need a break?  Can we move forward then?

9    All right.

10           So let me start with the Statement of the Case.  I      11:05:10

11   looked over the objection again and the Court's revised

12   Statement of the Case removing Mr. Larkin's name.  I'm going to

13   overrule the objection that was filed at Document 1660.  Again,

14   this is going to be the Statement of the Case that's read at

15   the very outset of jury selection.  What I intend to do is read  11:05:39

16   the Statement of the Case, identify those individuals who have

17   supplemented their questionnaire with having knowledge, include

18   them in those that then I would like to begin with individual

19   voir dire about their knowledge of the case so that they are

20   not verbally stating what they know.  So the Statement of the    11:06:05

21   Case will be as provided to counsel.

22           I have looked again at the Proposed First Amendment

23   Instruction, and I -- and I'll have my law clerk provide that

24   to you.  You can look at it.  I've revised it and I've revised

25   it.  I'll read it to you as she's providing it.  It states:      11:06:38

1    All speech is presumptively protected by the First Amendment to

2    the United States constitution.  However, the First Amendment

3    does not protect speech relating to illegal activity.

4    Prostitution is illegal in 49 states and most of Nevada.

5    Therefore, the First Amendment does not protect advertisements          11:07:18

6    or solicitations for prostitution.

7           It is the government's burden to establish that each

8    of the ads alleged in this case is an ad for prostitution and

9    not for another purpose such as an ad for an escort, dating or

10   massage service.  You may consider any direct or circumstantial        11:07:45

11   evidence in assessing whether any of the charged ads in this

12   case are to promote or facilitate an act of prostitution.

13          And so it is that First Amendment jury instruction I

14   intend to give, and so I admonish counsel to confine their

15   opening arguments in that way if they intend to raise them at          11:08:16

16   all.

17          Regarding the defendant's objection, which I looked

18   at, and the government's response to it, I agree with the

19   government and looked through the record, the arguments have

20   been previously made before, the argument goes along the lines         11:08:42

21   that the First Amendment protects the publisher of third-party

22   speech, but the Court under Docket No. 793 had previously

23   analyzed the argument, and in that order Judge Brnovich states

24   that "the government is pursuing a theory of vicarious

25   liability for merely hosting third-party content."  That's the         11:09:16

1    defense argument.

2         And she stated:  That argument is not supported by the

3    superseding indictment, which goes through a long and

4    fact-specific description of the defendants' participation in a

5    conspiracy to facilitate and promote prostitution.                11:09:40

6         She goes on to say:  The superseding indictment

7    sufficiently explains why the defendants in this case are not

8    just merely hosting third-party content.

9         And so in that way the matter has already been

10   resolved.  But as I indicated in the order on the motions in    11:09:59

11   limine, it is important that there be the ability to

12   distinguish what are permissible ads, as the defendants have

13   raised, and what are illegal advertisements, and that's the

14   burden that the government carries.  So I think this

15   instruction is intended to get at that.                          11:10:33

16        And so the objection is overruled to the original --

17   what I had originally proffered as the Court's Revised First

18   Amendment instruction.  And now this is, I guess in viewing

19   some of the content of that and also looking at the prior order

20   in the motions in limine, the Court now on its own has slightly  11:11:08

21   revised it, so that is what I intend to give.

22        MR. CAMBRIA:  Can I comment on that, please?

23        THE COURT:  You can make a record, yes.

24        MR. CAMBRIA:  Thank you.  I think what's lacking here,

25   Your Honor, is the Ninth Circuit has consistently in several     11:11:23

1    cases, which we have cited, *Metro Lights*, *Valle del Sol*, *IMDb*,

2    et cetera, said that the speech on itself must propose an

3    illegal activity.  The speech on its face must propose an

4    illegal activity.  That is a critical requirement.  It's one

5    thing to say that it's presumptively protected, which it is, I          11:11:50

6    know in your original instruction you had something about

7    related to, and that is inconsistent with the interpretation.

8    I think what's lacking here is a statement that the speech

9    itself on its face must propose an illegal activity.

10          This is not something where later on down the line,                11:12:13

11    you know, there's proof that there was illegal activity.  These

12    are publishers.  And publishers, according to all these Ninth

13    Circuit cases that we cited, talk about looking at and focusing

14    on the speech itself, not other related so-called conduct, but

15    the speech itself.                                                       11:12:37

16          And that's consistent with a number of Supreme Court

17    decisions which talk about imminent lawlessness and things like

18    that.  Unless the speech on its face proposes a clearly illegal

19    activity it is presumptively protected, and that presumption is

20    not removed, and so that's what's lacking here.                         11:13:01

21          Again, we highlighted this because the cases that I

22    cited basically were talking about the government's case,

23    *Pittsburgh Press*, and they said that the focus must be on the

24    words themselves, on the content of the speech, not associated

25    conduct or activity that may be associated, but on the face of          11:13:23

1     the speech itself, and that's consistent with First Amendment

2     law regarding a publisher because a publisher could only be

3     responsible for the actual words that they publish.

