GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO BAR THE GOVERNMENT FROM ASSERTING PRIVILEGE ON BEHALF OF ITS WITNESSES (Doc. 1822)** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

**1.   Defendants' Standing Argument Fails Because Mr. Ferrer Has Both Asserted the Privilege *and* Authorized the Government to Assert It for Him.**

After Defendants filed their motion to bar the United States from asserting privilege for its witnesses (Doc. 1822), Carl Ferrer filed a motion for protective order in which he asserted the attorney-client privilege on his own behalf *and* authorized the United States to assert the privilege for him. (Doc. 1829-1 at 1 and n.2.) Mr. Ferrer expressly stated that he "file[d] [his] motion to assert the attorney-client privilege on his own behalf," and made clear that he "hereby objects to any question or exhibit that intrudes upon privileged communications of any kind." (Doc. 1829-1 at 1.) Moreover, "[t]o the extent necessary," Mr. Ferrer also expressly "authorize[d] the Government to assert the attorney-client privilege on his behalf." (Doc. 1829-1 at 1 n.2.)

Mr. Ferrer's filing has mooted Defendants' central claim—that the United States lacks standing to assert his attorney-client privilege. (*See* Doc. 1822 at 3 ("The Government lacks standing to assert privilege for its cooperating witnesses.").) As Defendants' lead case indicates, the United States *has* standing to assert a witness's attorney-client privilege where—as here—the witness has authorized the Government to assert the privilege. (*See* Doc. 1822 at 3); *United States v. Martoma*, 962 F. Supp. 2d 602, 604 (S.D.N.Y. 2013) (the privilege may be asserted by "one authorized to do so"); *id*. at 605 (collecting cases). Mr. Ferrer has done just that. Other witnesses could provide similar authorization.

Defendants' remaining cases are not to the contrary. (*See* Doc. 1822 at 3-4). For example, in *United States v. Smith*, 454 F.3d 707, 713 (7th Cir. 2006), the cooperating witness "did not assert the privilege himself" and "appeared ready to answer the defense questions without limitation" "indicat[ing] a willingness to waive the privilege." *Smith*, 454 F.3d at 713. The trial testimony contains no similar evidence of waiver here; and if there were any doubt, Mr. Ferrer has made his position clear in Doc. 1829-1.

In *United States v. Rainone*, 32 F.3d 1203, 1206-07 (7th Cir. 1994), the government and the witness objected based on the witness's attorney-client privilege, and the court affirmed the district court's ruling curtailing cross-examination into the witness's

privileged communications. In *United States v. Fox*, 396 F.3d 1018, 1023 (8th Cir. 2005), *overruled on other grounds, United States v. Pirani,* 406 F.3d 543, 550 (8th Cir.2005) (en banc), the district court *sua sponte* raised the witness's privilege—and the appellate court affirmed. Particularly in view of Mr. Ferrer's filing, these and Defendants' other out-of-Circuit cases do not support the relief they seek.

**2.    Defendants' Sixth Amendment Cases *Support* Curtailing Cross-Examination on Attorney-Client Privileged Communications.**

Defendants have cited no case in which a court has overridden a witness's attorney-client privilege in favor of a defendant's Sixth Amendment right of confrontation. Defendants' lead case on this topic—*United States v. Rainone*, 32 F.3d 1203, 1207 (7th Cir. 1994)—reached precisely the opposite conclusion. (*Cf.* Doc. 1822 at 4.) In an analysis that refutes Defendants' assertions here, the Seventh Circuit held that the privilege may properly be invoked to curtail cross-examination of a witness:

> The right of cross-examination, whether as a matter of constitutional law or the law of evidence, is not absolute. *Olden v. Kentucky,* 488 U.S. 227, 231-32 (1988); *Chambers v. Mississippi,* 410 U.S. 284, 295 (1973); *United States ex rel. Blackwell v. Franzen,* [688 F.2d 496, 500-01 (7th Cir.1982)]. It is limited, at the discretion of the trial judge, in time and scope, and in the nature and amount of evidence that may be used to nail the witness. A trial judge does not violate the Constitution when he limits the scope of cross-examination for a good reason, and here as in the usual case desire to protect the attorney-client privilege was a good reason.

*Rainone*, 32 F.3d at 1207. The court explained that this reasoning fully applies to sophisticated conspiracy prosecutions—like the present case:

> If a defendant knows that his communications with his lawyers can be subpoenaed by his codefendants should he have a falling out with them, and then waved in front of a jury, and then used, having thus lost their privileged status, to convict him of additional crimes, he will be inhibited in communicating with his lawyer, and it will be more difficult for him to prepare an effective defense; the practical value of his Sixth Amendment right to the effective assistance of counsel will therefore be less. At the same time, the government's ability to pry one defendant loose from the others and induce him to turn state's evidence will be impaired as well, to the detriment of the successful prosecution of complex and sophisticated conspiracies, as in the present case.

*Id.* at 1206.

Defendants' other cases similarly do not support their argument. (*See* Doc. 1822 at 4-5.) *See, e.g.*, *United States ex rel. Blackwell v. Franzen,* 688 F.2d 496, 501-02 (7th Cir. 1982) (trial court did *not* contravene the Sixth Amendment by prohibiting cross-examination of prosecution witness about a privileged conversation in which he allegedly recanted a confession); *Jenkins v. Wainwright*, 763 F.2d 1390, 1392-93 (11th Cir. 1985) (no Sixth Amendment violation where defense counsel was permitted to extensively cross-examine two cooperating witnesses on their motives to testify for the government, but not allowed to probe legal advice they received). And neither *Olden v. Kentucky*, 488 U.S. 227, 231 (1988), nor *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974), involved attorney-client privilege.

## **Conclusion**

For these reasons and those set forth in Doc. 1829-1, Defendants' motion (Doc. 1822) should be denied.

Respectfully submitted this 6th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

 s/Peter S. Kozinets
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Brian Wolfe*
Brian Wolfe
Legal Assistant