GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' OBJECTIONS TO JURY INSTRUCTIONS DRAFT** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

The United States files this short objection to identify discrete issues with the Court's Jury Instructions Draft, which was emailed in Word format to the parties on October 20, 2023.

**TABLE OF CONTENTS**

If the Court distributes hardcopies of the Jury Instructions to the jury, the United States respectfully requests that the Table of Contents be revised to exclude references to any instructions that will not be given.

### 1.2  THE CHARGE—PRESUMPTION OF INNOCENCE

The wording of this instruction contains several variations from the wording that the Court used when it read the corresponding Preliminary Instructions to the jury. (*See* 8/31/23 PM Daily Tr. at 15-22.) If the Court plans to again read this summary of the charges in Counts 1-100 to the jury, the United States respectfully requests that the Court make the following changes.

1. Counts 2-51: Travel Act Violations: The description of the charge includes a third element—"the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime." This third element is not set forth in the corresponding Preliminary Jury Instructions. Moreover, it's only appropriate if the government is charging an attempted Travel Act violation—which it is not doing here. This third element should be stricken.

2. Counts 2-51: *Pinkerton* elements: The Pinkerton instruction on page 7 is inaccurate. In the first element, the instruction improperly states that a "defendant" must have committed the charged Travel Act offense, rather than a "member" of the conspiracy. Page 35 of the Court's Jury Instructions Draft contain the appropriate instruction, as did the Court's Preliminary Instructions in this trial (8/31/23 PM Daily Tr.) and in the first trial. (Doc. 1311 at 4.) ]

Based on those instructions, the first three elements of the *Pinkerton* instruction should read as follows:

    o First, a member of the conspiracy committed the Travel Act offense alleged

in that count;

  o Second, the person was a member of the conspiracy charged in Count 1 of the indictment;

  o Third, the person committed the Travel Act offense in furtherance of the conspiracy.

(*See, e.g.,* Doc. 1656 at 37.) Under *Pinkerton*, if the jury found that Carl Ferrer, Dan Hyer, or James Larkin committed the Travel Act offense, Defendants could be found guilty if the other *Pinkerton* elements are satisfied. This applies with equal force to other co-conspirators even if they aren't defendants in this trial.

  3. Money Laundering Counts:  The first line(s) of each of these counts should be revised to identify the names of the Defendants who are charged with the various counts. See below (with additions in underscore):

  *Count 52: Conspiracy to Commit Money Laundering*:  "Defendants <u>Lacey, Spear, and Brunst</u> are charged in Count 52 of the indictment with money laundering conspiracy in violation of Section 1956(h) of Title 18 of the United States Code."

  *Count 53–62: Concealment Money Laundering*:  "Defendants <u>Lacey, Spear, and Brunst</u> are charged in Counts 53–62 of the indictment with concealment money laundering in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code."

  *Count 63–68: International Promotional Money Laundering*:  "Defendants <u>Lacey, Spear, and Brunst</u> are charged in Count 63–68 of the indictment with transporting funds to promote unlawful activity in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code."

  **Moreover**, the first element of Counts 63-68 should be changed as follows to conform to the instruction on Page 52:  "First, the defendant transported money from a place in the United States to or through a place outside the United States <u>or to a place in the United States from or through a place outside of the United States</u>. . . ."

  *Count 69–99: Transactional Money Laundering*:  "<u>Defendant Lacey is charged in Counts 69-70, 81, 83-84, 86, 88-92, and 94-99; Defendant Spear is charged in Counts 71-</u>

- 3 -

78, 85, and 93; and Defendant Brunst is charged in Counts 69-70, 78-84, and 86-93, of the indictment with transactional money laundering in violation of Section 1957 of Title 18 of the United States Code. ~~Defendants are charged in Counts 69-99 of the indictment with transactional money laundering in violation of Section 1957 of Title 18 of the United States Code~~."

*Count 100: International Concealment Money Laundering*: "Defendants Lacey is ~~are~~ charged in Count 100 of the indictment with transporting money for the purpose of laundering in violation of Section 1956(a)(2)(B) of Title 18 of the United States Code.  For ~~each~~ the defendant to be found guilty of that charge

### 11.1 CONSPIRACY—ELEMENTS

1. In the second element of the Conspiracy charge (Jury Instructions Draft at 27), the Court should remove the word "illegal." The Court did so in the Preliminary Jury Instructions, for all the reasons set forth in Doc. 1743. (*See also* Doc. 1788.)

2. The Court should remove the section titled "**Unanimity Requirements**." (Jury Instructions Draft at 29.) A specific unanimity instruction may be required when there are multiple conspiracies at issue. *See United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983). Here, however, the United States has only alleged one conspiracy—conspiracy to violate 18 U.S.C. § 1952(a)(3)(A). Doc. 230 at 49. This instruction isn't needed.

