GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **PROPOSED FORFEITURE JURY INSTRUCTIONS** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

1       The United States, by and through undersigned counsel, hereby submits the

2    following proposed forfeiture jury instructions. The United States reserves the right to

3    conform these proposed instructions to any counts of conviction, including by adding or

4    removing any property identified in the forfeiture allegations of the Superseding Indictment

5    and related Bills of Particular

6       Respectfully submitted this 1st day of November, 2023.

7

8                                    GARY M. RESTAINO
                                     United States Attorney
9                                    District of Arizona

10                                   NICOLE M. ARGENTIERI
                                     Acting Assistant Attorney General
11                                   Criminal Division, U.S. Department of Justice

12                                   /s/
                                     KEVIN M. RAPP
13                                   MARGARET PERLMETER
                                     PETER KOZINETS
14                                   ANDREW STONE
                                     DAN G. BOYLE
15                                   Assistant U.S. Attorneys

16                                   AUSTIN M. BERRY
                                     Trial Attorney
17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3
    I hereby certify that on November 1, 2023, I electronically transmitted the attached

4
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

5
Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

6
as counsel of record.

7
*s/ Dan G. Boyle*

8
Dan G. Boyle
U.S. Attorney's Office

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 1]**

**[Criminal Forfeiture Phase of Trial]**

[To be read to the jury immediately after its return of a verdict of guilty on any of Counts One, Fifty-Two, Sixty-Nine, Seventy, Eighty-Three, Eighty-Four, Ninety-Nine, and One Hundred of the Superseding Indictment, and prior to the commencement of the forfeiture phase of the trial.]

Ladies and gentlemen of the jury, your verdict in this case doesn't complete your jury service as it would in most cases, because there is another matter you must now consider.  You must decide whether the defendants should forfeit certain property to the United States as a part of the penalty for the crimes charged in Counts One, Fifty-Two, Sixty-Nine, Seventy, Eighty-Three, Eighty-Four, Ninety-Nine, and One Hundred of the Superseding Indictment.

In a portion of the Superseding Indictment not previously discussed or disclosed to you, it is alleged that there is property involved in or derived from proceeds obtained, directly or indirectly, as a result of the offenses for which Defendants were found guilty. In view of your verdict finding the Defendants guilty of Counts One, Fifty-Two, Sixty-Nine, Seventy, Eighty-Three, Eighty-Four, Ninety-Nine, and One Hundred Superseding Indictment, you now must also decide what property, if any, should be forfeited to the United States.

Federal law provides that where, as here, a defendant is convicted of a conspiracy to violate the Travel Act, 18 U.S.C. § 1952, such a defendant is required to forfeit to the United States all right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.  In this case, since you have found the defendants guilty of Count One, you

must consider whether the property specified in the Superseding Indictment and Bills of Particulars and identified in the Special Verdict Form I will give to you is of this character.

Federal law also provides that where, as here, a defendant is convicted of a money laundering offense, such a defendant is required to forfeit to the United States all right, title and interest in any and all property, real or personal, involved in the offense, and any property traceable to such property.  In this case, since you have found the defendants guilty of money laundering offenses, you must consider whether the property specified in the Superseding Indictment and Bills of Particulars and identified in the Special Verdict Form I will give to you is of this character.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.  To decide whether property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

A copy of the forfeiture allegations of the Superseding Indictment will be given to you to consider during your supplemental deliberations. The Superseding Indictment and the accompanying Bill of Particulars describe in particular the property allegedly subject to forfeiture to the United States.

_____

Source: Eleventh Circuit Pattern Jury Instructions, T6 (2017 ed.) (Forfeiture Proceedings) (to be given before supplemental evidentiary proceedings or supplemental argument of counsel)  (adapted); Federal Rule of Criminal Procedure 32.2(a) and (b); 18 U.S.C. § 981(a)(1)(C); *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); *United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates *in personam* against a defendant; it is part of his punishment following conviction); *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment).

