**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 2:18-cr-00422-DJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | November 8, 2023 |
| Michael Lacey, et al. | ) | 1:33 p.m. |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DIANE J. HUMETEWA, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**TRIAL - DAY 30 - JURY QUESTION**

Official Court Reporter:
Hilda Elizabeth Lopez, RMR, FCRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 30
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For the Government:
    UNITED STATES ATTORNEY'S OFFICE
    By:  **Mr. Kevin M. Rapp, Esq.**
         **Mr. Peter S. Kozinets, Esq.**
         **Mr. Andrew C. Stone, Esq.**
         **Ms. Margaret Wu Perlmeter, Esq.**
    40 North Central Avenue, Suite 1200
    Phoenix, Arizona 85004
    kevin.rapp@usdoj.gov
    peter.kozinets@usdoj.gov
    andrew.stone@usdoj.gov
    margaret.perlmeter@usdoj.gov

For the Government:
    UNITED STATES DEPARTMENT OF JUSTICE
    By:  **Mr. Austin Berry, Esq.**
    1301 New York Avenue, NW, 11th Floor
    Washington, DC 20005
    austin.berry2@usdoj.gov

For the Defendant Michael Lacey:
    LIPSITZ GREEN SCIME CAMBRIA, L.L.P.
    By:  **Mr. Paul J. Cambria, Jr., Esq.**
    42 Delaware Avenue, Suite 120
    Buffalo, NY 14202
    pcambria@lglaw.com

