☒ FILED   ☐ LODGED

**Nov 16 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-DJH |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

The Court administered the following jury instructions to assist the jury in its deliberations in this case.

Dated this 16th day of November, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

The indictment is not evidence.  Defendants have pleaded not guilty to the charges. Each defendant is presumed to be innocent unless and until the United States proves the defendant guilty beyond a reasonable doubt.  In addition, none of the defendants have to testify or present any evidence.  The defendants do not have to prove innocence; the United States has the burden of proving every element of the charges beyond a reasonable doubt.

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

2    such as testimony by a witness about what that witness personally saw or heard or did.

3    Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from

4    which you can find another fact.

5    You are to consider both direct and circumstantial evidence.  Either can be used to

6    prove any fact.  The law makes no distinction between the weight to be given to either

7    direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8    evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You have heard evidence that Carl Ferrer, a witness, made prior statements under oath that were inconsistent with his testimony at trial.  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

1    You have heard testimony from Carl Ferrer and Dan Hyer, witnesses who received

2  favored treatment from the government in connection with this case and pleaded guilty to a

3  crime arising out of the same events for which the defendants are on trial.  These guilty pleas

4  are not evidence against the defendants, and you may consider Carl Ferrer and Dan Hyer's

5  pleas only in determining their believability.

6    For these reasons, in evaluating the testimony of Carl Ferrer and Dan Hyer, you

7  should consider the extent to which or whether their testimony may have been influenced by

8  their pleas.  In addition, you should examine the testimony of Carl Ferrer and Dan Hyer with

9  greater caution than that of other witnesses.

You have heard testimony from Kimberly Mehlman-Orozco, who testified about her opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1       During the trial, certain charts and summaries were shown to you to help explain

2 the evidence in the case.  These charts and summaries were not admitted into evidence and

3 will not go into the jury room with you.  They are not themselves evidence or proof of any

4 facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case,

5 you should disregard these charts and summaries and determine the facts from the

6 underlying evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant and count.

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1    When you begin your deliberations, elect one member of the jury as your foreperson

2 who will preside over the deliberations and speak for you here in court.

3    You will then discuss the case with your fellow jurors to reach agreement if you can

4 do so.  Your verdict, whether guilty or not guilty, must be unanimous.

5    Each of you must decide the case for yourself, but you should do so only after you

6 have considered all the evidence, discussed it fully with the other jurors, and listened to the

7 views of your fellow jurors.

8    Do not be afraid to change your opinion if the discussion persuades you that you

9 should. But do not come to a decision simply because other jurors think it is right.

10    It is important that you attempt to reach a unanimous verdict but, of course, only if

11 each of you can do so after having made your own conscientious decision.  Do not change

12 an honest belief about the weight and effect of the evidence simply to reach a verdict.

13    Perform these duties fairly and impartially.  You should also not be influenced by

14 any person's race, color, religious beliefs, national ancestry, sexual orientation, gender

15 identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced

16 by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including

17 unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that

18 people may consciously reject but may be expressed without conscious awareness, control,

19 or intention.

20    It is your duty as jurors to consult with one another and to deliberate with one

21 another with a view towards reaching an agreement if you can do so.  During your

22 deliberations, you should not hesitate to reexamine your own views and change your

23 opinion if you become persuaded that it is wrong.

24

25

26

27

28

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings , and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1    The defendants are charged in Count 1 of the indictment with conspiring to violate
2  the Travel Act in violation of Section 1952(a)(3)(A) of Title 18 of the United States Code.
3  For a defendant to be found guilty of that charge, the United States must prove each of the
4  following elements beyond a reasonable doubt with respect to that defendant:

5    First, beginning in or around 2004, and ending on or about April 2018, there was an
6  agreement between two or more persons to commit at least one Travel Act offense as
7  charged in Counts 2-51 of the indictment by promoting,  or facilitating the promotion of, a
8  business enterprise or enterprises involving prostitution offenses in violation of the laws of
9  the State in which they were committed, in violation of 18 U.S.C. § 1952(a)(3)(A) and
10  § 1952(b)(i)(1);

11    Second, the defendant became a member of the conspiracy knowing of at least one
12  of its objects and intending to help accomplish it; and

13    Third, one of the members of the conspiracy performed at least one overt act on or
14  after March 28, 2013, for the purpose of carrying out the conspiracy.

