IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America**<br><br>v.<br><br>**John Brunst** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>**No. CR-18-00422-004-PHX-DJH**<br><br>Gary S. Lincenberg (Retained)<br>Gopi K. Panchapakesan (Retained)<br>Attorney for Defendant |

USM#: 91635-408

**THERE WAS A VERDICT OF** guilty on 11/16/2023 as to Counts 1, 52, 53-62, and 64-68 of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §371, Conspiracy, a Class D Felony offense, as charged in Count 1 of the Superseding Indictment; Title 18, U.S.C. §1956(h), Conspiracy to Commit Money Laundering, a Class C Felony offense, as charged in Count 52 of the Superseding Indictment; Title 18, U.S.C. §1956(a)(1)(B)(i), Concealment Money Laundering, a Class C Felony offense, as charged in Counts 53-62 of the Superseding Indictment; Title 18, U.S.C. §1956(a)(2)(A), International Promotional Money Laundering, a Class C Felony offense, as charged in Counts 64-68 of the Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **ONE HUNDRED TWENTY (120) MONTHS**, which consists of **SIXTY (60) MONTHS** on Count 1 and **SIXTY (60) MONTHS** on Count 52, and **SIXTY (60) MONTHS** on Counts 53-62 and **SIXTY (60) MONTHS** on Counts 64-68. Counts 52, 53-62, and 64-68 shall run concurrent to each other but consecutive to Count 1. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS**, which consists of **THREE (3) YEARS** on Counts 1, 52-62, and 64-68, said counts to run concurrently.

The Court recommends that the defendant be placed in an institution or satellite with no higher than a medium security classification in or near Arizona.

The Court provides notice that the Defendant was not convicted of any offense under Chapters 109A (18 U.S.C. §§ 2241-2247) or 110 (18 U.S.C. §§ 2251- 2252C).

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $1,700.00   **FINE:** $50,000.00   **RESTITUTION:** TBD

Case 2:18-cr-00422-DJH   Document 2193   Filed 09/04/24   Page 2 of 5

CR-18-00422-004-PHX-DJH                                                                Page 2 of 5
USA vs. John Brunst

The defendant shall pay a special assessment of $1,700.00 which shall be due immediately.
The defendant shall pay a total of $51,700.00 in criminal monetary penalties, due immediately.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $1,900.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 52, 53-62, and 64-68 of the Superseding Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

The drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to

Case 2:18-cr-00422-DJH   Document 2193   Filed 09/04/24   Page 3 of 5

CR-18-00422-004-PHX-DJH                                                    Page 3 of 5
USA vs. John Brunst

    reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

8) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

9) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (<u>i.e.</u>, anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

10) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

11) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

12) You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1) You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people

Case 2:18-cr-00422-DJH   Document 2193   Filed 09/04/24   Page 4 of 5

CR-18-00422-004-PHX-DJH                                                                   Page 4 of 5
USA vs. John Brunst

who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. Failure to submit to a search may be ground for revocation of release. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. You must consent to and cooperate with the seizure and removal of any hardware and/or data storage media for further analysis by law enforcement or the probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct. Any search will be conducted at a reasonable time and in a reasonable manner.

2) You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

3) You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4) You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts over $500.00 without the prior approval of the probation officer.

5) You must cooperate in the collection of DNA as directed by the probation officer.

6) You must not communicate or otherwise interact with any of the coconspirators without first obtaining the permission of the probation officer.

7) You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution.

8) You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines or special assessments.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL BY FILING A NOTICE OF APPEAL IN WRITING WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the defendant be placed in an institution or satellite camp with no higher than a medium security classification in or near Arizona.

The defendant shall self-surrender for service of sentence at the institution designated by the Bureau of Prisons or United States Marshal by 12:00 PM on September 27, 2024.

CR-18-00422-004-PHX-DJH                                                                Page 5 of 5
USA vs. John Brunst

Date of Imposition of Sentence: **Wednesday, August 28, 2024**

Dated this 3rd day of September, 2024.

                                                                 Honorable Diane J. Humetewa
                                                                 United States District Judge

**RETURN**

I have executed this Judgment as follows: _____

defendant delivered on _____ to _____ at _____, the institution
designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

_____     By:   _____
United States Marshal                                                       Deputy Marshal

CR-18-00422-004-PHX-DJH- Brunst