4          Unless it specifically alleges an illegal, clearly

5     illegal activity, it is protected.  That's the message that          11:13:46

6     needs to be carried to the jurors so that we don't get involved

7     in, well, maybe it's this, maybe it's that.  It has to clearly

8     be that on its face to be unprotected.  All those Ninth Circuit

9     cases have interpreted *Pittsburgh Press* that way.

10         THE COURT:  And as I have already indicated, I have          11:14:09

11    reviewed the objection, I reviewed the cases that were cited by

12    the defense and the government in the proposed jury

13    instructions in which there were multiple iterations of a First

14    Amendment jury instruction.

15         And Mr. Cambria, I will point out, it says          11:14:27

16    specifically:  It is the government's burden to establish that

17    each of the ads alleged in this case is an ad for prostitution,

18    and for no -- and not for another purpose such as an ad for an

19    escort, dating or massage service, which is lifted from your

20    Motion in Limine.  And so again, I've looked at the objections.          11:14:57

21    I'm overruling the objection.  This is the Court's revised

22    First Amendment instruction.

23         All right.  Now, let me --

24         MR. PANCHAPAKESAN:  Your Honor, this is

25    Mr. Panchapakesan.  Just one quick point on the First Amendment          11:15:16

1    instruction.  I think the Court referenced Judge Brnovich's

2    order at Docket 793.  I think our view of that is that, you

3    know, it was an order on a Motion to Dismiss since she was

4    considering the sufficiency of the indictment as opposed to

5    what the government would have to prove at trial.                    11:15:39

6         And so for example, I think on page 18 of that order

7    the Court says, quote, "The SI alleges defendant's conspired

8    with third parties, such as P.R. and Dollar Bill, to promote

9    prostitution and edited other prostitution ads to 'conceal

10   their true nature.'"  And so my reading of the order is that    11:16:02

11   Judge Brnovich was assuming the truth of that allegation, but

12   that's something the government would obviously have to prove.

13   It's almost sort of an aiding and abetting type framework, and

14   so I think that kind of dovetails Mr. Cambria's argument about

15   the question of related being sufficient.                          11:16:23

16        THE COURT:  But it is true at this juncture that we'll

17   see at the end of the case what the evidence is that unfolds.

18   It's possible that the Court won't give a First Amendment

19   instruction.  There has to be some basis to give it.  But at

20   this point, because it has been an issue that has been raised    11:16:50

21   over and over again, the Court, and because the parties want to

22   have some guardrails in terms of what is permissible in the

23   opening statements, that is why I felt that it's best to settle

24   the matter in terms of what the Court intends to do at this

25   point, but we don't know what the evidence is going to unfold    11:17:16

1   as, and so this is the Court's preferred instruction.

2          And again, I've considered your arguments.  I have

3   looked through the docket, looked through those orders, and my

4   ruling stands.

5          MR. CAMBRIA:  May I just add one thing, Your Honor, so    11:17:38

6   that it's clear?  Our position includes the fact that this

7   instruction fails to use the "on its face" language, which we

8   feel Ninth Circuit has indicated is critical.

9          And as far as whether the First Amendment applies,

10  these are publications.  I don't think the prosecution disputes    11:17:59

11  that.  They are publications.  As a result, clearly First

12  Amendment applies.

13         THE COURT:  That's the first line of the sentence,

14  isn't it, Mr. Cambria?

15         MR. CAMBRIA:  I am just addressing your comment that    11:18:12

16  maybe the First Amendment doesn't apply.  It depends on proof.

17  They are going to open saying these are publications, and

18  publications clearly are presumptively protected.

19                        ***** **END OF EXCERPTED TRANSCRIPT**

20

21

22

23

24

25

1

2

3

4                    **C E R T I F I C A T E**

5

6            I, HILDA E. LOPEZ, do hereby certify that I am duly

7    appointed and qualified to act as Official Court Reporter for

8    the United States District Court for the District of Arizona.

9            I FURTHER CERTIFY that the foregoing pages constitute

10   a full, true, and accurate transcript of all of that portion of

11   the proceedings contained herein, had in the above-entitled

12   cause on the date specified therein, and that said transcript

13   was prepared under my direction and control.

14           DATED at Phoenix, Arizona, this 3rd day of October,

15   2023.

16

17

18

19                               s/Hilda E. Lopez_____
                                 HILDA E. LOPEZ, RMR, FCRR

20

21

22

23

24

25