3. If, however, the Court is inclined to include the "Unanimity Requirements" section within the Conspiracy instruction, then the language needs to be reworked. First, the word "illegal" should be removed. Second, the language should be modified to track the language in the first element of the instruction. Namely, everything after "object of the alleged conspiracy" on page 29 should be changed to read: "promoting or facilitating the promotion of any business enterprise involving prostitution offenses." This would make the jury instruction internally consistent. The language currently in the "Unanimity Requirements" misstates the applicable law. The United States need not prove that a particular business enterprise committed a prostitution offense. *United States v. Winslow*, 962 F.2d 845, 852 (9th Cir. 1992) ("Section 1952(a)(3) requires the government to prove

only that a defendant committed a subsequent overt act in furtherance of the unlawful activity. . . . Unlike the crime of attempt, the Travel Act does not require that the government establish that the accused took a substantial step in furtherance of the intended unlawful activity.") (internal quotations and citations omitted); Order (Doc. 1587) at 6 ("The Ninth Circuit has clarified that the Travel Act does not require the commission of the predicate offense; rather, only an attempt to promote the unlawful activity with a subsequent overt act in furtherance of that unlawful activity.") (cleaned up). Even if that weren't the law, conspiracy is an inchoate offense that doesn't require a crime to have actually been completed. *See United States v. Castillo*, 69 F.4th 648, 652 (9th Cir. 2023) ("Conspiracy is an inchoate offense that is separate and independent from the crime that is the subject of the conspiracy."); *United States v. Iribe*, 564 F.3d 1155, 1160 (9th Cir. 2009) ("Conspiracy to commit a crime is not equivalent to the completion of that crime.").

### 11.4 CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

The first element of this instruction, on page 34 of the Jury Instructions Draft, has the word "illegal" before "objects." The word "illegal" should be stricken for the reasons discussed in Docs. 1743 and 1788.

### 18.1 TRAVEL ACT—INTERSTATE OR FOREIGN TRAVEL IN AID OF RACKETEERINGENTERPRISE (18 U.S.C. § 1952(a)(3))

On page 38, the Travel Act instruction includes a third element regarding a "substantial step." Because the United States is not proceeding on an attempt theory here, and to make this instruction consistent with the Preliminary Jury Instructions delivered on August 31, 2023, this third element should be stricken, as follows:

> ~~Third, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.~~

~~Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.~~

(Jury Instructions Draft at 38.)

### 18.4 LAUNDERING MONETARY INSTRUMENTS
### (18 U.S.C. § 1956(a)(1)(B))

The first line of this instruction (Jury Instructions Draft at 51) should be revised as follows: "Defendants Lacey, ~~Larkin,~~ Spear, and Brunst are charged in Counts 53-62 . . . ."

### 18.5 TRANSPORTING FUNDS TO PROMOTE UNLAWFUL ACTIVITY
### (18 U.S.C. § 1956(a)(2)(A))

The first line of this instruction (Jury Instructions Draft at 52) should be revised as follows: "Defendants Lacey, ~~Larkin,~~ Spear, and Brunst are charged in Counts 63-68 . . . ."

### 18.6 TRANSPORTING MONETARY INSTRUMENTS FOR THE PURPOSE OF LAUNDERING
### (18 U.S.C. § 1956(a)(2)(B))

The "substantial step"/fourth element in this jury instruction should be omitted, because the United States is not proceeding on an attempt theory for Count 100. Accordingly, all of the following language on page 53 should be struck:

~~Fourth, the defendant did something that was a substantial step toward committing the crime.~~

~~A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime of transporting money for the purposes of laundering.~~

~~Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.~~

**18.7 MONEY LAUNDERING**

**(18 U.S.C. § 1957)**

The portion of the first sentence pertaining to Mr. Larkin should be stricken. (Jury Instructions Draft at 54) ("~~Defendant Larkin is charged in Counts 80 and 87.~~")

To conform to the preliminary or introductory instruction on page 10, the fourth element should be revised as follows:  "<u>Fourth, the property was, in fact, derived from specified unlawful activity, that is promoting or facilitating the promotion of any business enterprise involving prostitution offenses; and</u>. . . . ~~Fourth, the property was, in fact, derived from violations of the Travel Act~~. . . ."

**18.7A MONEY LAUNDERING CONSPIRACY**

**(18 U.S.C. § 1956(h))**

The first sentence should be revised as follows: "Defendants Lacey, ~~Larkin,~~ Spear, and Brunst are charged in Count 52. . . ." (Jury Instructions Draft at 56.)

Respectfully submitted this 23rd day of October, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> NICOLE M. ARGENTIERI
> Acting Assistant Attorney General
> Criminal Division, U.S. Department of Justice
>
>  *s/Andrew C. Stone*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER KOZINETS
> ANDREW STONE
> DANIEL BOYLE
> Assistant U.S. Attorneys
>
> AUSTIN M. BERRY
> Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 23rd, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
Legal Assistant