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  2]**

**[Forfeiture Proceeding Follows Guilty Verdict]**

[This Instruction and all following instructions to be read before the jury begins its deliberations on forfeiture]

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the defendants' guilt.  However, all the instructions previously given to you concerning duties of the jury, your consideration of the evidence, what is and is not evidence, the credibility of the witnesses, expert testimony, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

---

Source: Eleventh Circuit Model Jury Instructions, T6 (2017 ed.) (adapted); Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; *United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (defendant is not permitted to relitigate the legality of his conduct or otherwise attempt to undermine the jury's finding of guilt during the forfeiture phase; affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase, the legality of the conduct is "no longer a live issue;" the only question is the nexus between the conduct and the offense).

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  3]**

**[Forfeiture – Scope of Jury's Determination]**

Your duty at this phase of the proceeding is solely to determine whether the government has proven the required connection between the property sought for forfeiture and the offense(s) for which you have found the defendant(s) guilty.

You should not consider what might happen to the property in determining whether the property is subject to forfeiture; the disposition of any property that is declared forfeited is exclusively a matter for the Court to decide.  Similarly, if any property has been transferred to a third party, the Court will later determine the rights of that third party to the property.

Some of the property which the government claims is subject to forfeiture may be in the name of one or more defendants and persons or business entities other than the defendants.  However, any interest that any person other than a defendant may claim to such property will be taken into account by the Court in a separate proceeding.  Interests of persons or entities other than any of the defendants are not for your consideration.

Your sole task is to decide whether the defendants' interest in the property, whatever that interest may be, is subject to forfeiture under the applicable law.

---

Source: Fed. R. Crim. P. 32.2(b)(2)(A) (only question during forfeiture phase is whether evidence establishes requisite nexus between underlying crimes of conviction and property sought to be forfeited); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"); *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership, as that issue is deferred to the ancillary proceeding).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO.  4]**

**[Standard of Proof]**

With two important exceptions, all previous instructions will continue to apply to your deliberations.  The first exception is that during this phase, the government's burden is no longer proof beyond a reasonable doubt, but instead, is simply proof by a preponderance of the evidence, which I will define for you.

The second exception is that during this phase, you will consider a component of the potential punishment to be imposed on the defendant(s), but your sole task is to determine whether the government has established, by a preponderance of the evidence, the required connection between the crimes of which the defendants have been convicted and the property sought for forfeiture.

---

Source: *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense.");  *United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates *in personam* against a defendant; it is part of punishment following conviction);  *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 5]**

**[Definition - Preponderance of the Evidence]**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

---

Source: Ninth Circuit Model Jury Instructions, Civil, No 1.6 (2017 ed.) [Preponderance of the Evidence].

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  6]**

**[Reliance on Evidence Presented During Guilt Phase]**

In making the forfeiture determination, you should consider all of the evidence presented during the trial as well as the evidence presented during these post-verdict forfeiture proceedings, regardless of who offered it.  You should evaluate the evidence and its credibility according to the instructions given to you earlier.

---

Source: Fed. R. Crim. P. 32. (b)(1)(B) (whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 7]**

**[Forfeiture Allegations Not Evidence]**

The forfeiture allegations set forth in the Superseding Indictment are not evidence and do not create any inference that the property is subject to forfeiture. The defendants have denied that the property is subject to forfeiture.

---

Source: Fed. Crim. Jury Instr. 7th Cir. (2023 ed.), at 1012 [Forfeiture Allegations Instruction]; cf. Ninth Circuit Model Jury Instructions, Civil, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof].

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO.  8]**

**[Forfeiture – Multiple Bases]**

I will soon describe the specific property the government seeks to forfeit and what the government must prove to forfeit such property.  You will be asked to consider whether such property is subject to forfeiture, including on multiple grounds.  You need not be concerned with "double-counting" of monetary amounts or "overlapping" of properties.

Even if you find that a particular property is subject to forfeiture for more than one reason, that does not mean the government will receive the property twice.  However, it is important that you indicate on the special verdict form all bases on which you find any given property is subject to forfeiture.

Any issues of "double-counting" or "overlapping" will be considered by the Court when imposing sentence.