For the Defendant Scott Spear:
    FEDER LAW OFFICE, P.A.
    By:  **Mr. Bruce S. Feder, Esq.**
    2930 East Camelback Road, Suite 160
    Phoenix, AZ 85016
    bf@federlawpa.com
    - and -
    KESSLER LAW OFFICE
    By:  **Mr. Eric Walter Kessler, Esq.**  - Appeared by Zoom
    6720 N. Scottsdale Road, Suite 210
    Scottsdale, AZ 85253
    eric.kesslerlaw@gmail.com

```
1    For the Defendant John Brunst:
         BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
2        LINCENBERG & RHOW, P.C.
         By:  Mr. Gopi K. Panchapakesan, Esq. - Appears by Zoom
3             Mr. Gary S. Lincenberg, Esq.
         1875 Century Park E, Suite 2300
4        Los Angeles, CA 90067
         gpanchapakesan@birdmarella.com
5        glincenberg@birdmarella.com

6    For the Defendant Andrew Padilla:
         DAVID EISENBERG, P.L.C.
7        By:  Mr. David S. Eisenberg, Esq.
         3550 North Central Avenue, Suite 1155
8        Phoenix, AZ 85012
         david@deisenbergplc.com
9
     For the Defendant Joye Vaught:
10       JOY BERTRAND, ESQ., L.L.C.
         By:  Ms. Joy M. Bertrand, Esq.
11       P.O. Box 2734
         Scottsdale, AZ 85252
12       joy@joybertrandlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

**P R O C E E D I N G S**

(Proceedings commence at 1:33 p.m.)

THE COURT: Please be seated. And I'm glad to see you back, Ms. Bertrand.

MS. BERTRAND: Thank you, Your Honor.

THE COURT: All right. We do have a jury question that was submitted to the Court today, and the question is, "What happens if we are unable to reach an unanimous agreement on a count," and it's signed by Juror No. 2.

You've been provided a copy of that question; is that correct?

MS. BERTRAND: Yes.

THE COURT: Okay. After considering this a bit, because there are numerous counts that the jury is going through, it's sort of a posture where I don't think we necessarily give a pre-Allen charge, but I also -- but I do think that part of that charge might be helpful -- but I also looked back at what I have as page 16 of the jury instructions that perhaps we could refer them to.

I took a stab at modifying an answer to that, and my law clerk is handing that out now, but for the benefit of those who are appearing by video -- I think, is it only Mr. Kessler or someone -- oh, Mr. Panchapakesan perhaps -- I will read what my draft answer is.

| | | |
|---|---|---|
| 1 | "I remind you" -- oh, let me wait until this gets | |
| 2 | handed out.  "I remind you that it is important that you | |
| 3 | attempt to reach a unanimous verdict on each count, but, of | |
| 4 | course, only if each of you can do so after having made your | |
| 5 | own conscientious decision.  Your verdict on any count as to | 13:35:25 |
| 6 | any defendant should not control your verdict on any other | |
| 7 | count or as to any other defendant." | |
| 8 | And so the first sentence is the Ninth Circuit's | |
| 9 | proposed, at least one sentence out of the proposed pre-Allen | |
| 10 | charge, and the second, as I mentioned, is a portion of that | 13:35:53 |
| 11 | jury instruction that they have been given as to their | |
| 12 | consideration of each count separately. | |
| 13 | MR. LINCENBERG:  Your Honor, can the defense have a | |
| 14 | few minutes to discuss this amongst ourselves? | |
| 15 | THE COURT:  Yes, certainly. | 13:36:21 |
| 16 | MS. BERTRAND:  May we step outside? | |
| 17 | THE COURT:  Oh, certainly.  Yes, whatever you feel | |
| 18 | comfortable doing. | |
| 19 | (A recess was taken at 1:36 p.m.) | |
| 20 | (Proceedings reconvened at 1:40 p.m.) | 13:40:34 |
| 21 | THE COURT:  All right.  Who wishes to be heard from | |
| 22 | the government? | |
| 23 | MR. RAPP:  I will, Judge.  We find this instruction to | |
| 24 | be acceptable and appropriate. | |
| 25 | THE COURT:  And who is speaking for the defendants? | 13:40:42 |

1          MR. EISENBERG:  I will, Your Honor.

2          THE COURT:  Thank you, Mr. Eisenberg.

3          MR. EISENBERG:  I'll speak from over here where I can

4    see the Court.

5          Your Honor, the defendants prefer what is on page 18

6    of the jury instructions, and I am going to refer to

7    paragraphs, of that paragraphs three, four and five.  But I'll

8    say preliminarily, I don't think it's necessary, we don't think

9    it's necessary to give anything like an Allen charge or even a

10   pre-Allen charge.  At this point the jury has been deliberating

11   about 24, well, a little more than a day.  So we think that's

12   premature.

13         The paragraphs that are important would remind them as

14   follows, quote, "Each of you must decide the case for yourself,

15   but you should do so only after you have considered all of the

16   evidence, discussed it fully with the other jurors, and

17   listened to the views of your fellow jurors.

18         Do not be afraid to change your opinion if the

19   discussion persuades you that you should.  But do not come to a

20   decision simply because other jurors think it is right.

21         It is important that you attempt to reach a unanimous

22   verdict but, of course, only if each of you can do so after

23   having made your own conscientious decision.  Do not change an

24   honest belief about the weight and effect of the evidence

25   simply to reach a verdict."

|   |   |   |
|---|---|---|
| 1 | And that is certainly a good way to answering this | |
| 2 | question.  The other part of the question is:  What happens if | |
| 3 | you don't reach a unanimous verdict?  I'm not quite sure how | |
| 4 | that should be answered, and at this point it may not -- it may | |
| 5 | not be necessary to even give a direct answer to that part of | 13:42:41 |
| 6 | the question, Your Honor. | |
| 7 | THE COURT:  Well, I think, not trying to read into the | |
| 8 | question, I think it's simply a way that if they are deadlocked | |
| 9 | as to one of the numerous counts that are charged, that they | |
| 10 | continue to work through the others essentially. | 13:43:01 |
| 11 | MR. EISENBERG:  I would agree with that. | |
| 12 | THE COURT:  So that's the reason I added that last | |
| 13 | sentence in. | |
| 14 | So your proposal is essentially just reminding them of | |
| 15 | the paragraphs on page 18 that begin with, "Each of you must | 13:43:18 |
| 16 | decide," "Do not be afraid to change your opinion," and "It is | |
| 17 | important that you attempt to reach a unanimous verdict." | |
| 18 | MR. EISENBERG:  Your Honor, also, I just noticed way | |
| 19 | down at the bottom, the Court reminds the jury of, "It is your | |
| 20 | duty as jurors to consult with one another and to deliberate | 13:43:43 |
| 21 | with one another with a view towards reaching an agreement if | |
| 22 | you can do so." | |
| 23 | THE COURT:  I need a -- excuse me, I need a break. | |
| 24 | COURTROOM DEPUTY:  All rise. | |
| 25 | (Recess was taken at 1:44 p.m.) | 13:44:06 |

| | | |
|---|---|---|