15    A conspiracy is a kind of criminal partnership—an agreement of two or more
16  persons to commit one or more crimes. The crime of conspiracy is the agreement to do
17  something unlawful; it does not matter whether the crime agreed upon was committed.

18    For a conspiracy to have existed, it is not necessary that the conspirators made a
19  formal agreement or that they agreed on every detail of the conspiracy. It is not enough,
20  however, that they simply met, discussed matters of common interest, acted in similar
21  ways, or perhaps helped one another. You must find that there was a plan to commit at
22  least one of the crimes alleged in the indictment as an object of the conspiracy with all of
23  you agreeing as to the particular crime, *i.e.* the Travel Act violations, which the
24  conspirators agreed to commit.

25    One becomes a member of a conspiracy by willfully participating in the unlawful
26  plan with the intent to advance or further some object or purpose of the conspiracy, even
27  though the person does not have full knowledge of all the details of the conspiracy.
28  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the

originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The United States is not required to prove that the defendant personally did one of the overt acts.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with every other defendant or every other conspirator in the overall scheme, that defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that a defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that a defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that a defendant had reason to believe that whatever benefits the defendant might get from the conspiracy probably were dependent upon the success of the entire enterprise.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of committing a Travel Act crime as charged in Counts 2-51 of the indictment if the United States has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed a Travel Act offense alleged in one of the Counts;

Second, that person was a member of the conspiracy charged in Count 1 of the indictment;

Third, that person committed the Travel Act offense in furtherance of the conspiracy;

Fourth, a defendant was a member of the same conspiracy at the time the Travel Act offense was committed; and

Fifth, that Travel Act offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of committing a Concealment Money Laundering crime as charged in Counts 53-62 of the indictment if the United States has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed a Concealment Money Laundering offense alleged in one of the Counts;

Second, that person was a member of the conspiracy charged in Count 52 of the indictment;

Third, that person committed the Concealment Money Laundering offense in furtherance of the conspiracy;

Fourth, a defendant was a member of the same conspiracy at the time the Concealment Money Laundering offense was committed; and

Fifth, the Concealment Money Laundering offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of committing an International Promotional Money Laundering crime as charged in Counts 63-68 of the indictment if the United States has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed an International Promotional  Money Laundering offense alleged in one of the Counts;

Second, that person was a member of the conspiracy charged in Count 52 of the indictment;

Third, that person committed the International Promotional Money Laundering offense in furtherance of the conspiracy;

Fourth, a defendant was a member of the same conspiracy at the time the International Promotional Money Laundering offense was committed; and

Fifth, the International Promotional Money Laundering offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

The defendants are charged in Counts 2-51 of the indictment with violating Section 1952(a)(3) of Title 18 of the United States Code, a statute also referred to as "the Travel Act." In order for the defendants to be found guilty of Counts 2-51, the United States must prove, for each count, the following elements beyond a reasonable doubt:

First, the defendant used any facility in interstate commerce with the specific intent to promote or facilitate the promotion of any business enterprise involving prostitution offenses in violation of the laws of the State in which they are committed (as specified below), and

Second, after doing so the defendant performed an act that did promote or facilitate the promotion, of any business enterprise involving prostitution offenses, specifically, by publishing on Backpage.com the ads listed in Counts 2-51 of the indictment.

To prove specific intent, the government must establish that each defendant in some significant manner associated himself or herself with the purpose of promoting or facilitating the promotion of any business enterprise involving prostitution offenses that the defendant knew to be unlawful under state law.