---

Source: Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982; Fed. Crim. Jury Instr. 7th Cir. (2023 ed.), at 1015 [Separate Consideration – Forfeiture Allegations].

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 9]**

**[Property Subject to Forfeiture for Travel Act Conviction or Conspiracy to Commit Such Offense]**

Under federal law, any defendant convicted of a conspiracy to violate the Travel Act, title 18, United States Code, Section 1952, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

---

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c).

1
2
3
4

**COURT'S FORFEITURE INSTRUCTION NO. ____**
**[PROPOSED FORFEITURE INSTRUCTION NO.  10]**
**[Proceeds Defined]**

5
6
7
8

Property subject to forfeiture as proceeds of a travel act conspiracy means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

9
10
11
12
13

Proceeds remain proceeds regardless of how many times the property may change form. For example, the proceeds of a crime may start out as money in one bank account, be moved to a second bank account, be converted to a check, and then used to buy property. In that case, each of the items would be considered the proceeds of the offense, or property derived from such proceeds.

14
15
16

The question of the present value of any property that constitutes proceeds, or was obtained with proceeds, is not before you. If the property has the required connection to an offense, it is subject to forfeiture whether or not its value has changed.

17
18
19
20
21
22

23
24
25
26
27
28

---

Source:  18 U.S.C. § 981(a)(2)(A); *United States v. Real Property Located at 22 Santa Barbara Dr.*, 264 F.3d 860, 872-73 (9th Cir. 2001) (property traceable to criminal proceeds is forfeitable in its entirety even it has appreciated in value); *United States v. Swanson*, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well); *United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) ("Certainly if Hawkey misappropriated funds and used them to make a profit, the original funds and any profits are subject to forfeiture.").

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  11]**

**[Forfeiture based on Travel Act Conspiracy Under 18 U.S.C. § 981(a)(1)(C)]**

The government seeks to forfeit the following property pursuant to the findings of guilt on Count One:

1.  As to Defendant Lacey:

  a.  Real Property Located at 2755 Fillmore St, San Francisco, CA 94123;

  b.  Real Property Located at 3300 E. Stella Lane, Paradise Valley, AZ 85253;

  c.  Real Property Located at 3304 E. Stella Lane, Paradise Valley, AZ 85253;

  d.  Real Property Located at 3308 E. Stella Lane, Paradise Valley, AZ 85253;

  e.  Real Property Located at 6300 N. 33rd Street, Paradise Valley, AZ 85253;

  f.  Real Property Located at 6314 N. 33rd Street, Paradise Valley, AZ 85253;

  g.  Real Property Located at 2416 N. Foote Dr., Phoenix, AZ 85008;

  h.  $16,500,000.00 seized from or restrained in K&H account number ending 1210 held in the name of Primus Trust and any proceeds thereof;

  i.  $2,412,785.47 seized from or restrained in Midfirst Bank account number ending 4139, held for the benefit of Lacey, and any proceeds thereof;

  j.  $302,177.57 seized from or restrained in Republic Bank of Arizona CDARS account number ending 8324 and any proceeds thereof;

k. $305,127.89 seized from or restrained in Republic Bank of Arizona CDARS account number ending 8332 and any proceeds thereof;

l. $500,000.00 seized from or restrained in Republic Bank of Arizona account number ending 3126 and any proceeds thereof;

m. $140,711.61 seized from or restrained in Republic Bank of Arizona account number ending 2485 and any proceeds thereof;

n. $601,827.10 seized from or restrained in Republic Bank of Arizona Certificate of Deposit number ending 8316 and any proceeds thereof;

o. $484,745.72 seized from or restrained in SF Fire Credit Union account number ending 2523 and any proceeds thereof;

p. $689,884.48 seized from or restrained in First Federal Savings & Loan of San Rafael account number ending 3620 and any proceeds thereof;