| 1 | MS. RICHTER:  Judge probably needs another five | |
| 2 | minutes just to make sure her voice comes back. | |
| 3 | MR. EISENBERG:  I hope it wasn't anything I said. | |
| 4 | MS. RICHTER:  She proposes, though, that if the | |
| 5 | parties can talk together about Mr. Eisenberg's proposal and | 13:48:28 |
| 6 | what she has proposed, and if you guys can reach a consensus on | |
| 7 | that, that might be helpful.  She'll be back in five. | |
| 8 | (A recess was taken at 1:48 p.m.) | |
| 9 | (Proceedings reconvened at 1:53 p.m.) | |
| 10 | THE COURT:  All right.  Thank you.  I've been fighting | 13:53:30 |
| 11 | a little bit of a throat issue, but I assure you it's not | |
| 12 | COVID. | |
| 13 | At any event, what have you come to determine? | |
| 14 | MR. RAPP:  I think the parties have reached an | |
| 15 | agreement that the jury should be just referred back to page 18 | 13:53:52 |
| 16 | of the jury instructions. | |
| 17 | MR. EISENBERG:  And we agree with that, Your Honor, | |
| 18 | can be referred back in its entirety. | |
| 19 | THE COURT:  Do you have any thought as to also | |
| 20 | referring them back to page 16, which is the separate | 13:54:27 |
| 21 | consideration of each count? | |
| 22 | MR. RAPP:  We don't have an objection to that as well. | |
| 23 | MR. EISENBERG:  Excuse me, Your Honor, we do object to | |
| 24 | that because we believe that it could put an emphasis on, an | |
| 25 | overemphasis on trying to come to a decision with respect to, | 13:54:49 |

1    let's say, a conspiracy count.  I'm not sure it's even
2    necessary at this point, and it's -- I think going to page 18
3    in its entirety is exactly what the jury should hear.
4            MR. LINCENBERG:  And Your Honor, I think our view is
5    the Court doesn't need to reread it.  Just send a note back or
6    something referring them to page 18.
7            THE COURT:  Well, I guess, the only reason I think
8    referring them also to page 16 is because the question is as to
9    "on a count."
10           MR. EISENBERG:  You know, Your Honor, that's the way
11   you could read it initially, but then, and I am not being
12   critical of syntax or anything like that, it could also be read
13   to read to reach "on any count" and not "a count," or "a lot of
14   counts" or "very few counts."  That's partly where the
15   confusion comes in.  And the juror, of course, doesn't
16   reference a particular count.  It's just what do you do when
17   you can't reach a verdict on counts, and I think it's premature
18   to go beyond page 18.
19           MR. RAPP:  Well --
20           THE COURT:  But I guess I'm a little bit, I guess,
21   confused because the jury instructions are as they are, and 16
22   is part of that as to the individual counts.
23           Mr. Rapp, you wanted to say something?
24           MR. RAPP:  We really do think that they should be
25   referred to 16.  Now even in light of what defense says, 16

1  actually answers their question under any interpretation of the
2  juror question, or not answers it, but gives them guidance on
3  it.  So we think if you refer page 16 and 18 without overly
4  emphasizing any portion of the instructions on those pages,
5  that should answer their question holistically.                                    13:57:06
6          MR. EISENBERG:  If that is the case then, Your Honor,
7  it shouldn't be read to the jury 'cause it stands out.  If
8  that's what the Court is going to do, I don't think it's
9  necessary, then referring them simply to pages 16 and --
10         THE COURT:  Oh, yes, that's what I intended to do        13:57:24
11 because I have to handwrite this.  I'm not going to rewrite the
12 instruction.  I would just refer to them back to the jury
13 instructions at page 16 and 18, and that's all I would say.
14         MR. EISENBERG:  Is that -- we may have another view on
15 this, Your Honor, from a different counsel.                      13:57:49
16         MR. LINCENBERG:  Your Honor, just reporting from the
17 group, we still object to rereading 16.  We don't think it's
18 appropriate.  It's -- we just don't know what this note means,
19 and we think it could just unduly emphasize one thing over
20 another as to whether it's Count 1, go on to Count 2, or if      13:58:26
21 they reached a verdict on every count except one.  So for that
22 reason we object to referring them to page 16 again.
23         THE COURT:  All right.  Well, I'm going to refer them
24 to page -- jury instructions at page 16 and 18 because I do
25 think it's important for them to be reminded that their verdict  13:58:52

1  on any count as to any defendant should not control their
2  verdict on any other count, and so I'll refer them back to 16,
3  page 16 and 18 of the jury instructions.
4          So my answer will read:  The Court refers you to pages
5  16 and 18 -- refers you back to pages 16 and 18 of the jury         13:59:17
6  instructions.
7          And that will be the entirety of the answer.  All
8  right.  Let me just inquire, I think, is Mr. Panchapakesan
9  still on the call?
10         MR. PANCHAPAKESAN:  I am, Your Honor.                       13:59:45
11         THE COURT:  And I know we don't possibly have
12 Mr. Boyle, but have those filings been entered or have you
13 submitted anything to my chambers?
14         MR. PANCHAPAKESAN:  My understanding, Your Honor, is
15 that the government yesterday submitted their position on the       14:00:01
16 retention of the jury.  They shared a draft with us yesterday
17 evening and then we responded this morning with our position.
18         And then with respect to the verdict form, we intend
19 on -- and what that verdict form entails -- we intend to file
20 something on that by the close of business today.                   14:00:26
21         THE COURT:  All right. Why don't we, just because I
22 don't know how quickly or deliberately they will be working,
23 why don't we set a tentative time to meet, and we can do that
24 virtually by tomorrow at 10:00 so that I'll have some ability
25 to review whatever it is that you filed.  I think I've come to      14:00:49

```
 1   some understanding of how we should proceed, but I want to make
 2   sure that I get your views on that with regard to forfeiture,
 3   should that occur.
 4           I think we have the ability to do a 10:00?  Okay.  All
 5   right.  We'll set that up for you.                                  14:01:11
 6           MR. PANCHAPAKESAN:  Thank you.
 7           THE COURT:  Okay.  There being nothing further, would
 8   you please return the questions back to my law clerk?  And I
 9   will submit this to the jury.
10           (Recess was taken at 2:01 p.m.)                             14:01:46
```

**C E R T I F I C A T E**

I, HILDA E. LOPEZ, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 9th day of November, 2023.

s/Hilda E. Lopez_____
HILDA E. LOPEZ, RMR, FCRR