In the context of this Travel Act case, the terms to "promote" or "facilitate the promotion of" means intentionally helping someone else commit a prostitution offense in violation of state law.

The phrase "Business enterprise," means a continuous course of criminal conduct, that is, engaging or planning to engage in two or more violations of law, rather than a sporadic, casual, individual, or isolated violation.

The phrase "uses any facility in interstate commerce" as used in the Travel Act, 18 U.S.C. § 1952(a), means employing or utilizing any method of communication or transportation between one state and another, and includes, for example, the use of telephones, mails, and the Internet.

1    <u>Counts 2, 4, 27, 29-30, 33, 35, 37, 40 and 43</u> concern prostitution offenses in

2    violation of the laws of the State of Massachusetts.  A prostitution offense in Massachusetts

3    occurs when:

4         (1) A person engaged, agreed to engage, or offered to engage, in sexual conduct

5             with another person; and

6         (2)  The sexual conduct was, or was to be, done in return for a fee.

7    The term "sexual conduct" includes sexual intercourse; anal intercourse; fellatio, or

8    oral sex involving contact between the mouth of one person and the penis of another

9    person; cunnilingus, or oral sex involving contact between the mouth of one person and

10   the female sex organs—the vagina, vulva or labia—of another person; masturbation of

11   another person; or any intrusion of a part of one person's body or some other object into

12   the genital or anal opening of another person's body.

13

14        <u>Counts 3, 6-11, 18, 25-26, and 28</u> concern prostitution offenses in violation of the

15   laws of the State of Washington.  A prostitution offense in Washington  occurs when:

16        (1) A person engaged, agreed to engage, or offered to engage in sexual conduct with

17            another person; and

18        (2) The sexual conduct, agreement, or offer was in return for a fee.

19   "Sexual conduct" means sexual contact or sexual intercourse.  "Sexual contact"

20   means any touching of the sexual or other intimate parts of a person done for the purpose

21   of gratifying sexual desire of either party or a third party.  "Sexual intercourse" means that

22   the sexual organ of the male entered and penetrated the sexual organ of the female and

23   occurs upon any penetration, however slight, or any penetration of the vagina or anus

24   however slight, by an object, when committed on one person by another, whether such

25   persons are of the same or opposite sex, or any act of sexual contact between persons

26   involving the sex organs of one person and the mouth or anus of another whether such

27   persons are of the same or opposite sex.

28

Counts 14-15, 21-22, and 31 concern prostitution offenses in violation of the laws of the State of Arizona. A prostitution offense in Arizona occurs when:

A person knowingly engaged, agreed, or offered to engage in sexual conduct with another person under a fee arrangement with any person for money or any other valuable consideration.

"Sexual conduct" means sexual contact, sexual intercourse, oral sexual contact, or sadomasochistic abuse.

"Sexual contact" means any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast.

"Sexual intercourse" means penetration into the penis, vulva or anus by any part of the body or by an object.

"Oral sexual contact" means oral contact with the penis, vulva or anus.

"Sadomasochistic abuse" means flagellation or torture by or on a person who is nude or clad in undergarments or in revealing or bizarre costume or the condition of being fettered, bound or otherwise physically restrained on the part of one so clothed.

Counts 12-13, 23, and 34 concern prostitution offenses in violation of the laws of the State of California.  A prostitution offense in California occurs when:

An individual solicits, or agrees to engage in, or engages in, any act of prostitution with the intent to receive compensation, money, or anything of value from another person.

An act of prostitution occurs when a person has sexual intercourse or does a lewd act with someone else in exchange for money or other compensation.  A lewd act means touching the genitals, buttocks, or female breast of either the prostitute or customer with some part of the other person's body for the purpose of sexual arousal or gratification.