2. As to Defendant Spear:

a. $613,573.28 seized from or restrained in National Bank of Arizona account number ending 3645 and any proceeds thereof;

b. $404,374.12 seized from or restrained in National Bank of Arizona account number ending 0178 and any proceeds thereof;

c. $260,283.40 seized from or restrained in Live Oak Bank account number ending 6910 and any proceeds thereof;

d. $56,902.99 seized from or restrained in Ascensus Broker Services account number ending 8001 and any proceeds thereof;

e. $64,552.82 seized from or restrained in Ascensus Broker Services account number ending 4301 and any proceeds thereof;

f. $1,925.80 seized from or restrained in National Bank of Arizona account number ending 0151 and any proceeds thereof;

3. As to Defendant Brunst:

a. $5,848,729.00 seized from or restrained in Alliance Bernstein account

number ending 6878 and any proceeds thereof;

    b.  $527,624.00 seized from or restrained in Alliance Bernstein account number ending 6485 and any proceeds thereof;

    c.  $342,596.00 seized from or restrained in Alliance Bernstein account number ending 7982 and any proceeds thereof;

    d.  $306,277.00 seized from or restrained in Alliance Bernstein account number ending 7889 and any proceeds thereof;

    e.  $275,328.00 seized from or restrained in Alliance Bernstein account number ending 7888 and any proceeds thereof;

    f.  $372,878.00 seized from or restrained in Alliance Bernstein account number ending 4954 and any proceeds thereof;

    g.  $359,527.06 seized from or restrained in Compass Bank account number ending 3825 and any proceeds thereof;

4.    As to Defendants Lacey, Spear, and Brunst:

    a.  $5,462,027.17 seized from or restrained in Compass Bank account number ending 3873 held in the name of Cereus Properties and any proceeds thereof;

    b.  $182,182.50 seized from or restrained in Amro Bank, N.V. account number ending 6352 held in the name of Ad Tech BV with Stichting Zencotrust;

    c.  $191,246.00 seized from or restrained in Western Alliance Bank account number ending 6979 held in the name of Mitchell Stein Carey Chapman PC. and any proceeds thereof;

    d.  $518,172.92 seized from or restrained in Wells Fargo Bank account number ending 4455 in the name of Cardquiry and any proceeds thereof;

    e.  747,664.15 GBP seized from or restrained in SAXO Payments (UK) account number ending 1262 held in the name of the Cashflows

Europe Limited and any proceeds thereof;

    f.   $499,910.01 seized from or restrained in US Bank account number ending 0239 held in the name of Affordable Bail Bonds LLC and any proceeds thereof;

    g.   $1,600,705.61 seized from or restrained LHV Pank account number ending 4431 held in the name of Olist OU and any proceeds thereof.

The government contends that the property described above constitutes or is derived from proceeds obtained, directly or indirectly, as a result of the violation(s) of which one or more defendant was found guilty under Count One of the SI, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above constitutes or is derived from proceeds one or more of the defendants obtained, directly or indirectly, as a result of the violation(s) of which one or more defendant has been found guilty under Count One of the SI, you must find that such property is forfeitable to the United States.

---

Source: 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2641(c); Federal Rule of Criminal Procedure 32.2(b)(2)(A) (The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus between the underlying crime(s) of conviction and the property sought to be forfeited by the government.  "If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."); *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to

- 18 -

express its intent that forfeiture be mandatory in cases where the statute applied."); *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011) (following *Monsanto*: "When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); *Lazarenko*, 476 F.3d at 648 ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property"); *United States v. Christensen,* 828 F.3d 763 (9th Cir. 2015) (The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence).

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 12]**

**[Property Subject to Forfeiture for Money Laundering Conviction]**

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Sections 1956 or 1957, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, involved in such offense, or any property traceable to such property.

---

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1).

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  13]**

**[Scope of 18 U.S.C. § 982(a)(1)]**

Property subject to forfeiture as property involved in a violation of Sections 1956(h) or 1957 of Title 18 of the United States Code includes:

1.       Money or other property that was the subject of the financial transaction that constituted the money laundering violation;

2.       Any property used to facilitate such a money laundering violation; and

3.       Any fees or commissions paid to the money launderer.

Property may be the subject of the financial transaction in a number of ways.  For example, the property may be the proceeds of the underlying specified unlawful activity which were used to conduct the transaction; it may be property that was commingled with those proceeds at the time the financial transaction took place; or it may be property that was obtained as part of an exchange or purchase that constitutes the violation for which a defendant has been found guilty.