Counts 45-47 and 51 concern prostitution offenses in violation of the laws of the State of New York.  A prostitution offense in New York occurs when:

A person engaged, agreed, or offered to engage, in sexual conduct with another

person for a fee.

Counts 19-20 and 50 concern prostitution offenses in violation of the laws of the State of Texas.  A prostitution offense in Texas occurs when:

A person knowingly offers or agrees to receive a fee from another to engage in sexual conduct.

"Sexual conduct" includes deviate sexual intercourse, sexual contact, and sexual intercourse.

"Sexual intercourse" means any penetration of the female sex organ by the male sex organ.

"Sexual contact" means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

"Fee" means the payment or offer of payment in the form of money, goods, services, or other benefit.

"Deviate sexual intercourse" means any contact between the genitals of one person and the mouth or anus of another person.

A person acts knowingly, or with knowledge, with respect to the nature of his/her conduct or to circumstances surrounding his/her conduct when he/she is aware of the nature of his/her conduct or that the circumstances exist.

Counts 16-17 concern prostitution offenses in violation of the laws of the State of Colorado.  A prostitution offense occurs in Colorado when:

A person performed, offered, or agreed to perform, any act of sexual intercourse, fellatio, cunnilingus, masturbation, or anal intercourse, with any person who was not his or her spouse, in exchange for money or other thing of value.

Or when:

A person solicited another for the purpose of prostitution.

Colorado law provides the following definitions:

"Anal intercourse" means contact between human beings of the genital organs of one and the anus of another.

"Fellatio" means any act of oral stimulation of the penis.

"Cunnilingus" means any act of oral stimulation of the vulva or clitoris.

"Masturbation" means stimulation of the genital organs by manual or other bodily contact exclusive of sexual intercourse.

"Thing of value" includes real property, tangible and intangible personal property, contract rights, choses in action, services, confidential information, medical records information, and any rights of use or enjoyment connected therewith.

Counts 38 and 42 concern prostitution offenses in violation of the laws of the State of Ohio.  A prostitution offense occurs in Ohio when:

A person engaged in sexual activity for hire.

Or when:

A person recklessly induces, entices, or procures another to engage in sexual activity for hire in exchange for the person giving anything of value to the other person.

Ohio law provides the following definitions:

"Sexual activity" means sexual conduct or sexual contact, or both.

"Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another.  Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

"Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

"For hire" means for pay or compensation.

Counts 36 and 49 concern prostitution offenses in violation of the laws of the State of Nevada.   A prostitution offense in Nevada occurs when:

A person engaged in prostitution or solicitation therefor, except in a licensed house of prostitution.

"Prostitution" means engaging in sexual conduct with another person in return for a fee, monetary consideration or other thing of value.

"Sexual conduct" means sexual intercourse, oral-genital contact or any touching of the sexual organs or other intimate parts of a person for the purpose of arousing or gratifying the sexual desire of either person.

Counts 24 and 44 concern prostitution offenses in violation of the laws of the State of Michigan.  A prostitution offense in Michigan occurs when:

A person engaged or offered to engage the services of another person, not his or her spouse, for the purpose of prostitution, lewdness, or assignation, by the payment in money or other forms of consideration.

Count 32 concerns prostitution offenses in violation of the laws of the State of Louisiana.  A prostitution offense in Louisiana occurs when:

A person engaged in indiscriminate sexual intercourse for compensation, or solicited another with the intent to engage in indiscriminate sexual intercourse for compensation.

"Sexual intercourse" means anal, oral, or vaginal sexual intercourse.

Count 48 concerns prostitution offenses in violation of the laws of the State of Florida.  A prostitution offense in Florida occurs when:

A person offered to commit, committed, or engaged in prostitution, lewdness, or assignation.

-OR-

A person solicited, induced, enticed, or procured another to commit prostitution, lewdness, or assignation.

"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.

"Lewdness" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.

"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.

"Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.

To "solicit" means to command, encourage, hire, or request another person to engage in specific conduct.