Property that was used to facilitate the money laundering transaction may include property that was not part of the transaction itself, but was used to make the money laundering offense easier to commit or harder to detect.

Property that is traceable to the property described in (1) through (3) above in this instruction is also subject to forfeiture.  The phrase "any property traceable to" such property includes any property which was exchanged for, derived from, or obtained with any of the property involved in the underlying money laundering crime.  For example, property involved in a money laundering violation may be used to acquire, improve, or maintain real or personal property in a transaction that is not a money laundering violation, but that real or personal property is forfeitable because it can be traced to property that was involved in the money laundering violation.  Property is forfeitable as traceable to property that was involved in a money laundering even if some untainted funds were also used to purchase, improve or maintain the property.

- 21 -

Do not be concerned with the present value of property that was involved in money laundering, or the present value of any property that is traceable to property involved in money laundering. If the property has the required connection to an offense, it is subject to forfeiture whether or not its value has changed.

_____

Source: 18 U.S.C. § 982(a)(1); *United States v. Cherry*, 330 F.3d 658, 669 n.17 (4th Cir. 2003) (court properly instructed jury that it had to find that property "fairly represents the property which was involved in, or is traceable to property involved in" the money laundering counts); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (SUA proceeds involved in a financial transaction, as well as any clean money commingled with it, constitute the corpus of the money laundering transaction; both are subject to forfeiture); *United States v. Stewart*, 185 F.3d 112, 129-30 (3d Cir. 1999) (tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering); *United States v. Hawkey*, 148 F.3d 920, 927-28 (8th Cir. 1998) (property "traceable to" the laundering violation and any appreciation in value is forfeitable); *Lazarenko*, 564 F.3d at 1035 ("[I]n a money laundering charge, the commingling of tainted money with clean money taints the entire account. The money transferred from a commingled account does not need to be traceable to fraud, theft, or any wrongdoing at all. It is enough that the money, even if innocently obtained, was commingled in an account with money that was obtained illegally."); *see also United States v. Garcia*, 37 F.3d 1359, 1365 (9th Cir. 1994) ("We conclude that under the money laundering statutes, due to the fungibility of money, it is sufficient to prove that the funds in question came from an account in which tainted proceeds were commingled with other funds.") (called into question on other grounds, *see United States v. Jackson*, 167 F.3d 1280, 1284 (9th Cir. 1999)).

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  14]**

**[Forfeiture based on Money Laundering Offenses Under 18 U.S.C. § 982(a)(1)]**

The government seeks to forfeit the following property pursuant to the findings of guilt on Counts 52, 69, 70, 83, 84, 99, and 100:

1.  As to Defendant Lacey:

    a.  Real Property Located at 2755 Fillmore St, San Francisco, CA 94123;

    b.  Real Property Located at 10647 N. State Route 89A, Sedona, AZ 86336;

    c.  Real Property Located at 3300 E. Stella Lane, Paradise Valley, AZ 85253;

    d.  Real Property Located at 3304 E. Stella Lane, Paradise Valley, AZ 85253;

    e.  Real Property Located at 3308 E. Stella Lane, Paradise Valley, AZ 85253;

    f.  Real Property Located at 6300 N. 33rd Street, Paradise Valley, AZ 85253;

    g.  Real Property Located at 6314 N. 33rd Street, Paradise Valley, AZ 85253;

    h.  Real Property Located at 2416 N. Foote Dr., Phoenix, AZ 85008;

    i.  $16,500,000.00 seized from or restrained in K&H account number ending 1210 held in the name of Primus Trust and any proceeds thereof;

    j.  $2,412,785.47 seized from or restrained in Midfirst Bank account number ending 4139, held for the benefit of Lacey, and any proceeds thereof;

k.  $302,177.57 seized from or restrained in Republic Bank of Arizona CDARS account number ending 8324 and any proceeds thereof;