To "procure" means to persuade, induce, prevail upon or cause a person to do something.

Count 39 concerns prostitution offenses in violation of the laws of the State of Alabama.  A prostitution offense in Alabama occurs under any of the following:

(1)     A person commits an act of prostitution, which is .  any natural or unnatural sexual act, sodomy, or sexual contact for monetary consideration or other thing of value.

(2)     A person solicited, compelled, or coerced any person to have sexual intercourse or participate in any natural or unnatural sexual act, deviant sexual intercourse, or sexual contact for monetary consideration or other thing of marketable value.

(3)     A person agreed to engage in sexual intercourse, deviant sexual intercourse, or sexual contact with another or participate in the act for monetary consideration or other thing of marketable value and give or accept monetary consideration or other thing of value in furtherance of the agreement.

(4)     A person knowingly did any of the following:

    a)  Caused or aided a person to commit or engage in prostitution.

    b)  Procured or solicited patrons for prostitution.

    c)  Provided persons or premises for prostitution purposes.

    d)  Received or accepted money or other thing of value pursuant to a prior agreement with any person whereby he or she participated or is to participate in the proceeds of any prostitution activity.

    e)  Operated or assisted in the operation of a house of prostitution or a prostitution enterprise.

Count 41 concerns prostitution offenses in violation of the laws of the State of Arkansas.  A prostitution offense in Arkansas occurs when:

A person engaged in, agreed, or offered to engage in sexual activity with any other person in return for or in expectation of a fee.

"Sexual activity" means sexual intercourse, deviate sexual activity, or sexual contact.

"Sexual intercourse" means penetration, however slight, of the labia majora by a penis.

"Deviate sexual activity" means any act of sexual gratification involving: (A) the penetration, however slight, of the anus or mouth of a person by the penis of another person; or (B) the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person.

"Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female.

Count 5 concerns prostitution offenses in violation of the laws of the State of Maine. A prostitution offense in Maine occurs when:

- 37 -

A person engages in, or agrees to engage in, or offers to engage in a sexual act or sexual contact in return for a pecuniary benefit to be received by the person engaging in prostitution or a 3rd person.

"Sexual act" means: (1) Any act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other; (2) Any act between a person and an animal being used by another person which act involves direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other; or (3) Any act involving direct physical contact between the genitals or anus of one and an instrument or device manipulated by another person when that act is done for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact.

"Sexual contact" means any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact.

The United States does not have to prove that the referenced states' laws were actually violated, only that each defendant had intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any business enterprise involving prostitution offenses in violation of state law, and committed a subsequent overt act in furtherance of the unlawful activity.

Defendants are charged with violating the Travel Act by facilitating state-law prostitution offenses, conspiracy to violate the Travel Act, and money laundering. Although some testimony and evidence in the trial occasionally may refer to "human trafficking," "sex trafficking," or "child sex trafficking," no defendant is charged with crimes of "human trafficking," "sex trafficking," or "child sex trafficking" or with facilitating those crimes. So, you should not conclude from any use of those terms during the trial that any defendant has been charged with a trafficking crime or facilitating a trafficking crime.

Defendants Lacey, Spear, and Brunst are charged in Counts 53-62 of the indictment with Concealment Money Laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.  For a defendant to be found guilty of that charge, the United States must prove, for each Count, each of the following elements beyond a reasonable doubt with respect to that defendant:

First, the defendant conducted a financial transaction involving property that represented the proceeds of a violation or violations of the Travel Act;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the Travel Act violation(s).

A financial transaction is a transaction involving the movement of funds by wire or other means that affects interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that violating the Travel Act is a felony.

Defendants Lacey, Brunst, and Spear are charged in Counts 63–68 of the indictment with transporting funds to promote unlawful activity in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code.  For a defendant to be found guilty of that charge, the United States must prove, for each Count, each of the following elements beyond a reasonable doubt with respect to that defendant:

First, the defendant transported money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; and

Second, the defendant acted with the intent to promote a violation of the Travel Act.