l.  $305,127.89 seized from or restrained in Republic Bank of Arizona CDARS account number ending 8332 and any proceeds thereof;

m.  $500,000.00 seized from or restrained in Republic Bank of Arizona account number ending 3126 and any proceeds thereof;

n.  $140,711.61 seized from or restrained in Republic Bank of Arizona account number ending 2485 and any proceeds thereof;

o.  $601,827.10 seized from or restrained in Republic Bank of Arizona Certificate of Deposit number ending 8316 and any proceeds thereof;

p.  $484,745.72 seized from or restrained in SF Fire Credit Union account number ending 2523 and any proceeds thereof;

q.  $689,884.48 seized from or restrained in First Federal Savings & Loan of San Rafael account number ending 3620 and any proceeds thereof;

2.  As to Defendant Spear:

a.  $613,573.28 seized from or restrained in National Bank of Arizona account number ending 3645 and any proceeds thereof;

b.  $404,374.12 seized from or restrained in National Bank of Arizona account number ending 0178 and any proceeds thereof;

c.  $260,283.40 seized from or restrained in Live Oak Bank account number ending 6910 and any proceeds thereof;

d.  $56,902.99 seized from or restrained in Ascensus Broker Services account number ending 8001 and any proceeds thereof;

e.  $64,552.82 seized from or restrained in Ascensus Broker Services account number ending 4301 and any proceeds thereof;

f.  $1,925.80 seized from or restrained in National Bank of Arizona account number ending 0151 and any proceeds thereof;

3.    As to Defendant Brunst:

    a.   $5,848,729.00 seized from or restrained in Alliance Bernstein account number ending 6878 and any proceeds thereof;

    b.   $527,624.00 seized from or restrained in Alliance Bernstein account number ending 6485 and any proceeds thereof;

    c.   $342,596.00 seized from or restrained in Alliance Bernstein account number ending 7982 and any proceeds thereof;

    d.   $306,277.00 seized from or restrained in Alliance Bernstein account number ending 7889 and any proceeds thereof;

    e.   $275,328.00 seized from or restrained in Alliance Bernstein account number ending 7888 and any proceeds thereof;

    f.   $372,878.00 seized from or restrained in Alliance Bernstein account number ending 4954 and any proceeds thereof;

    g.   $359,527.06 seized from or restrained in Compass Bank account number ending 3825 and any proceeds thereof;

4.    As to Defendants Lacey, Brunst, and Spear:

    a.   $5,462,027.17 seized from or restrained in Compass Bank account number ending 3873 held in the name of Cereus Properties and any proceeds thereof;

    b.   $182,182.50 seized from or restrained in Amro Bank, N.V. account number ending 6352 held in the name of Ad Tech BV with Stichting Zencotrust;

    c.   $191,246.00 seized from or restrained in Western Alliance Bank account number ending 6979 held in the name of Mitchell Stein Carey Chapman PC. and any proceeds thereof;

    d.   $518,172.92 seized from or restrained in Wells Fargo Bank account number ending 4455 in the name of Cardquiry and any proceeds thereof;

e.  747,664.15 GBP seized from or restrained in SAXO Payments (UK) account number ending 1262 held in the name of the Cashflows Europe Limited and any proceeds thereof;

f.  $499,910.01 seized from or restrained in US Bank account number ending 0239 held in the name of Affordable Bail Bonds LLC and any proceeds thereof;

g.  $1,600,705.61 seized from or restrained LHV Pank account number ending 4431 held in the name of Olist OU and any proceeds thereof.

The government contends that the property described above was involved in, or traceable to, the money laundering violations for which one or more defendants were found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above was involved in such offense, or traceable to the violation(s) of which one or more defendant has been found guilty, you must find that such property is forfeitable to the United States.

---

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO.  15]**

**[Special Verdict Form]**

A Special Verdict Form has been prepared for your use.  With respect to the property listed or described, you are asked to decide whether it is subject to forfeiture to the government based on the reasons I have explained to you.   Your decision must be unanimous.  Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

---

Source: Federal Rule of Criminal Procedure 32.2(b)(5)(b).