Defendant Lacey is charged in Count 100 of the indictment with transporting money for the purpose of laundering in violation of Section 1956(a)(2)(B) of Title 18 of the United States Code.  For defendant Lacey to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

First, defendant Lacey transported money from a place in the United States to or through a place outside the United States;

Second, defendant Lacey knew that the money represents the proceeds of a violation or violations of the Travel Act; and

Third, defendant Lacey knew the transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the Travel Act violation(s) or to avoid a transaction reporting requirement under state or federal law.

1    Defendant Lacey is charged in Counts 69-70, 81, 83-84, 86, 88-92, and 94-99;
2  Defendant Spear is charged in Counts 71-78, 85, and 93; and Defendant Brunst is charged
3  in Counts 69-70, 78-84, and 86-93 of the indictment with transactional money laundering
4  in violation of Section 1957 of Title 18 of the United States Code.  For a defendant to be
5  found guilty of that charge, the United States must prove, for each Count, each of the
6  following elements beyond a reasonable doubt with respect to that defendant:

7    First, the defendant knowingly engaged in a monetary transaction.  An act is done
8  knowingly if the defendant is aware of the act, and does not act or fail to act through
9  ignorance, mistake, or accident.  You may consider evidence of the defendants' words,
10  acts, or omissions, along with all the other evidence, in deciding whether the defendant
11  acted knowingly;

12    Second, the defendant knew the transaction involved criminally derived property;
13    Third, the property had a value greater than $10,000;
14    Fourth, the property was, in fact, derived from violations of the Travel Act; and
15    Fifth, the transaction occurred in the United States.

16    The term "monetary transaction" means the deposit, withdrawal, transfer, or
17  exchange, in or affecting interstate commerce, of funds or a monetary instrument by,
18  through, or to a financial institution.

19    The term "financial institution" means an insured bank, commercial bank, or credit
20  union.

21    The term "criminally derived property" means any property constituting, or derived
22  from, the proceeds obtained from a criminal offense.

23    The United States must prove that each defendant knew that the property involved
24  in the monetary transaction constituted, or was derived from, proceeds obtained by some
25  criminal offense.  The United States does not have to prove that each defendant knew the
26  precise nature of that criminal offense, or knew the property involved in the transaction
27  represented the proceeds of a violation of the Travel Act.

28    Although the United States must prove that, of the property at issue, more than

$10,000 was criminally derived, the United States does not have to prove that all the property at issue was criminally derived.

Defendants Lacey, Spear, and Brunst are charged in Count 52 the indictment with money laundering conspiracy in violation of Section 1956(h) of Title 18 of the United States Code.  For a defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt with respect to that defendant:

First, there was an agreement to commit money laundering;

Second, the defendant knew the objective of the agreement;

Third, the defendant joined the agreement with the intent to further its unlawful purpose.

1    The government has the burden to prove beyond a reasonable doubt that a defendant

2   acted with criminal intent and did not act in good faith.  "Good faith" encompasses a belief

3   or opinion honestly held and an absence of malice or ill will.  If a defendant carries out his

4   or her actions in good faith, there is no criminal intent.  A person who acts on a belief or

5   an opinion honestly held is not punishable under the charges in the indictment merely

6   because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  If the

7   government fails to meet its burden to prove a defendant lacked good faith, you must return

8   a not guilty verdict.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

All speech is presumptively protected by the First Amendment to the United States Constitution.  However, the First Amendment does not protect speech that proposes an illegal transaction.  Prostitution is illegal in 49 states and most of Nevada.  It is the government's burden to establish that each of the ads alleged in this case is an ad for prostitution and not for another purpose such as an ad for an escort, dating or massage service.  If you find that an ad proposes an illegal transaction, it is not protected by the First Amendment.